Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GEORGIA-PACIFIC LLC,<br>    Plaintiff,<br>v.<br>OFFICEMAX INCORPORATED and BOISE CASCADE, L.L.C.,<br>    Defendants.<br>_____<br>AND RELATED COUNTERCLAIMS | CASE NO.: 12-02797 RS<br><br>**[PROPOSED] JOINT PLAN REGARDING ELECTRONIC PRODUCTION OF HARD COPY DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**<br><br>Judge: Hon. Richard Seeborg<br><br>Complaint Filed:    May 31, 2012<br>Amd. Complaint Filed:  June 4, 2012<br>3P Complaint Filed:    Aug. 30, 2012<br>1st Amd. 3P Cplt. Filed: Oct. 31, 2012 |
| OFFICEMAX INCORPORATED and BOISE CASCADE, L.L.C.,<br>    Third Party Plaintiffs,<br>v.<br>LOUISIANA-PACIFIC CORPORATION, THE CITY OF FORT BRAGG, and DOES 1-10 inclusive,<br>    Third-Party Defendants.<br>_____<br>AND RELATED COUNTERCLAIMS | |

("[PROPOSED]" shown with strikethrough)

Pursuant to Rule 26(f), the parties enter into this Joint Plan regarding Production of Hard Copy Documents and Electronically Stored Information ("ESI"). The Parties agree that this joint plan for ESI production may be appended to the Rule 26(f) Report.

**A.     Electronic Production of Hard Copy Documents.**

1.     The Parties agree that documents existing in hard copy form should be produced in single-page Group IV, 300-dpi TIFF format and accompanied by an Opticon and IPRO load file (or other generally acceptable load file format). Each TIFF file will be given a unique file name that matches the Bates number label on the corresponding page. The accompanying load file shall contain (a) ProdBeg, (b) ProdEnd, (c) BegAttach, (d) EndAttach, and (e) custodian name. The full extracted or OCR text should be included and produced at a document level and located in the same folder as their respective document image or OCR/TEXT folder.

2.     In scanning hard copy documents, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records *(i.e.,* paper documents should be logically unitized). The Parties will undertake best efforts to unitize documents correctly.

3.     Text of hard copy documents shall be extracted using industry-standard OCR technology. Text files shall not contain the redacted portions of the documents.

4.     Documents containing color shall, to the extent reasonably possible be produced in color. However, the producing party has the option to request that parties seeking copies of documents containing color pay the additional cost of such production.

5.     The Parties agree that this Joint Agreement governs only the format of electronic production of documents, and does not preclude a request for the production of documents by inspection of hard copy documents as they are kept in the usual course of business.

1

[PROPOSED] JOINT PLAN RE ELECTRONIC PRODUCTION OF HARD COPY
DOCUMENTS AND ELECTRONICALLY STORED INFORMATION
CASE NO. 12-02797 RS

### B. Production of ESI

6. The Parties agree that, except as provided herein, ESI shall be produced in single-page Group IV TIFF, 300-dpi format and accompanied by an Opticon and IPRO load file (or other generally acceptable load file format) that contains document boundaries. Each TIFF file shall be given a unique file name that matches the Bates number label on the corresponding page.

7. The Parties agree that certain fields of metadata shall be preserved, collected, and produced. The extracted text from electronic documents shall be provided in a metadata text field. Metadata information should be produced in the Concordance DAT file format. The DAT file shall provide, where reasonably available and transferable, the following metadata fields for both email and non-email electronic files: source ("Source" fields shall be populated in a way that identifies the original location or custodian of the data, or with information reasonably sufficient to allow for authentication of the record. It is distinguished from "filepath" fields which specify unique locations in file systems), document type (indicating whether the document is an email, an email attachment or a file) hash value (see description below), date created, date modified, date accessed filepath and filename, page count, file size, file extension, beginning and ending bates numbers, attachment range, and native path link. To the extent reasonably available and transferable, e-mail will have the additional metadata: date sent, date received, to, from, cc, bcc, and subject. Other "embedded metadata" need not be produced, but the Parties reserve all rights in the future to seek, with respect to specific documents, any metadata not produced by the other Party.

8. Common system and program files (including those defined by the NIST library (http://www.nsrl.nist.gov/), those commonly used by e-discovery vendors to exclude system, non-content bearing files (e.g., logos, web page icons and lines) and

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

program files) need not be processed, reviewed or produced. Additional files may be added to the list of excluded files by agreement of the Parties.

9. Each of the metadata and coding fields set forth in Paragraph 7, to the extent that they are available for extraction, shall be extracted and produced for that document. The Parties are not obligated to populate manually any of the fields in Paragraph 7 if such fields cannot be reasonably extracted from a document, with the exception of the beginning and ending Bates numbers, the attachment range, and the custodian, which should be populated by the Party or the Party's vendor.

10. Spreadsheets shall be produced as a native document file along with the extracted text, relevant metadata identified in Paragraph 7, and a link to the native file in the load file. A TIFF file will also be provided accompanying the file that has been produced in native format. The TIFF version of the spreadsheet will also have a confidentiality endorsement, if applicable, and a Bates number endorsement. The TIFF file image of the spreadsheet will include all worksheets, fields and rows unhidden, fully expanded and printed over and then down if the width is wider than one sheet. However, if a document includes redacted information, it need not be produced in native format, but shall be produced along with extracted text and applicable metadata fields except to the extent the extracted text or metadata fields are themselves redacted.

11. PowerPoint documents shall be processed with hidden slides and all speaker notes unhidden, and shall be processed to show both the slide and the speaker's notes on the TIFF image.

12. As noted above, documents containing color shall, to the extent reasonably possible, be produced in color (at the expense of the parties receiving color copies). In the event a document cannot be reproduced in color, the producing Party shall advise the requesting Party of this fact.

13. Removal of duplicate documents shall only be done on exact duplicate documents (based on MD5 or SHA-1 hash values at the document level or by message ID and other standard vendor methodology for e-mail) across custodians. However, family relationships will be maintained and only exact email family groups will be de-duplicated. No email attachment will be de-duplicated against a loose file. Responsive hard copy documents shall not be eliminated as duplicates of responsive ESI. If, following consultation between the Parties, global de-duplication across the entire collection is agreed to, a field will be provided that lists each custodian, separated by a semicolon, who was a source of that document.

14. If any file requires proprietary software to open, then the Parties shall meet and confer regarding the most reasonable and cost effective manner to allow all Parties to have full access to the file.

C. **Miscellaneous**

15. The Parties agree to work together by exchanging sample production to ensure that all Parties receive productions in a format that works for them. The Parties acknowledge that as discovery proceeds, issues regarding specific items or particular file formats may arise that are not addressed in or are not contemplated by this agreement. The Parties agree to revisit and amend this agreement as necessary to ensure that all Parties receive full disclosure of all pertinent information, and to accommodate the practical realities governing their respective electronic document capabilities. Any Party may petition the Court for a variance from these terms in the event of unforeseen or unusual circumstances that could result in excessive costs or burden.

16. This stipulation shall not pertain to documents that are required to be, or are, produced as part of expert disclosures or discovery. The Parties shall meet and confer at least thirty days prior to the beginning of expert discovery in order to discuss

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

whether a stipulation regarding the manner for production of relevant documents can be agreed to.

17. Georgia-Pacific, OfficeMax and Boise Cascade have previously made demands on the City of Fort Bragg for production of documents pursuant to the California Public Records Act ("Act").  The Parties agree that any documents or other materials produced pursuant to the request under the Act, or any future request by a Party, shall also be deemed produced in this litigation.

DATED:  January 3, 2013                HUNTON & WILLIAMS LLP

                                                 By  /s/ Belynda Reck
                                                     Belynda Reck
                                                     Attorneys for Plaintiff
                                                     GEORGIA-PACIFIC, LLC

DATED:  January 3, 2013                PILLSBURY WINTHROP SHAW PITTMAN

                                               By  /s/ Mark Elliott
                                                     Mark Elliott
                                                   Attorneys for Defendants and
                                                   Counterclaimants
                                                   OFFICEMAX INCORPORATED
                                                   and BOISE CASCADE, L.L.C.

DATED:  January 3, 2013                BASSI EDLIN HUIE & BLUM LLP

                                               By  /s/ Noel Edlin
                                                     Noel Edlin
                                                   Attorneys for Third-Party Defendant
                                                   THE CITY OF FORT BRAGG

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

| | |
|---|---|
| DATED: January 3, 2013 | WOMBLE CARLYLE SANDRIDGE & RICE, LLP |
| | By: /s/ Tara Sky Woodward |
| | Tara Sky Woodward |
| | Attorneys for Third-Party Defendant |
| | LOUISIANA-PACIFIC CORPORATION |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: January 7, 2013

_____
Honorable Richard G. Seeborg
United States District Court Judge

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627