UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GEORGIA-PACIFIC LLC,<br><br>    Plaintiff,<br>v.<br>OFFICEMAX INCORPORATED and BOISE CASCADE, L.L.C.,<br><br>    Defendants.<br>_____<br>AND RELATED COUNTERCLAIMS<br>OFFICEMAX INCORPORATED and BOISE CASCADE, L.L.C.,<br><br>    Third Party Plaintiffs,<br>v.<br>LOUISIANA-PACIFIC CORPORATION, THE CITY OF FORT BRAGG, and DOES 1-10 inclusive,<br><br>    Third-Party Defendants.<br>_____<br>AND RELATED COUNTERCLAIMS | CASE NO.: 12-02797 RS<br><br>**[PROPOSED] STIPULATED ORDER REGARDING THE INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION**<br><br>Judge: Hon. Richard Seeborg<br><br>Complaint Filed:     May 31, 2012<br>Amd. Complaint Filed:     June 4, 2012<br>3P Complaint Filed:     Aug. 30, 2012<br>1st Amd. 3P Cplt. Filed:     Oct. 31, 2012 |

The Parties by and through their respective counsel, have jointly stipulated to the terms of Stipulated Order Governing the Inadvertent Disclosure of Privileged Information, and with the Court being fully advised as to the same, it is hereby ORDERED:

## I. APPLICABILITY

1. Pursuant to Federal Rule of Evidence 502(d) this Court can order that the attorney-client privilege, work product protection, and/or any other applicable privilege or immunity is not waived by the disclosure of a document or other information protected by these privileges either in this litigation or in any other federal or state proceeding.

This Order shall be applicable to and govern all testimony in deposition transcripts and/or videotapes, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, correspondence and all other information or material produced, made available for inspection, or otherwise submitted and transmitted by any of the Parties in this litigation pursuant to the Federal Rules of Civil Procedure (including disclosures pursuant to FRCP 26) or pursuant to a Public Records Act Request to the City of Fort Bragg ("City"), or by informal exchange and communication between the Parties (collectively "Information"). The treatment of Information disclosed at trial or hearings will be determined at a later date by the Court pursuant to applicable federal and state law.

2. This Order does not excuse a Party from its obligations to undertake reasonable measures to protect against the inadvertent disclosure of privileged Information.

## II. PRODUCTION OF DISCOVERY MATERIALS CONTAINING POTENTIALLY PRIVILEGED INFORMATION

3. The inadvertent production of any privileged, work product protected or otherwise exempted Information ("Protected Information") shall not be deemed a waiver or impairment of any claim of privilege, work product protection or exemption including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, privileges afforded the City under applicable California code sections or case law or the subject matter thereof as to the inadvertently produced Protected Information as long as the producing Party adheres to the terms of this Order

4. The producing Party must notify the receiving Party promptly, in writing, upon discovery that such Protected Information has been produced.  Upon receiving written notice from the producing Party that privileged, work product protected, or exempted Information has been produced, such Information, and all copies thereof, shall be returned to the producing Party within ten (10) business days of receipt of such notice and the receiving Party shall not use such Protected Information for any purpose, except as provided in paragraph 5, until further Order of the Court.  The receiving Party shall also attempt, in good faith, to retrieve and return or destroy all copies of the Protected Information in electronic format.

5. The receiving Party may contest the privilege, work product, or other exemption designation, by the producing Party.  The receiving Party contesting the designation shall give the producing Party written notice of the reason for said disagreement and shall be entitled to retain one copy of the disputed Protected Information for use in resolving the dispute.  However, as long as the producing Party is not in material breach of this agreement, the receiving Party may not challenge the designation by arguing that the mere disclosure of the Protected Information itself is a waiver of any applicable privilege.  In a contest over the proper designation of the

Information, the receiving Party shall, within fifteen (15) business days from the initial notice by the producing Party, seek an Order from the Court compelling the production of the Protected Information. If no such Order is sought, upon expiration of the fifteen (15) day period, all copies of the disputed Protected Information shall be returned to the Producing Party.

6. Any analyses, memoranda or notes which were internally generated based upon the disputed Protected Information shall immediately be placed in sealed envelopes, and shall be destroyed in the event that (a) the receiving Party does not contest that the Protected Information is privileged or otherwise protected, or (b) the Court rules that the Information is privileged or otherwise protected. Such analyses, memoranda or notes may only be removed from the sealed envelopes and used for their intended purposes in the event that (a) the producing Party agrees in writing that the Information is not privileged or otherwise protected, or (b) the Court rules that the Information is not privileged or otherwise protected.

7. Nothing in this agreement shall relieve a Party of any obligation that it might have regarding the use of knowingly privileged information. Nor shall a receiving Party be subject to any sanction, up to and including recusal, for its review of Protected Information that it did not know was subject to a claim of privilege. This agreement shall only pertain to Protected Information produced prior to, or concurrent with, the date of exchange of expert reports and supporting materials. Any Party who thereafter desires to make a claim of privilege under this agreement shall do so within thirty (30) days after the exchange of expert reports and supporting materials, unless good cause is shown for a later claim. In determining if good cause exists, the Court shall consider, among other relevant factors, the prejudice to the receiving party caused by the late claim of privilege. If a claim of privilege takes place after the exchange of expert reports, and the privilege claim relates to a document that the expert relied on, then the expert shall have 30 days after the claim has been resolved

to produce a revised report.  If a revised report is produced the prior report shall be treated as work-product pursuant to Federal Rule of Civil Procedure 26 and all copies shall be returned to the producing party.  Such report may not be used for any purpose, including for the purposes of impeachment.  Nothing in this agreement is intended to, or shall, constitute a waiver or impairment of any claim, or right to raise such claim, of privilege, work product protection or exemption including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, privileges afforded the City under applicable federal and California code sections or case law.

        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  January 11, 2013       HUNTON & WILLIAMS LLP

                                              By  /s/ Belynda Reck
                                                    Belynda Reck
                                          Attorneys for Plaintiff and Counter-Defendant
                                          GEORGIA-PACIFIC LLC

DATED:  January 11, 2013       PILLSBURY WINTHROP SHAW PITTMAN

                                          By  /s/ Mark Elliott
                                                    Mark Elliott
                                          Attorneys for Defendants and Counterclaimants
                                          OFFICEMAX INCORPORATED
                                          and BOISE CASCADE, L.L.C.

DATED:  January 11, 2013       BASSI EDLIN HUIE & BLUM LLP
                                          By  /s/ Noel Edlin
                                                    Noel Edlin
                                          Attorneys for Third-Party Defendant, Counterclaimant and Cross-Claimant
                                          THE CITY OF FORT BRAGG

DATED: January 11, 2013        WOMBLE CARLYLE SANDRIDGE
                               & RICE, LLP

                               By: /s/ Tara Sky Woodward
                                   Tara Sky Woodward
                                   Attorneys for Third-Party Defendant,
                                   Counterclaimant, and Cross-Claimant
                                   LOUISIANA-PACIFIC CORPORATION

*Filer attests that concurrence in the filing has been obtained from Mr. Elliott, Mr. Edlin, and Ms. Woodward.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: January 14, 2013        _____
                               Honorable Richard G. Seeborg
                               United States District Court Judge

5