HUNTON & WILLIAMS LLP
Belynda Reck (SBN 163561)
Diana Biason (SBN 247274)
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020
E-mail: breck@hunton.com
       dbiason@hunton.com

HUNTON & WILLIAMS LLP
Jeffrey N. Martin (Admitted Pro Hac Vice)
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 955-1552
E-mail: jmartin@hunton.com

Attorneys for Plaintiff and Counter-Defendant
GEORGIA-PACIFIC LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA-PACIFIC LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>OFFICEMAX INCORPORATED, LOUISIANA-PACIFIC CORPORATION, AND THE CITY OF FORT BRAGG,<br><br>          Defendants.<br>_____<br>AND RELATED COUNTERCLAIMS AND CROSSCLAIMS | CASE NO.: 12-02797-WHO<br><br>**STIPULATION AND ORDER REGARDING PRODUCTION OF INVOICES AND NON-WAIVER OF PRIVILEGE**<br><br>Judge: Hon. William H. Orrick<br><br>Complaint Filed: May 31, 2012<br>Amd. Complaint Filed: June 4, 2012<br>2nd Amd. Complaint Filed: May 21, 2013<br><br>JURY TRIAL DEMANDED |

Plaintiff and Counter-Defendant Georgia-Pacific LLC ("Georgia-Pacific"), Defendant and Counter-Plaintiff OfficeMax Incorporated ("OfficeMax"), Defendant and Counter-Plaintiff Louisiana-Pacific Corporation ("Louisiana-Pacific"), and Defendant and Counter-Plaintiff City of Fort Bragg (collectively "the parties") stipulate and declare as follows:

**WHEREAS**, Georgia-Pacific has made a claim for past and future costs associated with investigation and cleanup of the former lumber mill site in Fort Bragg, California that is the subject of this litigation (the "Lumber Mill Site");

**WHEREAS**, in the interest of expediting the litigation and to facilitate the mediation process employed by the parties, Georgia-Pacific intends to produce invoices documenting past costs associated with investigation and cleanup of the Lumber Mill Site, even though Georgia-Pacific does not intend to include all of these costs in the claim for which it is seeking reimbursement from the defendants, and later will specifically identify those costs;

**WHEREAS**, Georgia-Pacific has compiled a set of invoices documenting past costs associated with investigation and cleanup of the Lumber Mill Site in PDF and organized by vendor and invoice number;

**WHEREAS**, some of the invoices associated with investigation and cleanup of the Lumber Mill Site are from law firms and consultants and describe work that Georgia-Pacific contends is subject to the attorney-client privilege and/or the work product privilege;

**WHEREAS**, Federal Rule of Evidence 502(d) states that "[a] federal court may order that the [attorney-client] privilege or [work product] protection is not waived by disclosure connected with the litigation pending before the court – in which event the disclosure is also not a waiver in any other federal or state proceeding";

**NOW, THEREFORE**, the parties through their respective attorneys of record, stipulate as follows as to the aforementioned production of invoices:

1. The disclosure and production of the cost invoices shall not waive attorney-client privilege or work product privilege in this or any other litigation as to any of the underlying work or communications described in the invoices.

2. The production of these invoices shall not waive any privilege or protection in this or any other litigation as to any work or activities described in any of these invoices that are associated with costs that later will not be claimed to be recoverable in this case.

3. Nothing in this stipulation shall be deemed to be an admission regarding the privileged status or relevance of any documents that have been produced or sought to be produced in this action.

4. These invoices shall be produced on or before September 13, 2013 on CDs, in PDF, organized by vendor and sequentially by invoice number, and the requirements set forth in the Joint Plan Regarding Electronic Production of Hard Copy Documents and Electronically Stored Information (Dkt No. 74) shall not apply to production of these invoices.

5. Except as it relates to a party's obligations regarding documents that it expects are privileged, nothing in this stipulation shall alter a party's obligations under Fed. R. Civ. P. 26(a)(1)(A) and (e)(1).

6. Should Georgia-Pacific claim that any document produced pursuant to this agreement is privileged, Georgia-Pacific waives the right to claim that a party, their law firm or any expert or consultant that has reviewed the document shall be recused or that any sanction shall apply as a result of the direct or indirect knowledge of the contents of the document.

DATED: September __, 2013        HUNTON & WILLIAMS LLP

By: /s/ Belynda Reck
    Belynda Reck
    Attorney for Plaintiff and Counter-Defendant
    GEORGIA-PACIFIC LLC

DATED: September __, 2013        LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ R. Gaylord Smith
    R. Gaylord Smith
    Attorney for Defendant, Counter-Plaintiff
    OFFICEMAX INCORPORATED

DATED: September __, 2013        BASSI EDLIN HUIE & BLUM LLP

By: /s/ Noel Edlin
    Noel Edlin
    Attorney for Defendant and Counter-Plaintiff
    THE CITY OF FORT BRAGG

DATED: September __, 2013        BRADLEY ARANT BOULT CUMMINGS LLP

By: /s/ Tara Sky Woodward
    Tara Sky Woodward
    Attorney for Defendant and Counter-Plaintiff
    LOUISIANA-PACIFIC CORPORATION

** Filer attests that concurrence in the filing of this document has been obtained from R. Gaylord Smith, Tara Sky Woodward, and Noel Edlin.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: September 13, 2013

Hon. William H. Orrick
United States District Judge