HUNTON & WILLIAMS LLP
Ann Marie Mortimer (SBN 169077)
550 South Hope Street, Suite 2000
Los Angeles, California  90071-2627
Telephone:  (213) 532-2000
Facsimile:  (213) 532-2020
E-mail:       amortimer@hunton.com

HUNTON & WILLIAMS LLP
Jeffrey N. Martin (Admitted *Pro Hac Vice*)
Douglas M. Garrou (Admitted *Pro Hac Vice*)
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone:  212 • 955 • 1500
Facsimile:  212 • 778 • 2201
E-mail:       jmartin@hunton.com
                  dgarrou@hunton.com

Attorneys for Plaintiff and Counter-Defendant
GEORGIA-PACIFIC LLC

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California  90071-2627

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA-PACIFIC LLC,<br><br>           Plaintiff,<br><br>      v.<br><br>OFFICEMAX INCORPORATED, LOUISIANA-PACIFIC CORPORATION, and THE CITY OF FORT BRAGG,<br><br>           Defendants.<br>_____<br><br>AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS | CASE NO.:  12-02797-WHO<br><br>**PLAINTIFF/COUNTER-DEFENDANT GEORGIA-PACIFIC, LLC'S AMENDED ANSWER TO DEFENDANT THE CITY OF FORT BRAGG'S FIRST AMENDED COUNTERCLAIM**<br><br>Judge: Hon. William H. Orrick<br><br>Complaint Filed:  May 31, 2012<br>Am. Complaint Filed:  June 4, 2012<br>Second Am. Complaint Filed:  May 21, 2013 |

PLAINTIFF AND COUNTER-DEFENDANT'S AMENDED ANSWER TO
CITY OF FORT BRAGG'S FIRST AMENDED COUNTERCLAIM
CASE NO. 12-02797 WHO

Plaintiff and Counter-Defendant Georgia-Pacific LLC ("Georgia-Pacific"), through its attorneys of record, while investigation continues, responds to the City of Fort Bragg's (the "City's") First Amended Counterclaim Against Georgia-Pacific LLC ("Counterclaim") as follows:

## DESCRIPTION OF ACTION

1. Georgia-Pacific admits the allegations in paragraph 1.

2. Georgia-Pacific admits the allegations in paragraph 2.

3. The allegations in paragraph 3 contain legal arguments and purported legal conclusions that require neither admission nor denial. To the extent a response is deemed necessary, Georgia-Pacific denies.

4. Georgia-Pacific denies the allegations in paragraph 4.

5. Georgia-Pacific admits that Georgia-Pacific and the City in 2009 entered into an agreement for purchase of the areas known as Glass Beach 1, 2, and 3, the terms of which speak for themselves. Georgia-Pacific denies that the copy of the Agreement attached as Exhibit A to the City's Counterclaim is a true and correct copy because the attachments and exhibits to the Agreement are not attached to Exhibit A. Georgia-Pacific denies that the 2009 Agreement bars the claims that Georgia-Pacific has asserted against the City in this action, and denies any remaining allegation of paragraph 5.

## PARTIES

6. Upon information and belief, Georgia-Pacific admits the allegations in paragraph 6.

7. Georgia-Pacific admits the allegations in paragraph 7.

## JURISDICTION

8. Georgia-Pacific admits that the City's federal Counterclaim is purportedly brought under CERCLA and further admits that it arises out of contamination at and emanating from the approximately 415 acres of real property

1

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

located in the City of Fort Bragg at issue in this litigation (the "Site").  Georgia-Pacific admits that the City claims jurisdiction over its state-law claims under 28 U.S.C. § 1367(a).  Georgia-Pacific denies the remaining allegations of paragraph 8.

## VENUE

9.      Georgia-Pacific admits that over the course of time, including before Georgia-Pacific acquired the Site, there have been releases of hazardous substances at the Site, and further admits that the Site is located in Mendocino County, California.  Georgia-Pacific further admits that venue is proper in this Court.  Georgia-Pacific denies any remaining allegation of paragraph 9.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION

### A.      Allegations Relating to CERCLA Claims.

10.     Georgia-Pacific admits the allegations in paragraph 10.

11.     Georgia-Pacific admits the allegations in paragraph 11.

12.     Georgia-Pacific admits that it alleges in its Second Amended Complaint that Union Lumber Company merged with Boise Cascade Corporation in 1968 and that Boise Cascade Corporation assumed Union Lumber Company's liabilities, obligations, and duties associated with the Site.  Georgia-Pacific further admits that it alleges in its Second Amended Complaint that Boise Cascade Corporation changed its named to OfficeMax Incorporated in 2004, after acquiring the securities of OfficeMax in 2003.  Georgia-Pacific further admits that Boise Cascade Corporation owned and operated the site for certain years including a portion of 1973.  To the extent an additional response is deemed necessary, Georgia-Pacific presently lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 12, and therefore denies the remaining allegations in paragraph 12.

13.     Georgia-Pacific admits the allegations in paragraph 13.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

PLAINTIFF AND COUNTER-DEFENDANT'S AMENDED ANSWER TO
CITY OF FORT BRAGG'S FIRST AMENDED COUNTERCLAIM
CASE NO. 12-02797 WHO

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

14. Upon information and belief, Georgia-Pacific admits that in 2003, Boise Cascade Corporation acquired 100 percent of the voting securities of OfficeMax, Inc. Georgia-Pacific denies any remaining allegations of paragraph 14.

15. Upon information and belief, Georgia-Pacific admits the allegations in paragraph 15.

16. Georgia-Pacific admits that it alleges in its Second Amended Complaint that Union Lumber Company developed a dam at the Site, and that discovery conducted to date appear to support this allegation. Georgia-Pacific denies that Union Lumber Company is a predecessor in interest to Georgia-Pacific for any relevant purpose. The remaining allegations in paragraph 16 contain legal arguments and purported legal conclusions that require neither admission nor denial. To the extent that there are additional factual allegations in paragraph 16, Georgia-Pacific presently lacks sufficient knowledge to admit or deny them, and therefore denies the remaining allegations in paragraph 16.

17. Georgia-Pacific admits that it alleges in the Second Amended Complaint that Alder Creek, which historically drained almost the entire Fort Bragg area, was altered in the late 1800s and early 1900s to flow in a closed conduit system from the City of Fort Bragg and drains to the Georgia-Pacific log pond, and that discovery conducted to date appears to support this allegation. Georgia-Pacific further admits that water was used in the lumber mill operations. Georgia-Pacific denies the remaining allegations of paragraph 17.

18. Georgia-Pacific admits that it alleges in its Second Amended Complaint that the City of Fort Bragg's stormwater system flows to several discharge points to the Noyo River, Pudding Creek (prior to entering the Site), and, primarily the Georgia-Pacific log pond. Discovery conducted to date appear to support this allegation. Georgia-Pacific further admits that, due to the energy crisis in 2000-2001, the State of California asked Georgia-Pacific to supply any excess power it generated

3

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

to the State's electric grid.  Georgia-Pacific denies the remaining allegations in paragraph 18.

19.     Georgia-Pacific denies the allegations in paragraph 19.

20.     Georgia-Pacific admits the allegations in paragraph 20.

21.     Georgia-Pacific admits that the Site is a "facility" as that term is defined in 42 U.S.C. § 9601(9).  To the extent that there are additional factual allegations in paragraph 21, Georgia-Pacific presently lacks sufficient knowledge to admit or deny the allegations in paragraph 21, and therefore denies them.

22.     Georgia-Pacific admits the allegations of paragraph 22.

23.     Georgia-Pacific admits the allegations of paragraph 23.

24.     Georgia-Pacific admits releases of hazardous substances, as defined by CERCLA § 101, 42 U.S.C. § 9601, by it and others, including the City, occurred at the Site.  Georgia-Pacific denies any remaining allegations of paragraph 24.

25.     Georgia-Pacific denies the allegations of paragraph 25.

26.     Georgia-Pacific denies that the City has incurred response costs at the site, in connection with an actual release, a threatened release, or otherwise.  Georgia-Pacific denies any remaining allegations of paragraph 26.

**B.     Allegations Relating to Misrepresentation Claims.**

27.     Georgia-Pacific admits that by December 1984 Georgia-Pacific was aware that cyanide was detected in certain samples of waste water from some of its boilers at the Fort Bragg Mill Site at certain periods of time.  Georgia-Pacific further admits that it burned wood fuel in accordance with one or more permits, the terms of which speak for themselves.  Georgia-Pacific denies any remaining allegation of Paragraph 27..

28.     Georgia-Pacific admits that in 1989, it had general knowledge that dioxin may result from incomplete combustion.  Georgia-Pacific denies the remaining allegations in paragraph 28.

PLAINTIFF AND COUNTER-DEFENDANT'S AMENDED ANSWER TO
CITY OF FORT BRAGG'S FIRST AMENDED COUNTERCLAIM
CASE NO. 12-02797 WHO

29.     Georgia-Pacific denies the allegations in paragraph 29.

30.     Georgia-Pacific denies the allegations in paragraph 30.

31.     Georgia-Pacific admits that fly ash at certain times was used as a soil amendment in certain nurseries in the City of Fort Bragg.  Georgia-Pacific admits only that Exhibit C appears to be a copy of a Georgia-Pacific intracompany memo dated January 27, 1987, but specifically and categorically denies the remaining allegations and characterizations of the memo stated in paragraph 31. Georgia-Pacific denies the remaining allegations in paragraph 31.

32.     Georgia-Pacific denies the allegations in paragraph 32.

33.     Georgia-Pacific presently lacks sufficient knowledge to admit or deny the allegations in paragraph 33, and therefore denies them.

34.     Georgia-Pacific admits that the copy of the letter attached to the City's Counterclaim contains the quote stated in paragraph 34.  Georgia-Pacific denies the remaining allegations in paragraph 34.

35.     Georgia-Pacific denies the allegations in paragraph 35.

36.     Georgia-Pacific admits that Georgia-Pacific constructed a series of ponds, and further admits that one of the consequences of this pond system was to reduce ocean discharges.  Georgia-Pacific denies the remaining allegations of paragraph 36.

37.     Georgia-Pacific admits that, in or about 2000, Georgia-Pacific decided to limit lumber production at the Site.  Georgia-Pacific further admits that this action reduced the amount of wood fuel available for the boilers.  Georgia-Pacific denies any remaining allegation of paragraph 37.

38.     Georgia-Pacific denies the allegations in paragraph 38.

39.     Georgia-Pacific admits that, in 2002, it announced that it would cease operations at the Site.  Georgia-Pacific denies the remaining allegations in paragraph 39.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California  90071-2627

PLAINTIFF AND COUNTER-DEFENDANT'S AMENDED ANSWER TO
CITY OF FORT BRAGG'S FIRST AMENDED COUNTERCLAIM
CASE NO. 12-02797 WHO

40.     Georgia-Pacific denies the allegations in paragraph 40.

41.     Georgia-Pacific admits that Georgia-Pacific retained TRC for the preparation of a Phase I and Phase II Environmental Site Assessment to investigate possible contamination and recommend further necessary investigation.  Georgia-Pacific further avers that it retained Exponent to conduct a dioxin assessment, instead of TRC.  Georgia-Pacific admits that Julie Raming was assigned by Georgia-Pacific to the project team handling environmental issues at the Site.  Georgia-Pacific denies the remaining allegations of Paragraph 41.

42.     Georgia-Pacific admits that, according to the Phase I and Phase II Environmental Site Assessment Reports, they were prepared in accordance with the procedures established by the ASTM.  To the extent that there are additional factual allegations in paragraph 42, Georgia-Pacific presently lacks sufficient knowledge to admit or deny the allegations in paragraph 42, and therefore denies them.

43.     Georgia-Pacific admits that Georgia-Pacific and the City agreed to cooperate in selling the Site.  To the extent that there are additional factual allegations in the first unlettered subparagraph of paragraph 43 (*i.e.* at lines 7 through 12 of page 33 of the Counterclaim), Georgia-Pacific presently lacks sufficient knowledge to admit or deny the allegations in that section of paragraph 43, and therefore denies them.  With respect to the allegations appearing at the lettered subparagraphs of paragraph 43, Georgia-Pacific responds as follows:

A.     Georgia-Pacific admits that TRC prepared a Memorandum relating to development and reuse of the Site which stated that "hazardous material do not appear to be a constraint to future site development."  To the extent that there are additional factual allegations in paragraph 43(A), Georgia-Pacific presently lacks sufficient knowledge to admit or deny the allegations in paragraph 41, and therefore denies them.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

PLAINTIFF AND COUNTER-DEFENDANT'S AMENDED ANSWER TO
CITY OF FORT BRAGG'S FIRST AMENDED COUNTERCLAIM
CASE NO. 12-02797 WHO

B.     Georgia-Pacific presently lacks sufficient knowledge to admit or deny the allegations in paragraph 43(B), and therefore denies them.

C.     Georgia-Pacific admits that the "Talking Points" attached to Exhibit E to the City's Counterclaim state, *inter alia*, that the findings of the Phase I Environmental Site Assessment were "consistent with what you would expect from a 100+-year old mill site – areas around transformers, oil storage and supply lines, hydraulic units that contained oil, solvents in the metal and mobile equipment shops and potential for buried debris." Georgia-Pacific further admits that the "Talking Points" attached as Exhibit E to the City's Counterclaim state, *inter alia*, that "the Phase II is being performed to confirm or negate the presence and extent of any contamination" and that "[i]n addition to the Phase I and II environmental assessments, a specific plan will ultimately be prepared for the property that will be subject to further review according to the requirements of the California Environmental Quality Act (CEQA)." To the extent that there are additional factual allegations in paragraph 43(C), Georgia-Pacific presently lacks sufficient knowledge to admit or deny the allegations in paragraph 43(C), and therefore denies them.

D.     Georgia-Pacific admits that Carol Stephens had authority to engage in negotiations for the sale of the Site, and met on certain occasions with City Manager Linda Ruffing. To the extent that there are additional factual allegations in paragraph 43(D), Georgia-Pacific presently lacks sufficient knowledge to admit or deny the allegations in paragraph 43(D), and therefore denies them.

44.     Georgia-Pacific denies the allegations in paragraph 44.

45.     Georgia-Pacific denies the allegations in paragraph 45.

46.     Georgia-Pacific admits that dioxins were detected in tests conducted in 2006. Georgia-Pacific denies the remaining allegations in paragraph 46.

47.     Georgia-Pacific admits that the memorandum attached as Exhibit G to the Counterclaim is entitled "Potential City Participation in Developer Solicitation for

7

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Georgia-Pacific Mill Site." Georgia-Pacific further admits that the City offered to assist Georgia-Pacific in selling the Mill Site and that the City sought Georgia-Pacific's acceptance of that offer. To the extent that there are additional factual allegations in paragraph 47, Georgia-Pacific presently lacks sufficient knowledge to admit or deny the allegations in paragraph 47, and therefore denies them.

48. Georgia-Pacific denies the allegations in paragraph 48.

**C.** **Allegations Relating to Contract Claim.**

49. Georgia-Pacific denies that it breached any express or implied term in the Agreement. The remaining allegations in paragraph 49 contain legal arguments and purported legal conclusions that require neither admission nor denial. To the extent an additional response is deemed necessary, Georgia-Pacific denies.

50. Georgia-Pacific admits that it received money in connection with the sale of certain properties, but presently lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 50, and therefore denies them.

51. Georgia-Pacific denies the allegations in paragraph 51.

### FIRST CLAIM FOR RELIEF

### (Contribution pursuant to CERCLA § 113(f))

52. Georgia-Pacific incorporates by reference its responses to all preceding paragraphs alleged herein.

53. Georgia-Pacific denies the allegations in paragraph 53.

54. Georgia-Pacific denies that the alleged contamination at the Site was caused solely by Georgia-Pacific. The remaining allegations in paragraph 54 contain legal arguments and purported legal conclusions that require neither admission nor denial. To the extent there are additional factual allegations in paragraph 54, Georgia-Pacific presently lacks sufficient knowledge to admit or deny them, and therefore denies the remaining allegations in paragraph 54.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

PLAINTIFF AND COUNTER-DEFENDANT'S AMENDED ANSWER TO
CITY OF FORT BRAGG'S FIRST AMENDED COUNTERCLAIM
CASE NO. 12-02797 WHO

55.    Paragraph 55 contains purported legal conclusions that require neither admission nor denial.  To the extent a response is deemed necessary, Georgia-Pacific denies the allegations of paragraph 55.

## SECOND CLAIM FOR RELIEF

### (Declaratory Relief Under Federal Law For Contamination of Site)

56.    Georgia-Pacific incorporates by reference its responses to all preceding paragraphs alleged herein.

57.    The allegations in paragraph 57 contain legal arguments and purported legal conclusions that require neither admission nor denial.  To the extent that an additional response is required from Georgia-Pacific, Georgia-Pacific admits that it alleges in its Second Amended Complaint that the City is liable to reimburse Georgia-Pacific for all future damages and costs that may be suffered by it as a result of the contamination of the Site or, in the alternative, that the City is liable to contribute to and reimburse it for such damages and costs, including, without limitation, costs or damages awarded in legal or administrative actions, costs of compliance with any judicial or administrative order, and costs of litigation including attorneys' fees.  To the extent there are additional factual allegations in paragraph 57,  Georgia-Pacific presently lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 57, and therefore denies the remaining allegations in paragraph 57.

58.    Georgia-Pacific denies that the City has incurred substantial costs, or that it will incur substantial costs, that may be recovered from Georgia-Pacific.  Georgia-Pacific denies any remaining allegation of paragraph 58.

59.    Georgia-Pacific admits that the City is seeking the relief set forth in paragraph 59, but denies that the City is entitled to any relief, including the relief requested.  The remaining allegation of paragraph 59 contains legal arguments and purported legal conclusions that require neither admission nor denial.  To the extent a

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California  90071-2627

9

response is deemed necessary, Georgia-Pacific denies the remaining allegations of paragraph 59.

60.   Georgia-Pacific admits that the City is seeking the relief set forth in Paragraph 60, but denies that the City is entitled to any relief, including the relief requested.   The remaining allegation of paragraph 60 contains legal arguments and purported legal conclusions that require neither admission nor denial.  To the extent a response is deemed necessary, Georgia-Pacific denies the remaining allegations of paragraph 60.

## THIRD CLAIM FOR RELIEF

### (Fraud)

61.   Georgia-Pacific incorporates by reference its responses to all preceding paragraphs alleged herein.

62.   Georgia-Pacific denies that any fraudulent scheme existed, and further denies that the City, at any relevant time, lacked any knowledge of any material fact regarding the Site.  Georgia-Pacific denies any remaining allegation of paragraph 62.

63.    Georgia-Pacific denies the allegations in paragraph 63.

64.   Georgia-Pacific denies the allegations in paragraph 64.

65.   Georgia-Pacific denies the allegations in paragraph 65.

66.   Georgia-Pacific denies the allegations in paragraph 66.

## FOURTH CLAIM FOR RELIEF

### (Negligent Misrepresentation)

67.   Georgia-Pacific incorporates by reference its responses to all preceding paragraphs alleged herein.

68.   Georgia-Pacific denies that it made any misrepresentation, negligently or otherwise.  Georgia-Pacific denies any remaining allegations in paragraph 68.

**Hunton & Williams LLP**
550 South Hope Street, Suite 2000
Los Angeles, California  90071-2627

PLAINTIFF AND COUNTER-DEFENDANT'S AMENDED ANSWER TO
CITY OF FORT BRAGG'S FIRST AMENDED COUNTERCLAIM
CASE NO. 12-02797 WHO

## **FIFTH CLAIM FOR RELIEF**

### **(Declaratory Relief on 2009 Purchase Agreement)**

69.    Georgia-Pacific incorporates by reference its responses to all preceding paragraphs alleged herein.

70.    Georgia-Pacific admits that the City contends that Georgia-Pacific has breached the Agreement.  Georgia-Pacific denies that it has breached the Agreement, and denies that the City is entitled to any relief, including the relief requested.  Georgia-Pacific denies any remaining allegation of paragraph 70, including each and every subpart thereto.

71.    Georgia-Pacific admits that the City is seeking the relief set forth in Paragraph 71, but denies that the City is entitled to any relief, including the relief requested.  Georgia-Pacific further denies that California Code of Civil Procedure §1060 or any other state procedural rule, provision, or statute has any applicability in this federal action.  Georgia-Pacific denies any remaining allegation of paragraph 71.

## **SIXTH CLAIM FOR RELIEF**

### **(Equitable Indemnification)**

72.    Georgia-Pacific incorporates by reference its responses to all preceding paragraphs alleged herein.

73.    Georgia-Pacific denies the allegations in Paragraph 73.

74.    Georgia-Pacific denies the allegations in Paragraph 74.

75.    Georgia-Pacific denies the allegations in Paragraph 75.

## **SEVENTH CLAIM FOR RELIEF**

### **(Breach of Contract)**

76.    Georgia-Pacific incorporates by reference its responses to all preceding paragraphs alleged herein.

77.    Georgia-Pacific denies the allegations in Paragraph 77.

**Hunton & Williams LLP**
550 South Hope Street, Suite 2000
Los Angeles, California  90071-2627

11

# EIGHTH CLAIM FOR RELIEF

## (Contribution)

78.    Georgia-Pacific incorporates by reference its responses to all preceding paragraphs alleged herein.

79.    Georgia-Pacific admits that it has alleged the liability of the City in its Second Amended Complaint, and that the City denies all liability.  Georgia-Pacific further avers that the City has liability.  Georgia-Pacific denies any remaining allegation in paragraph 79.

In response to the City's prayer for relief stated at page 40 line 23 through page 41 line 14 of the Counterclaim , Georgia-Pacific denies that the City is entitled to any relief, including the relief requested.

# SEPARATE AND AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Counterclaim and without admitting or acknowledging that Georgia-Pacific bears any burden of proof as to any of them, Georgia-Pacific asserts the following defenses.  Georgia-Pacific further states that it intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer in order to assert all such further defenses:

## FIRST DEFENSE

### (Failure to State a Claim)

1.    The City's claims fail to state a claim upon which any relief may be granted.

## SECOND DEFENSE

### (Third Party Defense)

2.    The City's claims are barred or limited pursuant to CERCLA 42 U.S.C. § 9607(b) and other applicable law, insofar as (1) Georgia-Pacific exercised due care

12

PLAINTIFF AND COUNTER-DEFENDANT'S AMENDED ANSWER TO
CITY OF FORT BRAGG'S FIRST AMENDED COUNTERCLAIM
CASE NO. 12-02797 WHO

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California  90071-2627

with respect to the Hazardous Substances concerned, taking into consideration the characteristics of such Hazardous Substances, in light of all relevant facts and circumstances; (2) the conditions, injuries, costs, damages, expenses and other relief for which the City seeks to hold Georgia-Pacific liable were caused solely by the acts or omissions of the City, its employees, agents or contractors, or third parties other than (a) employees or agents of Georgia-Pacific or (b) persons whose acts or omissions occurred in connection with a contractual relationship existing directly or indirectly, with Georgia-Pacific; and (3) Georgia-Pacific took precautions against foreseeable acts and omissions of any such third party and the consequences that foreseeably could result from such acts or omissions.

## THIRD DEFENSE

### (Statute of Limitations)

3.     Georgia-Pacific maintains that its own claims are not barred or limited by any applicable statutes of limitations but lacks knowledge or information about the basis for the claims asserted by the City, and therefore asserts that the City's claims may be barred in whole or in part by the applicable statutes of limitations.

## FOURTH DEFENSE

### (Laches)

4.     Georgia-Pacific maintains that its own claims are not barred or limited by the doctrine of laches but lacks knowledge or information about the basis for the claims asserted by the City, and therefore asserts that the City's claims, to the extent they are equitable in nature, may be barred in whole or in part by the equitable doctrine of laches.

## FIFTH DEFENSE

### (Unclean Hands)

5.     The City's claims, to the extent that they are equitable in nature, are barred or limited by the doctrine of unclean hands.

13

PLAINTIFF AND COUNTER-DEFENDANT'S AMENDED ANSWER TO
CITY OF FORT BRAGG'S FIRST AMENDED COUNTERCLAIM
CASE NO. 12-02797 WHO

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## SIXTH DEFENSE

### (Estoppel)

6.    The City's claims, to the extent that they are equitable in nature, are barred or limited by the doctrine of estoppel.

## SEVENTH DEFENSE

### (Waiver)

7.    The City's claims, to the extent that they are equitable in nature, are barred or limited by the doctrine of waiver.

## EIGHTH DEFENSE

### (Permitted Acts)

8.    Georgia-Pacific is not liable for any acts or omissions undertaken by or at the direction or sufferance of a governmental authority, including but not limited to activities conducted at the Site in accordance with any valid order entered into or issued by such authority.

## NINTH DEFENSE

### (Comparative Fault)

9.    The City cannot recover from Georgia-Pacific more than Georgia-Pacific's fair, equitable, and proportionate share of costs, damages, expenses, and other relief that the City seeks.

## TENTH DEFENSE

### (Offset)

10.    Georgia-Pacific is entitled to an offset against any damages, costs, fees, and/or expenses and/or liability for the greater of: (1) an amount actually paid by any person heretofore or hereafter for any of the damages, costs, fees, and/or expenses sought in this action; or (2) the equitable share of the liability of any person or entity that heretofore has received or hereafter receives a release from a liability or covenant not sue with respect to any of the damages, costs, fees, and/or expenses.

14

PLAINTIFF AND COUNTER-DEFENDANT'S AMENDED ANSWER TO
CITY OF FORT BRAGG'S FIRST AMENDED COUNTERCLAIM
CASE NO. 12-02797 WHO

## ELEVENTH DEFENSE

### (Contribution/Indemnity)

11.     Should the City recover damages from Georgia-Pacific, Georgia-Pacific is entitled to indemnification, in whole or in part, from all persons and entities whose negligence, fault or other conduct proximately contributed to the City's damages, if any, and Georgia-Pacific is further entitled to have the amount of said damages reduced to reflect its contribution, if any, to said claimed damages.

## TWELFTH DEFENSE

### (Adequate Remedy at Law)

12.     The City's claims for equitable relief are barred by the availability of an adequate legal remedy.

## THIRTEENTH DEFENSE

### (Lack of Standing)

13.     The City's claims are barred in whole or in part for lack of the City's standing to assert such claims.

## FOURTEENTH DEFENSE

### (Intervening Cause)

14.     The City's claims are barred, in whole or in part, due to intervening acts of one or more third parties or other forces *majeure,* such as acts of god or nature for which Georgia-Pacific is not responsible.

## FIFTEENTH DEFENSE

### (Failure to Mitigate)

15.     The City's claims are barred to the extent that they have or in the future fail to mitigate, reduce or otherwise avoid their alleged response costs.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

PLAINTIFF AND COUNTER-DEFENDANT'S AMENDED ANSWER TO
CITY OF FORT BRAGG'S FIRST AMENDED COUNTERCLAIM
CASE NO. 12-02797 WHO

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California  90071-2627

## SIXTEENTH DEFENSE

### (Acts or Omissions of Third Parties)

16.    To the extent that the City has incurred or may in the future incur response or other costs, such costs were caused by acts or omissions of third parties, for which Georgia-Pacific is not responsible.

## SEVENTEENTH DEFENSE

### (Non-compliance with National Contingency Plan)

17.    The City's claims are barred to the extent that all, or a significant portion of, any costs of response for which the City seeks (or will seek) recovery are not in compliance with the National Contingency Plan, or were not incurred in response to a release or threatened release of a hazardous substance and therefore are not recoverable in this action.

## EIGHTEENTH DEFENSE

### (Assumption of the Risk)

18.    The City's claims are barred on the ground that the City had knowledge of the risks necessarily incident to matters alleged in the Counterclaim, and thus if the City has suffered injuries or is entitled to any damages alleged in the Counterclaim, which is expressly denied, those injuries and/or damages arise from, and were caused by, said risks knowingly and voluntarily assumed by the City.

## NINETEENTH DEFENSE

### (Federally Permitted Release)

19.    The City's claims are barred on the ground that to the extent that the alleged releases of hazardous substances, if any, were in whole or in part federally-permitted releases, they are exempt from liability under Section 107(j) of CERCLA, 42 U.S.C. § 9607(j).

PLAINTIFF AND COUNTER-DEFENDANT'S AMENDED ANSWER TO
CITY OF FORT BRAGG'S FIRST AMENDED COUNTERCLAIM
CASE NO. 12-02797 WHO

## TWENTIETH DEFENSE

### (2009 Agreement)

20.    By virtue of the 2009 Agreement between Georgia-Pacific and the City, the City is barred by the Agreement from asserting the claims alleged in the Counterclaim relating to the areas covered by the 2009 Agreement.

## TWENTY-FIRST DEFENSE

### (Mistake)

21.    The City's claims are barred by their mistake of fact and/or by third party mistake of fact.

## TWENTY-SECOND DEFENSE

### (Speculative Damages)

22.    The City's damages, if any, are speculative and may not be recovered.

## TWENTY-THIRD DEFENSE

### (Substantial Factor)

23.    Any acts or omissions, if any, of Georgia-Pacific were not substantial factors in bringing about the City's alleged damages and were not a contributing cause thereof, but were superseded by the acts or omissions of third parties, which were independent intervening and the proximate cause of any damages suffered by the City.

## TWENTY-FOURTH DEFENSE

### (Preemption of State Claims)

24.    The City's state law claims are preempted by federal law.

## TWENTY-FIFTH DEFENSE

### (No Supplemental Jurisdiction)

25.    This Court lacks supplemental jurisdiction over the City's claims to the extent that they do not form part of the same case or controversy under Article III of the United States Constitution as the City's federal claims.

17

PLAINTIFF AND COUNTER-DEFENDANT'S AMENDED ANSWER TO
CITY OF FORT BRAGG'S FIRST AMENDED COUNTERCLAIM
CASE NO. 12-02797 WHO

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California  90071-2627

## TWENTY-SIXTH DEFENSE

### (Failure of Consideration)

26.    The City's contract claims are barred to the extent that the City has failed to deliver the performance that served as consideration for the agreement.

## TWENTY-SEVENTH DEFENSE

### (Impracticality)

27.    The City's contract claims are barred to the extent that performance is impractical due to excessive and unreasonable difficulty or expense.

## OTHER DEFENSES

Georgia-Pacific may have additional defenses that cannot be discovered at this time.  Georgia-Pacific therefore does not waive any applicable or available defenses and reserves the right to assert additional defenses as they may become available and apparent during discovery.

## PRAYER FOR RELIEF

WHEREFORE, Georgia-Pacific prays for judgment as follows:

1.  That the City's Counterclaim be dismissed in its entirety with prejudice;

2.  That all relief requested in the Counterclaim be denied;

3.  That the City take nothing by virtue of this action;

4.  For costs of suit incurred herein; and

5.  For such other and further relief as the Court may deem just and proper.

/ / /

/ / /

/ / /

**Hunton & Williams LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

PLAINTIFF AND COUNTER-DEFENDANT'S AMENDED ANSWER TO
CITY OF FORT BRAGG'S FIRST AMENDED COUNTERCLAIM
CASE NO. 12-02797 WHO

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

DATED:  August 4, 2014                    HUNTON & WILLIAMS LLP


By:   /s/ Ann Marie Mortimer
      Hunton & Williams LLP
      Ann Marie Mortimer (SBN 169077)
      550 South Hope Street, Suite 2000
      Los Angeles, California  90071-2627
      Telephone:  (213) 532-2000
      Facsimile:  (213) 532-2020
      E-mail:        amortimer@hunton.com

      HUNTON & WILLIAMS, LLP
      Jeffrey N. Martin (Admitted *Pro Hac Vice*)
      Douglas M. Garrou (Admitted *Pro Hac Vice*)
      2200 Pennsylvania Avenue, NW
      Washington, DC 20037
      Telephone:  212 • 955 • 1500
      Facsimile:  212 • 778 • 2201
      E-mail:        jmartin@hunton.com
                     dgarrou@hunton.com

      Attorneys for Plaintiff and Counter-Defendant
      GEORGIA-PACIFIC LLC

19
PLAINTIFF AND COUNTER-DEFENDANT'S AMENDED ANSWER TO
CITY OF FORT BRAGG'S FIRST AMENDED COUNTERCLAIM

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is 550 South Hope Street, Suite 2000, Los Angeles, California 90071-2627.

On August 4, 2014, I served the foregoing document(s) described as **PLAINTIFF/COUNTER-DEFENDANT GEORGIA-PACIFIC, LLC'S AMENDED ANSWER TO DEFENDANT THE CITY OF FORT BRAGG'S FIRST AMENDED COUNTERCLAIM** on the interested parties in this action:

**SEE ATTACHED RIDER**

☒   **By ELECTRONIC MAIL:** by causing a true and correct copy thereof to be transmitted electronically to the attorney(s) of record at the e-mail address(es) listed in the attached **RIDER**.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **August 4, 2014**, Los Angeles, California.

/s/ Rita Kim
Rita Kim

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

i

**R I D E R**

| | |
|---|---|
| R. Gaylord Smith<br>bob.smith@lewisbrisbois.com<br>Gordon J. Calhoun<br>gordon.calhoun@lewisbrisbois.com<br>Ernest Slome<br>ernest.slome@lewisbrisbois.com<br>Michael.Johnson@lewisbrisbois.com<br>Joe.Salazar@lewisbrisbois.com<br>Robert.Slaughter@lewisbrisbois.com<br>Timothy.Swickard@lewisbrisbois.com<br>Nan.Garcia@lewisbrisbois.com<br>GeneRitti@officemax.com<br>jeffreyneumeyer@officemax.com<br>dennisradocha@officemax.com<br>melodywhigam@officemax.com<br>**LEWIS BRISBOIS BISGAARD<br>    & SMITH LLP**<br>701 B Street, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619-233-1006<br>Facsimile:   619-233-8627 | *Attorneys for Defendant and<br>Counter-Claimant*<br>*OFFICEMAX INCORPORATED* |
| Noel Edlin<br>nedlin@behblaw.com<br>Fred M. Blum<br>fblum@behblaw.com<br>Farheena A. Habib<br>fhabib@behblaw.com<br>mtle@behblaw.com<br>**BASSI, EDLIN, HUIE & BLUM LLP**<br>500 Washington Street, Suite 700<br>San Francisco, CA 94111<br>Telephone: (415) 397-9006<br>Facsimile: (415) 397-1339 | *Attorneys for Defendant and<br>Counter-Claimant*<br>*CITY OF FORT BRAGG* |

**Hunton & Williams LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

CERTIFICATE OF SERVICE

29073.000398 EMF_US 51871049v1