Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA -- SAN FRANCISCO DIVISION

| GEORGIA-PACIFIC LLC,<br>Plaintiff,<br>v.<br>OFFICEMAX INCORPORATED, LOUISIANA-PACIFIC CORPORATION, AND THE CITY OF FORT BRAGG,<br>Defendants.<br><br>AND RELATED COUNTERCLAIMS AND CROSSCLAIMS | CASE NO.: 12-02797-WHO<br><br>**DECLARATION OF JAMES B. HANNAN IN SUPPORT OF LETTER BRIEF OF GEORGIA-PACIFIC LLC REGARDING MOTION FOR PROTECTIVE ORDER**<br><br>*[Letter Brief Regarding Protective Order Filed Concurrently Herewith]*<br><br>**Complaint Filed: May 31, 2012**<br>**Amd. Comp. Filed: June 4, 2012**<br>**2nd Amd. Comp. Filed: May 21, 2013**<br>**3P Comp. Filed: August 30, 2012**<br>**1st Amd. 3P Comp. Filed: October 31, 2012** |

DECLARATION OF JAMES B. HANNAN

CASE NO. 12-02797-WHO

# DECLARATION OF JAMES B. HANNAN

I, James B. Hannan, declare and state as follows:

1.      I am Chief Executive Officer ("CEO") and President of Georgia-Pacific LLC ("Georgia-Pacific"). I have held this position since 2007.

2.      I have personal knowledge of the matters set forth in this Declaration. If called to testify, I could and would competently testify under oath to the matters so stated.

3.      Georgia-Pacific LLC is a Delaware Limited Liability Company, with its principal place of business in Atlanta, Georgia. Georgia-Pacific has over 35,000 employees at hundreds of locations worldwide.

4.      In my current position as CEO and President, I am responsible for the overall strategy and management of the company. The executives who report directly to me include the leaders of Sourcing, Human Resources, Legal, Packaging, GP Foundation, Operations Excellence and Compliance, Building Products, Strategy and Business Development, Consumer Products, Communications, and Finance.

5.      I have been informed that OfficeMax Incorporated and the City of Fort Bragg ("Defendants") have served a notice to take my deposition in this lawsuit, and that the lawsuit concerns allocation of environmental response costs on the Georgia-Pacific Mill Site in Fort Bragg, California (the "Fort Bragg Site"), along with the parties' handling of contamination issues.

6.      I am advised that Defendants seek to take my deposition primarily about events and communications that took place approximately eight years ago. Given my broad responsibilities as Georgia-Pacific's President and CEO for the past seven years over all aspects of the company, my recollection of those specific events and communications beyond the written documents is very limited. If Defendants are allowed to take my deposition, preparation for the deposition will

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

take time away from my official duties and will represent a significant burden on the company.

7. In my position as President and CEO of Georgia-Pacific from 2007 to present, I have not directly overseen or managed Georgia-Pacific's operations at the Fort Bragg Site. Nearly all my knowledge about the Fort Bragg Site is second-hand through reporting from those individuals closer to the management of the Fort Bragg Site. As with many other Georgia-Pacific properties, I have a general, high-level understanding of the activities on the Fort Bragg Site.

8. In my role as President and CEO, I receive copies of e-mail and other correspondence to keep me generally apprised of the status of many matters of significance to the company. My receipt of such e-mails does not mean that I have direct, first-hand knowledge of the matters discussed. In my role, I will also ask questions at times to challenge those with direct, first-hand knowledge to assist them in their analysis and approach. The culture at Georgia-Pacific is one of challenge, and employees are encouraged to reach out to others to test their decisions and judgments. My limited participation on issues related to the Fort Bragg Site often involved other employees seeking to challenge their own decisions and judgments. Again, this does not mean that I have direct, first-hand knowledge of the matters discussed.

9. Likewise, I am apprised of significant corporate expenditures for which Georgia-Pacific employees managing specific projects require authorization from upper management. My knowledge about such expenditures relating to the Fort Bragg Site derives from information given to me by others.

10. To the extent that I have knowledge about the Fort Bragg Site, or about the handling of contamination or allocation of environmental response costs at the Fort Bragg Site, such information can be obtained from others at Georgia-Pacific who are available or have been made available for deposition.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

11. More specifically, I have attended meetings during which the Fort Bragg Site was discussed. Those meetings were attended by others, and the information shared at those meetings can be or has been obtained from other attendees, to the extent not protected by the attorney-client privilege.

12. I have reviewed e-mails in which my name appears relating to Fort Bragg Site, and have verified that those e-mails do not indicate that I have unique, first-hand knowledge about the issues discussed.

13. I have also reviewed portions of the deposition transcript of Roger Hilardes referring to me. I have no additional unique and first-hand information to offer in response to the questions asked.

14. I have also reviewed portions of the deposition transcript of Carol Stephens referring to me. I have no additional unique and first-hand information to offer in response to the questions asked.

15. I understand Defendants claim that I "was tasked with" addressing the concerns of a local Native American tribe in Fort Bragg. This is not true.

16. I further understand that Defendants allege that I "made the call" on various issues relating to the Fort Bragg Site, such as approving small vendor invoices and critiquing the details of consultants' work on the project. This is an exaggeration of my role. As I have stated, I was one of a number of senior executives who were kept generally informed about issues by those with direct first-hand knowledge. My knowledge is neither unique nor first-hand, and can be obtained from others now or formerly with Georgia-Pacific.

[space intentionally blank]

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 12th day of August, 2014 at Atlanta, Georgia.

James B. Hannan

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627