HUNTON & WILLIAMS LLP
Ann Marie Mortimer (SBN 169077)
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: 213-532-2000
Facsimile: 213-532- 2020
E-mail:  amortimer@hunton.com

Attorneys for Plaintiff and Counter-Defendant
GEORGIA-PACIFIC LLC

[Additional Counsel on Next Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| GEORGIA-PACIFIC LLC,<br><br>Plaintiff,<br><br>v.<br><br>OFFICEMAX INCORPORATED, LOUISIANA-PACIFIC CORPORATION, AND CITY OF FORT BRAGG,<br><br>Defendants.<br><br>_____<br>AND RELATED COUNTERCLAIMS AND CROSSCLAIMS | CASE NO.:  12-02797 WHO<br><br>**SECOND SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:         August 21, 2014<br>Time:        10:00 a.m.<br>Judge:       Hon. William H. Orrick<br>Courtroom: Courtroom 2, 17th Floor<br>                 450 Golden Gate Avenue<br><br><br>Complaint Filed: May 31, 2012<br>Amd. Comp. Filed: June 4, 2012<br>2nd Amd. Comp. Filed: May 21, 2013<br>3P Comp. Filed: August 30, 2012<br>1st Amd. 3P Comp. Filed: October 31, 2012 |

HUNTON & WILLIAMS, LLP
Harry M. Johnson, III (Admitted Pro Hac Vice)
951 East Byrd Street
Richmond, VA 23219
Telephone:  804 • 788 • 8200
Facsimile:  804 • 788 • 8218
E-mail:  pjohnson@hunton.com

Jeffrey F. Martin (Admitted Pro Hac Vice)
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone:  212 • 955 • 1500
Facsimile:  212 • 778 • 2201
E-mail:  jmartin@hunton.com

Attorneys for Plaintiff and Counter-Defendant
GEORGIA-PACIFIC LLC

LEWIS BRISBOIS BISGAARD & SMITH LLP
R. Gaylord Smith, # 72726
Bob.Smith@Lewisbrisbois.Com
Gordon J. Calhoun, # 84509
Gordon.Calhoun@Lewisbrisbois.Com
Ernest Slome, #122419
ernest.slome@lewisbrisbois.com
701 B Street, Suite 1900,
San Diego, California 92101
Tel: 619.233.1006 / Fax: 619.233.8627

Michael K. Johnson, # 130193
Michael.Johnson@Lewisbrisbois.Com
Joseph A. Salazar Jr., # 169551
Joe.Salazar@Lewisbrisbois.Com
Timothy J. Swickard, # 208777
timothy.swickard@lewisbrisbois.com
333 Bush Street, Suite 1100,
San Francisco, California 94104
Tel: 415.362.2580 / Fax: 415.434.0882

Attorneys for Defendant, Counter-Claimant, and Third-Party Plaintiff
OFFICEMAX INCORPORATED

SECOND SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT

BASSI, EDLIN, HUIE & BLUM LLP
Noel Edlin  (SBN 107796)
Fred M. Blum (SBN 101586)
Farheena A. Habib (SBN 243405)
500 Washington Street, Suite 700
San Francisco, CA 94111
Telephone:  (415) 397-9006
Facsimile:  (415) 397-1339
Email:        nedlin@behblaw.com
                 fblum@behblaw.com
                 fhabib@behblaw.com

Attorneys for Third-Party Defendant and Counter-Claimant
THE CITY OF FORT BRAGG

SECOND SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT

In advance of the Case Management Conference in this matter set for 10:00 a.m. on August 21, 2014, Plaintiff Georgia-Pacific LLC ("Georgia-Pacific") and Defendants OfficeMax Incorporated ("OfficeMax") and the City of Fort Bragg ("the City") (collectively the "Parties"), through their respective counsel, respectfully submit this Second Supplemental Joint Case Management Statement to inform the Court of relevant developments since the submission of the previous Supplemental Joint Case Management Statement on March 11, 2014.  The most significant changes are in the "Motions,"  "Evidence Preservation" and "Scheduling" sections below.

### 1.    JURISDICTION AND SERVICE

The Court has subject matter jurisdiction pursuant to 42 U.S.C. § 9607(a) and 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  All Parties have been served and there are no pending defenses to service.

### 2.    FACTS

The facts and claims at issue in this case were described in the original Joint Case Management Statement ("Original Joint Statement") (July 12, 2013) (Docket No. 108), and the Supplemental Joint Case Management Statement ("Supplemental Joint Statement") (March 11, 2014) (Docket No. 145).  Generally, factual disputes center on (a) the liability of the Defendants, (b) the recoverability of Georgia-Pacific's payments to contractors for remediation work at the site, (c) the factors that bear upon equitable allocation among the Parties.  In addition, on June 23, 2014, the City was granted leave to add state law claims against Georgia-Pacific for fraud and breach of contract, among others.  (Docket No. 191).  Factual disputes exist concerning those state law claims.

SECOND SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT

### 3.   LEGAL ISSUES

The Parties anticipate cross-motions for summary judgment on a variety of issues after discovery has closed.

### 4.   MOTIONS

There are a number of letter briefs pending before Magistrate Judge Beeler or soon to be filed.  These include the following:

a.   OfficeMax's Motion to Compel regarding Georgia-Pacific privilege log, including request for 60-day extension of discovery cutoff for privilege disputes.  (Docket # 223.)

b.   OfficeMax's Motion to Increase its Allowable Depositions from 10 to 30, accompanied by City's request for "equal treatment" with Georgia-Pacific. The Parties also dispute how many depositions that OfficeMax and the City have taken to date.  (Docket # 222.)

c.   Georgia-Pacific's Motion for Protective Order to quash Defendants' Notice of Deposition of Georgia-Pacific's President and Chief Executive Officer ("CEO"), James B. Hannan. (Docket # 224).

d.   Defendants' Motion to Compel regarding privilege log of AME. (Docket # 210.)

e.   Georgia-Pacific's Motion to Compel completion of OfficeMax 30(b)(6) Deposition. (Docket # 225.)

f.   City's Motion to Compel regarding Georgia-Pacific's responses to request for production of documents, set 2 (letter briefing in process).

g.   City's Motion to Compel regarding Georgia-Pacific's responses to requests for admissions, set 2 (letter briefing in process).

h.    City's Motion to Compel regarding Georgia-Pacific's answers to interrogatories, set 2 (letter briefing in process).

SECOND SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT

i.      OfficeMax's motion to compel production of portions of personnel files of former Georgia-Pacific employees (letter briefing in process).

j.      Georgia-Pacific's Motion to Test Adequacy of OfficeMax's Responses to Request for Admissions (letter briefing imminent).

In addition to the above, the City is considering whether to file a motion to request that the Court bifurcate the issue of the City's damages for Georgia-Pacific's breach of the 2009 Agreement between it and Georgia-Pacific.  As stated below in the Evidence Preservation section, OfficeMax plans to file a spoliation motion.

**5.      AMENDMENT OF PLEADINGS**

The deadlines have passed for amendments to pleadings.

**6.      EVIDENCE PRESERVATION**

Georgia-Pacific and the City have not yet resolved disputes regarding the City's loss of potentially relevant ESI, as well as the accuracy of the privilege logs submitted by Georgia-Pacific.

OfficeMax plans to bring a motion for spoliation of evidence with regard to (1) the loss of ESI because of Georgia-Pacific's failure to issue a litigation hold letter until 2012 (as it admits that it was anticipating litigation over the remediation as early as 2005), and, (2) the destruction of the soil matrix at the mill site by remediating the site before giving notice to OfficeMax.

**7.      DISCLOSURES**

The Parties have made the initial disclosures required by Rule 26.  The City supplemented its initial disclosures on August 6, 2014, as to its new claims against Georgia-Pacific.  There is a dispute about the City's Supplemental Initial Disclosures.  *See* footnote 5 below.

**8.      DISCOVERY**

**Georgia-Pacific's Position**

*See* "Scheduling" below.

SECOND SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT

**City's Position**

OfficeMax has requested that the number of depositions that are allowed under the previous Scheduling Order be increased.  The City understands that Georgia-Pacific is also requesting an increase in the number of depositions.  If that is true then the City would request reciprocity with Georgia-Pacific's increase.  If Georgia-Pacific is not asking for any increase then neither is the City.

**OfficeMax's Position**

*See* "Scheduling" below.

**9.     CLASS ACTION**

This matter is not a class action.

**10.    RELATED CASES**

There are no related cases.

**11.    RELIEF**

The Original Joint Statement describes the relief requested.

On June 23, 2014, the Court granted leave to the City to add counter-claims against Georgia-Pacific for fraud, negligent misrepresentation, declaratory relief, and breach of contract.  The City counter-claims are requesting damages for Georgia-Pacific's breach of contract and torts.  It is also requesting a declaration from the Court regarding the Parties rights under the 2009 Agreement between it and Georgia-Pacific.

**12.    SETTLEMENT AND ADR**

Georgia-Pacific and OfficeMax are scheduled to reconvene for a further mediation session before the Hon. Layn Phillips (Ret.) on August 27, 2014, in New York City.  The City will not be attending the session but has been having separate settlement discussions with Georgia-Pacific.

### 13.    CONSENT TO MAGISTRATE FOR ALL PURPOSES

The Parties do not consent to a Magistrate Judge handling the case for all purposes.

### 14.    OTHER REFERENCES

There is no agreement among the Parties for any reference to a special master.

### 15.    NARROWING OF ISSUES

The Parties do not currently have any proposals by which to narrow the issues in this matter.

### 16.    EXPEDITED TRIAL PROCEDURE

The Parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure.

### 17.    SCHEDULING

**<u>Georgia-Pacific's Position</u>**

Georgia-Pacific requested a Case Management Conference because Defendants' litigation tactics pose a serious threat to the discovery cutoff and trial date.  Indeed, OfficeMax has already asked Magistrate Judge Beeler to extend the discovery cutoff for 60 days.[1]  Moreover, with less than six weeks before the close of discovery, OfficeMax is seeking leave to take *20* more depositions in addition to the 10 permitted under the original Case Management Scheduling Order (Docket No. 68), and the City is seeking "equal treatment."[2]

These extraordinary requests are part of a broader strategy to goad the Court into extending the case and continuing the trial.  Acting in concert against Georgia-Pacific under a Joint Defense Agreement, OfficeMax and the City have launched a barrage of joint letter briefings with Magistrate Judge Beeler on nonexistent or

---

[1] *See* Docket No. 223.  Such an extension would almost surely jeopardize the trial date.
[2] *See* Docket No. 222.

SECOND SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT

trivial discovery squabbles.[3]  For its part, the City delayed completion of its production of Electronically-Stored Information ("ESI") until August 6, 2014, and the City *still* has not produced a privilege log.  This comes after assuring the Court that its new claims would not delay the case[4], and after months of complaints and motions about privilege logs produced by Georgia-Pacific.[5]  Further trying to complicate the discovery schedule and harass Georgia-Pacific, Defendants are jointly seeking to take the "apex" deposition of Georgia-Pacific's President and CEO, James B. Hannan.[6]

Georgia-Pacific requests that the Court reiterate to the Parties that, despite all Defendants' motion practice as discovery nears completion, the discovery cutoff will remain September 24, 2014, and the trial date will remain March 23, 2015.  The current schedule is reasonable, and Georgia-Pacific will be prepared to try the case on March 23, 2015.

Further discussion is warranted about the Joint Defense Agreement between OfficeMax and the City.  They had not revealed its existence to the Court in prior Case Management Conferences or filings, and it sheds light on their current tactics. A good example is the pending issue about the number of allowable depositions.

---

[3] *See, e.g.,* Docket No. 223 (OMX and City attacking Georgia-Pacific's privilege log based on OMX counsel's misreading of the log despite Georgia-Pacific's prior explanations how to read it); Docket Nos. 205-207 (OMX and City attacking privilege log that had been superseded).  These are just two of many examples of pending and imminent discovery squabbles that have little or no bearing on the merits of the case.

[4] *See, e.g.,* Docket No. 163 at 9-10.

[5] The City has also failed to produce *any* documents supporting its alleged damages as required by Fed. R. Civ. P. 26(a)(iii) (initial disclosures "must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each [damages] computation is based, including materials bearing on the nature and extent of injuries suffered").  The City has declined even to meet and confer on the issue until August 25, 2014, less than 30 days before the close of discovery.  These inexcusable delays are clearly designed to force Georgia-Pacific to ask for an extension of discovery.

[6] *See* Docket No. 224 (pending letter brief on Georgia-Pacific's motion for protective order).

SECOND SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT

The case had a different posture in December 2012 when Judge Seeborg departed from the default rule that would have allowed the Defendants *collectively* to take 10 depositions.[7]  Judge Seeborg allowed each party 10 depositions, but Defendants did not advise him they had entered into their Joint Defense Agreement to cooperate against Georgia-Pacific.  Thus, Defendants were given 20 depositions for their side, as compared to 10 depositions for Georgia-Pacific.  Consistent with their Joint Defense Agreement, neither OfficeMax nor the City has noticed a *single* deposition of the other.  Every deposition has been taken of personnel or consultants affiliated with Georgia-Pacific.  Defendants' request for 20 additional depositions (or 40 if the City is given its requested "equal treatment") as discovery is nearing a close is intended to exacerbate the asymmetrical balance of discovery favoring Defendants and harming Georgia-Pacific.  More critical, it undoubtedly serves Defendants' purpose of trying to induce the Court into granting extensions of the existing deadlines.

In accordance with Rule 1 of the Federal Rules of Civil Procedure[8], Georgia-Pacific is committed to preparing and trying this case on the merits in March 2015. By contrast, Defendants have embarked on a joint strategy to delay the case and drag out discovery.[9]  Georgia-Pacific seeks the Court's assistance in moving this case towards completion in a timely and just fashion.

### City's Position

The City is not requesting any extension of the factual discovery cutoff dates or alteration of any part of the Scheduling Order.  Although the City is aware that

---

[7] *See* Notes of Advisory Committee on 1993 Amendment to FRCP 30 (default limit is "ten-per-side").

[8] "These rules … should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

[9] Although the transcript is not yet ready as of the time of this filing, the Rule 30(b)(6) deposition of the City on August 12, 2014, revealed that the City has already spent approximately $3 million in attorneys fees on this case, which the City purports to claim as "damages" against Georgia-Pacific.

OfficeMax may request an extension of the date due to issues relating to the ESI production by Georgia-Pacific, that issue is between Georgia-Pacific and OfficeMax.  However, the City does oppose any extension of the discovery cutoff date for Georgia-Pacific as it relates to the City.

The City is unaware of any scheme to force a continuation of the trial or any other date, and in fact the City does not want a continuation of the trial or any other date.  It is true that there have been an inordinate number of discovery disputes in this matter.[10]  The City has been forced to file approximately eight motions to compel further discovery from Georgia-Pacific due to Georgia-Pacific's habit of improperly withholding documents, and inadequately preparing its witnesses for deposition and responding to written discovery.  The City has prevailed on each one of the City's motions against Georgia-Pacific, while Georgia-Pacific has not been successful on any of its own motions brought against the City.

Magistrate Judge Beeler has been more than able to deal with discovery issues and the City is unsure of the rationale for Georgia-Pacific's assertions as part of the Scheduling Conference.   For each claim by Georgia-Pacific, the City has a response.  For instance, Georgia-Pacific complains about the production of the City's ESI but neglects to tell the Court that the ESI has been produced by all of the parties on a rolling basis, and that Georgia-Pacific is still supplementing its own ESI production.  Moreover, the production of the City's privilege log is consistent with the agreement between the parties.  If indeed Georgia-Pacific believes that the City is not in compliance with the Rules, it is an issue which Magistrate Judge Beeler should resolve.

---

[10] Counsel for the City has had to file more motions in this case than it has in all of the cases it has participated in the last 10 years.

SECOND SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT

**OfficeMax's Position**

Georgia-Pacific's production of ESI has been so back-end loaded that it is causing material prejudice to the trial preparation of defendants. Accordingly, OfficeMax requests a 60 day extension of discovery as to Georgia-Pacific only because the July 18, 2014 production of its ESI privilege logs – its first production of ESI privilege logs – threatens to deprive defendants of a fair opportunity to challenge the privilege claims and to compel production of improperly withheld documents. OfficeMax is NOT requesting a trial continuance.

In terms of context, this Court's stay on ESI discovery was lifted effective December 3, 2014. (Docket # 120). Georgia-Pacific's ESI productions began on January 21, 2014 and continued on a rolling basis until July 25, 2014. The privilege logs for the ESI production were not served until July 28, 2014, with two log comprising 9,897 items.

OfficeMax filed a letter brief on August 12, 2014 (Docket # 223) seeking relief with regard to one of the logs (the other log may be mooted by another pending discovery dispute), and requesting that Magistrate Judge Beeler recommend to this Court a 60 day extension of the September 23, 2014 discovery cutoff as to Georgia-Pacific only.

Defendants' experience with five prior Georgia-Pacific privilege logs regarding its hard copy productions and multiple productions by consultants demonstrated that:

(1) Georgia-Pacific over-designated privileged documents between 75% and 98% of the time (see Declaration of R. Smith [Docket #233]);

(2) The meet and confer process took on average over *four* months to complete (with the largest log of 503 items taking seven months) (*Id.*).

There is no reason to believe that the July 28, 2014 logs (which are 20 times longer that the longest previous log) will be any better than the previous logs, or that

the final result after challenge will be any different.  By producing these logs less than 60 days before the discovery cutoff, Georgia-Pacific leaves OfficeMax without any effective remedy to redress these logs unless discovery is extended.

Georgia-Pacific has delayed and obstructed discovery of  the most critical ESI; it has blocked depositions of the most critical witnesses.  Plaintiff operated the mill for the last 40 years and hence it, not OfficeMax, has had all the documents and records.  The so-called "asymmetry" in discovery reflects the reality that Georgia-Pacific monopolizes both the documents and the witnesses.  OfficeMax was required by the 1973 Purchase and Sale Agreement to leave all operating records with Georgia-Pacific.  Georgia-Pacific has used this asymmetry to its favor with a "bury with paper" strategy, producing over five million pages of operating records, duplicates of technical reports and lab data.

However, when important information is at stake, Georgia-Pacific has:

- Resisted the collection of ESI from any of its senior management.  (ECF # 199.)

- Refused to produce its CEO for deposition despite his hands on management of the cleanup of the mill.  (ECF # 224.)

- Refused to stipulate to taking more than 10 depositions in a case where its employees are the principal source of knowledge of the cause of contamination at the mill.  (ECF # 220.)

- Refused to admit the authenticity of official records of the Regional Water Control Board about the mill (RFA, Set One, ## 19 to 39), and refused to admit the dates of any of 146 photographs of the mill taken by the Regional Water Quality Control Board (RFA, Set Two, ## 135 to 281).

It is unfair for Georgia-Pacific to resist discovery and then argue against a discovery extension.  A sixty day extension of discovery would promote fairness and the interests of justice.

SECOND SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT

## 18.    TRIAL

The Parties' CERCLA claims will be tried to the Court.  The City's claims under state law will be tried to a jury.

## 19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS.

The Parties are aware of no such entities or persons.

## 20.    OTHER MATTERS

The Parties  have no other matters to bring to the Court's attention at this time.

DATED:  August 15, 2014          HUNTON & WILLIAMS LLP


                                 By: /s/ *Harry M. Johnson, III*
                                         Harry M. Johnson, III
                                         Attorney for Plaintiff and
                                         Counter-Defendant
                                         GEORGIA-PACIFIC LLC


DATED:  August 15, 2014          LEWIS BRISBOIS BISGAARD & SMITH LLP


                                 By: /s/ *R. Gaylord Smith*
                                         R.Gaylord Smith
                                         Attorney for Defendant,
                                         Counter-Plaintiff
                                         OFFICEMAX INCORPORATED


DATED:  August 15, 2014          BASSI EDLIN HUIE & BLUM LLP


                                 By: /s/ *Fred M. Blum*
                                         Fred M. Blum
                                         Attorney for Defendant and Counter-Plaintiff
                                         THE CITY OF FORT BRAGG

**Hunton & Williams LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to this action.  My business address is 550 South Hope Street, Suite 2000, Los Angeles, California 90071-2627.

On August 15, 2014, I served the foregoing document(s) described as **SECOND SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT** on the interested parties in this action:

**SEE ATTACHED RIDER**

☒    **By ELECTRONIC MAIL:**  by causing a true and correct copy thereof to be transmitted electronically to the attorney(s) of record at the e-mail address(es) listed in the attached **RIDER**.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **August 15, 2014**, Los Angeles, California.


/s/ *Gordana V. Ognjanovic*
Gordana V. Ognjanovic

i
CERTIFICATE OF SERVICE

**R I D E R**

| | |
|---|---|
| R. Gaylord Smith<br>bob.smith@lewisbrisbois.com<br>Gordon J. Calhoun<br>gordon.calhoun@lewisbrisbois.com<br>Ernest Slome<br>ernest.slome@lewisbrisbois.com<br>Michael.Johnson@lewisbrisbois.com<br>Joe.Salazar@lewisbrisbois.com<br>Robert.Slaughter@lewisbrisbois.com<br>Timothy.Swickard@lewisbrisbois.com<br>Nan.Garcia@lewisbrisbois.com<br>GeneRitti@officemax.com<br>jeffreyneumeyer@officemax.com<br>dennisradocha@officemax.com<br>melodywhigam@officemax.com<br>**LEWIS BRISBOIS BISGAARD<br>    & SMITH LLP**<br>701 B Street, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619-233-1006<br>Facsimile:  619-233-8627 | *Attorneys for Defendant and Counter-Claimant*<br>*OFFICEMAX INCORPORATED* |
| Noel Edlin<br>nedlin@behblaw.com<br>Fred M. Blum<br>fblum@behblaw.com<br>Farheena A. Habib<br>fhabib@behblaw.com<br>mtle@behblaw.com<br>**BASSI, EDLIN, HUIE & BLUM LLP**<br>500 Washington Street, Suite 700<br>San Francisco, CA 94111<br>Telephone: (415) 397-9006<br>Facsimile: (415) 397-1339 | *Attorneys for Defendant and Counter-Claimant*<br>*CITY OF FORT BRAGG* |

**Hunton & Williams LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

ii
CERTIFICATE OF SERVICE