# EXHIBIT 1

# THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO GEORGIA-PACIFIC, LLC, SET TWO

NOEL EDLIN, ESQ. (SBN 107796)
nedlin@behblaw.com
FRED M. BLUM, ESQ. (SBN 101586)
fblum@behblaw.com
FARHEENA A. HABIB, ESQ. (SBN 243405)
fhabib@behblaw.com
MY-LINH T. LE, ESQ. (SBN 287351)
mtle@behblaw.com
BASSI, EDLIN, HUIE & BLUM LLP
500 Washington Street, Suite 700
San Francisco, CA 94111
Telephone:    (415) 397-9006
Facsimile:    (415) 397-1339

Attorneys for Defendant and Counter-Defendant
THE CITY OF FORT BRAGG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA-PACIFIC LLC, | Case No. 3:12-cv-02797-WHO |
| Plaintiffs, | **THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO** |
| vs. | |
| OFFICEMAX INCORPORATED, LOUISIANA-PACIFIC CORPORATION, and CITY OF FORT BRAGG. | |
| Defendants. | Trial Date: October 27, 2014 |
| | Second Amended Complaint Filed:  May 20, 2013 |
| AND RELATED COUNTERCLAIMS AND CROSS CLAIMS | First Amended Third-Party Complaint Filed: October 31, 2012 |

PROPOUNDING PARTY:      City of Fort Bragg

RESPONDING PARTY:      Georgia-Pacific, LLC

SET NO.:      Two

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant and counter-claimant the CITY OF FORT BRAGG ("CITY") hereby requests that plaintiff and counter-

777687

1

CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO GEORGIA-PACIFIC, LLC, SET TWO.

defendant, GEORGIA-PACIFIC, LLC ("GEORGIA-PACIFIC") answer the following requests separately, fully, in writing and under oath, and serve the responses within thirty (30) days.

## DEFINITIONS

1.     "AGENCY" shall mean any and all regulatory or oversight agencies currently or formerly involved with the MILL SITE, including but not limited to Department of Toxic Substances Control ("DTSC"), the North Coast Regional Water Quality Control Board ("RWQCB"), the Mendocino County Air Quality Management District ("AQMD"), the California Coastal Commission ("CCC"), the U.S. Environmental Protection Agency ("EPA"), the CITY and any of its agencies or divisions, any agency or division of Mendocino County, and any other agency with oversight authority for any portion of the MILL SITE.

2.     "CERCLA" means the Comprehensive Environmental Response, Compensation, and Liability Act set forth at §§ 42 U.S.C. 9601, *et seq.*

3.     "CITY" shall refer to the defendant and counter-claimant in the above-captioned matter, the City of Fort Bragg.

4.     "CODE OF CONDUCT" shall refer to the document referenced by Roger J. "Chip" Hilarides on page 399 of his deposition taken on Thursday, March 6, 2014.

5.     "COMMUNICATIONS" means any form of communication, whether verbal, telephonic, written, electronic, recorded or otherwise.

6.     "COMPLAINT" means GEORGIA-PACIFIC's Second Amended Complaint against OFFICEMAX INCORPORATED, LOUISIANA-PACIFIC CORPORATION, and the CITY OF FORT BRAGG filed in the above-captioned matter on May 20, 2013.

7.     "DEPOSITION SUMMARIES" shall refer to the DOCUMENTs prepared by Hunton & Williams, as described in the Deposition of Roger J. "Chip" Hilarides at 330:12-18.

8.     "DISPOSAL" shall have the meaning provided in CERCLA section 101(29), 42 USC § 9601(29).

9.     "DOCUMENTS" means all "writings and recordings" and photographs" as defined by Rule 1001 of the Federal Rules of Evidence; the term includes the original, all drafts, and any and each copy bearing notations or marks not found on the original or draft, of any

777687

2

written, recorded or graphic matter, however produced or reproduced, including, but not limited to, any typed or printed matter, microfilm, photographs, pictures and films, maps, correspondence, letters, faxes, interoffice and interstate communications, licenses, permits, advertisements, brochures, circulars, pamphlets, diaries, calendars, memoranda, insurance policies, contracts or agreements, checks, statements of account, receipts, summaries, indices, data sheets, notes, papers, files, assignments, books, records, telegrams, messages (including email, text messages, and instant messages), reports, tables, graphs, computer printouts, tape recordings, transcripts, charts, logs, accounts, ledgers, surveys, blueprints, engineering or architectural drawings or diagrams, sketches, studies, manuals, appraisals, consultant's or expert's reports, resumes and curriculum vitae, exhibits, notices, instructions, minutes, purchase orders, financial records, statements, bills, accounting records, tax records, accounting or tax work sheets, magnetic tapes and any other data compilations from which information can be obtained or translated.

"DOCUMENTS" also includes all electronic media on which responsive information is stored or recorded, including, but not limited to, all computer databases, indices, computers, servers, backup storage media, CD-ROMs, DVDs, e-mails, word processing documents, computer spreadsheets, graphic files, data compilations, voicemails, magnetic media, tapes, optical disks, hard drives, removable storage devices, and floppy disks.

10.   "ENTITY" shall mean any natural PERSON or business entity.

11.   "ENVIRONMENTAL ALERT" shall refer to the memoranda as referenced by Roger J. "Chip" Hilarides on page 580 of his deposition taken on Thursday, March 6, 2014,

12.   "FLY ASH" shall mean any residue or byproduct from burning wood or combustion that rises with the flue gases, regardless of whether or not it is released into the atmosphere or captured and stored, including but not limited to wood waste ash or wood ash.

13.   "GLASS BEACH" shall have the meaning used in Georgia-Pacific's mediation brief.

14.   "HAZARDOUS SUBSTANCE" shall have the meaning provided in the definition set forth in 42 U.S.C. § 9601(14).

777687

3

15.   "LOUISIANA-PACIFIC" shall mean third-party defendant in the above captioned matter, Louisiana-Pacific Corporation, and includes its parents, subsidiaries, corporate predecessors, successors, and any other affiliated entities; its officers, directors, employees, agents, members, and representatives; and, any and all other natural PERSONS, business or legal entities, acting or purporting to act on its behalf.

16.   "MILL POND" shall refer to Pond 8 on the MILL SITE, also known as the Log Pond.

17.   "MILL SITE" or "MILL" means the real property and all associated improvements located at and around 90 West Redwood Avenue, Fort Bragg, Mendocino County, California, consisting of approximately 415 acres along the Pacific Ocean, and defined as the "Site" in the COMPLAINT.

18.   "MUNICIPAL WOOD" or "MUNICIPAL WOODWASTE" shall have the same meaning imparted to the term "municipal wood" referenced by ARCADIS in its Data Summary Report Operable Unit E Pond Sediment and as referenced in "Exhibit No. 214" to Roger J. Hilarides' deposition taken on Wednesday, March 5, 2014, and the terms "urban wood waste" and "demolition wood waste" as referenced in the Feb. 1, 2002 letter from F. Denney to C.D. Woldbach, attached hereto as Exhibit A.

19.   "OFFICEMAX" means defendant OfficeMax Incorporated in the above captioned matter, and includes its parents, subsidiaries, corporate predecessors, successors, and any other affiliated entities; its officers, directors, employees, agents, members, and representatives; and, any and all other natural PERSONS, business or legal entities, acting or purporting to act on its behalf.

20.   "OWNER" or "OPERATOR" shall have the meaning set forth in CERCLA section 101(20), 42 USC § 9601(20).

21.   The term "PERSON" or "PERSONS" means any legal entity or entities, including, without limitation, any individual firm, corporation, partnership, limited partnership, organization, unincorporated association, public agency or body, governmental agency, authority

777687

4

or body, trust, joint venture, business organization or arrangement, and/or any other juridical entity.

22.   "PIPE 1" refers to the pipe located on the MILL SITE that runs directly to the northeastern corner of the MILL POND, as depicted and highlighted in Figure 1-2 of the Mill Pond Storm Water Sampling Report by ARCADIS, attached hereto as Exhibit B.

23.   "PIPE 2" refers to the pipe located on the MILL SITE that runs directly to the southeastern corner of the MILL POND, as depicted and highlighted in Figure 1-2 of the Mill Pond Storm Water Sampling Report by ARCADIS, attached hereto as Exhibit C.

24.   "REFER TO," "RELATE TO" or "RELATING TO" means that which constitutes, contains, supports, modifies, contradicts, criticizes, discusses, mentions, describes, records, reports, reflects or which pertains to the subject matter specified, including that which was prepared in connection with, arises from, or is or has been collected, recorded, examined, or considered by YOU in connection with the subject matter specified.

25.   "RELEASE" shall have the meaning provided in CERCLA section 101(22), 42 USC § 9601(22).

26.   "REQUEST FOR ADMISSION" shall refer to the City of Fort Bragg's Requests for Admissions to Georgia-Pacific, LLC, Set One, served on August 16, 2013, and Set Two, served on March 11, 2014.

27.   "RESPONSE COST" shall have the same meaning as attributed to the term by CERCLA under 42 USC § 9607.

28.   "YOU" and "YOUR" shall refer to plaintiff GEORGIA-PACIFIC in the above-captioned matter and includes its parents, subsidiaries, corporate predecessors, successors, and any other affiliated entities; its officers, directors, employees, agents, members, and representatives; and, any and all other natural PERSONS, business or legal entities, acting or purporting to act on its behalf. The defined term YOU and YOUR also shall be construed to include all technical or expert consultants or contractors retained or hired by YOU in RELATION TO the MILL SITE.

777687

5

## INSTRUCTIONS

1.      You are to produce all DOCUMENTS requested hereby which are in your possession, custody or control, including all such DOCUMENTS in the possession of any attorney that has represented or is representing you, and including all such DOCUMENTS stored electronically.

2.      Each request is to be answered separately.

3.      The terms "and," "or," "any," and "all" shall be construed both disjunctively and conjunctively so as to bring within the scope of each of these requests all information which otherwise might be construed to be outside the scope of any request.

4.      Whenever necessary to provide a complete answer to any of these requests, or to bring within the scope of a request all relevant information, the singular form of a word shall be interpreted as plural.

5.      Each request herein for a DOCUMENT or DOCUMENTS to be produced requires production of the DOCUMENT in its entirety without redaction or expurgation.

6.      If any DOCUMENT responding to all or any part of any request is not currently available, include a statement to that effect and furnish whatever DOCUMENTS are available. Include in your statement when such DOCUMENTS were most recently in your possession or subject to your control and the disposition of the DOCUMENT, and identify by name, job title, and the last known business, home and email addresses each person currently in possession or control of such DOCUMENTS.  If any of such DOCUMENTS have been destroyed, identify by name, job title, and the last known business, home and email addresses of each person who directed that the DOCUMENTS be destroyed, the PERSON(s) who actually destroyed the DOCUMENTS, and state the reason the DOCUMENTS were destroyed.

7.      Each DOCUMENT produced for inspection or copying shall be identified by the request, or any portion thereof, to which it relates, and the location and files from which it was taken, unless the DOCUMENTS are produced as they are kept in their usual course of business.

8.      If YOU object to any request, or any portion thereof, on the grounds of attorney-client privilege, work product doctrine, or any other protection or privilege against compelled

777687

CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO GEORGIA-PACIFIC, LLC, SET TWO.

disclosure, provide a privilege log or other document which states (1) the nature of the protection or privilege claimed, (2) all statutes or rules which YOU contend support each assertion of such protection or privilege, (3) the facts giving rise to said protection or privilege, (4) the extent to which the protection or privilege is being asserted, and (5) any other relevant circumstances sufficient to enable the Court to decide whether the protection or privilege has been properly invoked, including but not limited to the date of the DOCUMENT, name and job title of each person who wrote the DOCUMENT, name and job title of each person who received the DOCUMENT or copies thereof, a brief description of the nature and subject matter of the DOCUMENT, the number of pages, and the present location and/or custodian of the DOCUMENT.  Nonetheless, provide any information which is not protected or privileged.

## DOCUMENT REQUESTS

**REQUEST NO. 25:**

For each REQUEST FOR ADMISSION that YOU denied, in whole or in part, produce, separately for each such request, all DOCUMENTS that YOU have relied upon, or otherwise believe would support YOUR response.

**REQUEST NO. 26:**

All DOCUMENTS, from 1973 to the present, RELATING TO YOUR CODE OF CONDUCT, including the code itself and all editions and amendments thereto.

**REQUEST NO. 27:**

All publications, articles, reports, journals, and studies that were in your possession, at some point from 1970 to 2002, regarding any environmental or human health dangers posed by exposure to dioxin.

**REQUEST NO. 28:**

All DOCUMENTS regarding any analyses or investigations conducted by YOU prior to 2002 to determine whether any of YOUR operations at the MILL SITE produced dioxin.

**REQUEST NO. 29:**

All studies YOU conducted, prior to 2002, RELATING TO dioxins.

777687

7

**REQUEST NO. 30:**

All DOCUMENTS RELATING TO any analyses or investigations conducted by YOU, at some point from 1970 to 2002, RELATING TO the presence of dioxin at any facility that YOU owned or operated at some point from 1970 to 2002.

**REQUEST NO. 31:**

All DOCUMENTS that REFER TO, RELATE TO or in any way evidence the presence of dioxin at any lumber mill owned and operated by YOU at some point from 1970 to 2002.

**REQUEST NO. 32:**

All COMMUNICATIONS between YOU and any AGENCY, from 1970 to 2002, regarding environmental or human health dangers posed by any dioxins that came from any of YOUR operations at any lumber, paper, pulp, or other mill site.

**REQUEST NO. 33:**

All COMMUNICATIONS between YOU and any AGENCY, from 1970 to 2002, regarding the presence of dioxins on the MILL SITE.

**REQUEST NO. 34:**

All COMMUNICATIONS between YOU and any AGENCY, from 1970 to 2002, that REFER TO, RELATE TO, or in any way evidence that any of YOUR operations at any facility owned or operated by YOU, at some point from 1970 to 2002, produced or created dioxins.

**REQUEST NO. 35:**

All COMMUNICATIONS between YOU and the CITY, from 1970 to 2002, regarding any environmental or human health dangers posed by exposure to dioxin.

**REQUEST NO. 36:**

All COMMUNICATIONS between YOU and the CITY, from 1970 to 2002, regarding the presence of dioxins on the MILL SITE.

**REQUEST NO. 37:**

All COMMUNICATIONS between YOU and the CITY, from 1970 to 2002, that REFER TO, RELATE TO, or in any way evidence that any of YOUR operations at any facility owned or operated by YOU, at some point from 1970 to 2002, produced or created dioxins.

777687

8

**REQUEST NO. 38**:

All COMMUNICATIONS, from 1970 to 2002, between YOU and any person or entity that was employed by YOU or that was YOUR agent, RELATING TO the presence of dioxins on the MILL SITE.

**REQUEST NO. 39**:

All COMMUNICATIONS, from 1970 to 2002, between YOU and any person or entity with whom YOU had an independent contractor relationship, RELATING TO the actual, suspected or potential presence of dioxins on the MILL SITE.

**REQUEST NO. 40**:

All COMMUNICATIONS, from 1970 to 2002, between YOU and any person or entity that was employed by YOU or that was YOUR agent, regarding any environmental or human health dangers posed by exposure to dioxin.

**REQUEST NO. 41**:

All COMMUNICATIONS, from 1970 to 2002, between YOU and any person or entity with whom YOU had an independent contractor relationship, regarding any environmental or human health dangers posed by exposure to dioxin.

**REQUEST NO. 42**:

All COMMUNICATIONS, from 1970 to 2002, between YOU and any person or entity that was employed by YOU or that was YOUR agent, that REFERS TO, RELATES TO, or in any way evidences that any of YOUR operations at any lumber mill owned or operated by YOU, at some point from 1970 to 2002, produced or created dioxins.

**REQUEST NO. 43**:

All COMMUNICATIONS, from 1970 to 2002, between YOU and any person or entity with whom YOU had an independent contractor relationship, that REFERS TO, RELATES TO, or in any way evidences that any of YOUR operations at any lumber mill owned or operated by YOU, at some point from 1970 to 2002, produced or created dioxins.

777687

9

**REQUEST NO. 44**:

All litigation hold letters RELATING TO the above-captioned matter that YOU sent to any custodian of records containing information relevant to the above-captioned matter and/or the COMPLAINT.

**REQUEST NO. 45**:

All DOCUMENTS supporting YOUR contention that City storm water may have been pumped into Ponds 1 through 4.

**REQUEST NO. 46**:

All DOCUMENTS regarding YOUR plans for redeveloping the MILL SITE in and after 2002.

**REQUEST NO. 47**:

All COMMUNICATIONS between YOU and the CITY RELATING TO YOUR plans to redevelop the MILL SITE.

**REQUEST NO. 48**:

All COMMUNICATIONS between YOU and any AGENCY RELATING TO YOUR plans to redevelop the MILL SITE.

**REQUEST NO. 49**:

All DOCUMENTS RELATING TO any costs for the decommissioning or closing of the MILL SITE.

**REQUEST NO. 50**:

All DOCUMENTS RELATING TO the value or potential sale price for the redeveloped or re-zoned MILL SITE property

**REQUEST NO. 51**:

All DOCUMENTS regarding the real estate value of the MILL SITE property at the time of YOUR purchase of the MILL SITE.

**REQUEST NO. 52**:

All DOCUMENTS RELATING TO all operations and activities on the MILL SITE that utilized or incorporated water from the MILL POND

777687

10

**REQUEST NO. 53:**

All DOCUMENTS RELATING TO any source from which YOU purchased or collected fresh water, as opposed to sea water, used in or on the MILL SITE.

**REQUEST NO. 54:**

All reports RELATING TO any investigation or analyses RELATING TO the operation of MILL SITE without the use of water from Pond 8

**REQUEST NO. 55:**

All DOCUMENTS regarding any investigation provided to YOU prior to 2002 regarding the source of any cyanide that that was found in any discharge from Pond 8

**REQUEST NO. 56:**

All DOCUMENTS regarding any actions taken by YOU to control the existence or the amount of the cyanide that existed in any of YOUR wastes or water discharges.

**REQUEST NO. 57:**

All DOCUMENTS RELATING TO YOUR use or storage at the MILL SITE of any product or material that contained pentachlorophenol.

**REQUEST NO. 58:**

All DOCUMENTS RELATING TO any public relation campaign or program regarding the closing or sale of the MILL SITE.

**REQUEST NO. 59:**

All DOCUMENTS RELATING TO YOUR DISPOSAL or placement of any material on the portions of the MILL SITE that YOU refer to as "the glass beaches."

**REQUEST NO. 60:**

All DOCUMENTS RELATING TO YOUR knowledge of any person or entity's DISPOSAL or placement of material on the portions of the MILL SITE that YOU refer to as "the glass beaches."

777687

11

**REQUEST NO. 61:**

All COMMUNICATIONS between YOU and the CITY RELATING TO any person or entity's DISPOSAL or placement of material on the portions of the MILL SITE that YOU refer to as "the glass beaches."

**REQUEST NO. 62:**

All COMMUNICATIONS between YOU and any AGENCY RELATING TO any person or entity's DISPOSAL or placement of material on the portions of the MILL SITE that YOU refer to as "the glass beaches."

**REQUEST NO. 63:**

All COMMUNICATIONS between YOU and the CITY RELATING TO YOUR knowledge of any person or entity's DISPOSAL or placement of material on the portions of the MILL SITE that YOU refer to as "the glass beaches."

**REQUEST NO. 64:**

All COMMUNICATIONS RELATING TO the July 6, 1999 Memorandum from Richard Benedetti to Ron Holen, attached hereto as Exhibit D.

**REQUEST NO. 65:**

All DOCUMENTS RELATING TO YOUR "beneficial reuse projects" as it RELATES TO dioxins and as referenced by Roger J. "Chip" Hilarides on pages 395, 416, and 534-538 of his deposition taken on Thursday, March 6, 2014.

**REQUEST NO. 66:**

All DOCUMENTS RELATING TO YOUR "beneficial reuse" analysis of the MILL SITE as referenced by Roger J. "Chip" Hilarides on page 395, 416, and 534-538 of his deposition taken on Thursday, March 6, 2014.

**REQUEST NO. 67:**

All DOCUMENTS RELATING TO the dioxin concentrations of the FLY ASH that was collected on the MILL SITE and taken to McGuire Ranch for "beneficial reuse," as referenced by Roger J. "Chip" Hilarides on page 416 of his deposition taken on Thursday, March 6, 2014.

777687

CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO GEORGIA-PACIFIC, LLC, SET TWO.

**REQUEST NO. 68:**

All DOCUMENTS RELATING TO any testing or sampling conducted on the MILL SITE, pursuant to the EPA's 104 Mill Study, of any product, byproduct or waste that was produced or generated on the MILL SITE.

**REQUEST NO. 69:**

All DOCUMENTS RELATING TO the dredging, in and after July 2002, of Ponds 1 through 4.

**REQUEST NO. 70:**

All DOCUMENTS RELATING TO the dredging, in and after July 2002, of Pond 7.

**REQUEST NO. 71:**

All ENVIRONMENTAL ALERT(s), from 1990 to 2002, RELATING TO any chemical of concern at the MILL SITE, sent by YOUR environmental department to any of YOUR facilities.

**REQUEST NO. 72:**

All ENVIRONMENTAL ALERT(s), from 1990 to 2002, that were sent to any person who had and responsibility for any activity at the MILL SITE.

**REQUEST NO. 73:**

All DOCUMENTS RELATING TO any ownership interest in PIPE 1 that YOU CONTEND the CITY may have.

**REQUEST NO. 74:**

All DOCUMENTS RELATING TO any ownership interest in PIPE 2 that YOU CONTEND the CITY may have.

**REQUEST NO. 75:**

All DOCUMENTS RELATING TO the construction, placement, and maintenance of all pipes and/or culverts that are located on the MILL SITE and that convey or place CITY stormwater directly into the MILL POND.

777687

13

**REQUEST NO. 76:**

All DOCUMENTS supporting YOUR contention that the CITY has any ownership interest in any pipe or other mechanism that is located on the MILL SITE and that conveys CITY stormwater directly into the MILL POND.

**REQUEST NO. 77:**

All DOCUMENTS RELATING TO the "75 foot easements" for PIPE 1 and PIPE 2, as referenced by YOUR real estate appraiser Dean Strupp in the communication attached hereto as Exhibit E.

**REQUEST NO. 78:**

All DOCUMENTS RELATING TO any easements that YOU contend the CITY has for the conveyance of water into the MILL POND.

**REQUEST NO. 79:**

All DEPOSITION SUMMARIES reviewed by Michael Davis in preparation of YOUR 30(b)(6) deposition.

**REQUEST NO. 80:**

All DEPOSITION SUMMARIES reviewed by Roger Hilarides in preparation of YOUR 30(b)(6) deposition.

**REQUEST NO. 81:**

All DOCUMENTS RELATING TO YOUR burning of MUNICIPAL WOOD on the MILL SITE.

**REQUEST NO. 82:**

All DOCUMENTS RELATING TO the sources, including but not limited to any landfills or recycling centers, from which YOU obtained MUNICIPAL WOOD that was burned on the MILL SITE.

**REQUEST NO. 83:**

All DOCUMENTS RELATING TO all precautionary measures taken by YOU to ensure that any burning of MUNICIPAL WOOD at the MILL SITE would not violate any permits or orders that were issued to YOU by the AQMD or any other governmental regulatory agency.

777687

14

**REQUEST NO. 84:**

All DOCUMENTS RELATING TO the COMMUNICATIONS between Roger Hilarides and Jim Bostic regarding dioxins at the MILL SITE, as referenced in Roger Hilarides's deposition at 12:19-25:25 and 405:16-412:8.

Date:    April 24, 2014                              BASSI, EDLIN, HUIE & BLUM LLP

By: _____

MY-LINH T. LE
Attorneys for Defendant
THE CITY OF FORT BRAGG

777687

15

CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO GEORGIA-PACIFIC, LLC, SET TWO.

# GEORGIA-PACIFIC, LLC'S RESPONSES TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

HUNTON & WILLIAMS LLP
Ann Marie Mortimer (SBN 169077)
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020
E-Mail: amortimer@hunton.com

HUNTON & WILLIAMS LLP
Jeffrey N. Martin (Admitted Pro Hac Vice)
Douglas M. Garrou (Admitted Pro Hac Vice)
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 955-1552
E-mail: jmartin@hunton.com
        dgarrou@hunton.com

Attorneys for Plaintiff and Counter-Defendant
GEORGIA-PACIFIC LLC

<div style="margin-left:-40px; writing-mode: vertical;">

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

</div>

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA-PACIFIC LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>OFFICEMAX INCORPORATED, LOUISIANA-PACIFIC CORPORATION, AND THE CITY OF FORT BRAGG<br><br>          Defendant.<br><br><br>AND RELATED COUNTERCLAIMS AND CROSS CLAIMS. | CASE NO.: 3:12-CV-02797-WHO<br><br>**PLAINTIFF/COUNTER-DEFENDANT GEORGIA-PACIFIC, LLC'S COMBINED OBJECTIONS AND RESPONSES TO THE CITY OF FORT BRAGG'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:    City of Fort Bragg

RESPONDING PARTY:    Georgia-Pacific, LLC

SET NO.:    Two

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff and Counter-Defendant Georgia-Pacific LLC ("Georgia-Pacific"), through its counsel, responds as follows to the Second Set of Requests for Production ("RFPs") of Defendant/Counter-Claimant City of Fort Bragg ("Defendant").

## PRELIMINARY STATEMENT

1.    Georgia-Pacific has already produced relevant, responsive, non-privileged documents that are potentially responsive to Defendant's RFPs. On February 26-27, 2013, Georgia-Pacific made available for inspection in Atlanta, Georgia, 183 boxes of documents that included documents that may be responsive to these Requests. Documents were identified for copying, which were then scanned and bates numbered GPGA0000001 to GPGA0025989. In addition, on March 20-21, 2013, Georgia-Pacific made available for inspection in Los Angeles, California, an additional 34 boxes of documents that included documents that may be responsive to these Requests. Documents were identified for copying, which were then scanned and bates-numbered GPLA00073697-111344. On April 24, 2013, Georgia-Pacific made available in Los Angeles, California, an additional 25 boxes of documents that included documents that may be responsive to these Requests. Documents were identified for copying, which were then scanned and bates numbered GPLA00111345-150861. Pursuant to agreement between the parties in this complex environmental case, Georgia-Pacific will continue to produce additional relevant, responsive, non-privileged documents on a rolling basis as such documents are identified, reviewed and made ready for production.

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

1

2.    Georgia-Pacific has not completed its investigation relating to this action, has not completed discovery in this action, and has not completed preparation for trial. As discovery proceeds, facts, information, evidence, documents, and things may be discovered which are not set forth in these responses, but which may have been responsive to Defendant's RFPs. The following responses are based on Georgia-Pacific's knowledge, information and belief at this time and are complete as to Georgia-Pacific's best knowledge at this time. Georgia-Pacific assumes no obligation to voluntarily supplement or amend these responses beyond applicable legal requirements to reflect information, evidence, documents, or things discovered following service of these responses. Furthermore, these responses were prepared based on Georgia-Pacific's good faith interpretation and understanding of Defendant's RFPs and are subject to correction for inadvertent errors or omissions, if any. These responses are given without prejudice to subsequent revision, amendment, or supplementation based upon any information, evidence, and documentation which hereinafter may be discovered. Discovery is on-going.

3.    Georgia-Pacific reserves the right to refer to, to conduct discovery with reference to, or to offer into evidence at the time of trial, any and all facts, evidence, documents, and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in these responses.

4.    Georgia-Pacific reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding of its responses to Defendant's RFPs and of any information or document(s) produced in response thereto.

5.    Documents produced in response to Defendant's RFPs are documents currently in Georgia-Pacific's possession. Documents to be or have been produced may be responsive to more than one Request. By stating in its responses that Georgia-

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

2

**RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO**

Pacific will produce documents or is searching for documents, Georgia-Pacific does not represent that any document actually exists, but rather that Georgia-Pacific will make a diligent search and reasonable inquiry to ascertain whether documents responsive to the Requests do, in fact, exist. Georgia-Pacific produces the documents and written responses for use in this case and the related counterclaim only.

6.     Georgia-Pacific states that, except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred from its responses to Defendant's RFPs. The fact that Georgia-Pacific has responded to a document Request should not be taken as an admission, or a concession of the existence, of any fact set forth or assumed by such document Request, or that such response constitutes evidence of any fact thus set forth or assumed.

7.     Georgia-Pacific's decision to provide any documents requested, notwithstanding the objectionable nature of any of the Requests themselves, is not: (a) an acceptance of, or agreement with, any of the characterizations or purported descriptions of the transactions or events contained in the Request; (b) a concession or admission that the material is relevant to this proceeding; (c) a waiver of the General Objections or the objections asserted in response to specific Requests; (d) an admission that any such documents or information exist; or (e) an agreement that Requests for similar information will be treated in a similar manner.

8.     Georgia-Pacific reserves the right to object on any grounds at any time to such other or supplemental written discovery as Defendant may at any time propound involving or relating to the subject matter covered in Defendant's RFPs.

## GENERAL OBJECTIONS

The following General Objections apply to each of Defendant's Requests and shall have the same force and effect as if set forth in full in response to each. For emphasis and the avoidance of doubt, Georgia-Pacific may repeat one or more of these General Objections in articulating its specific objections to individual Requests.

3

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

Georgia-Pacific's decision not to repeat a General Objection in articulating its specific objections to an individual Request should not be interpreted as a waiver of that General Objection to that individual Request.

1.     Georgia-Pacific objects to the Instructions, Definitions and each and every Request to the extent that they improperly attempt to expand, alter, or modify the scope of permissible discovery under the Federal Rules of Civil Procedure and any other applicable rules.

2.     Georgia-Pacific objects to each and every Request to the extent it seeks the production of documents and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the mediation privilege, and/or any other available privilege or immunity.  Except as otherwise agreed between the parties, the inadvertent disclosure of any information or production of any document that is confidential, privileged, was prepared in anticipation of litigation or for trial, or is otherwise irrelevant and/or immune from discovery shall not constitute a waiver of any such privilege or of any ground for objection to discovery with respect to such information or document, the subject matter of the information or document, or of Georgia-Pacific's right to object to the use of any such information or document in the above captioned proceeding or elsewhere.  Georgia-Pacific further objects to each and every Request to the extent it seeks documents and/or information in violation of the right to privacy of its current or past employees.  Georgia-Pacific interprets these Requests as not calling for the production of employee personnel records.

3.     Georgia-Pacific objects to each and every Request to the extent that it prematurely seeks documents related to expert discovery.  Georgia-Pacific will timely comply with the Case Management Order entered in this case as it relates to expert disclosures and will supplement its response to these Requests at that time, if necessary.

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

4

4.     Georgia-Pacific objects to each and every Request to the extent it is duplicative, cumulative, seeks information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive. Georgia-Pacific further objects to each and every Request to the extent the burden and expense of responding outweighs its likely benefit. In particular, Georgia-Pacific objects to producing documents from any third-party from which the parties have agreed to jointly obtain documents.

5.     Georgia-Pacific objects to each Request to the extent it seeks, or may be construed to seek, documents that are publicly-available; that are already in the possession, custody, or control of Defendant; or that are available to Defendant from another source, on the grounds that such documents are equally available to Defendant. Any such Request is unduly burdensome, vexatious, and served for no purpose other than to harass and to increase Georgia-Pacific's litigation costs. However, Georgia-Pacific does not object to producing responsive documents or copies thereof that were in the public domain and that Georgia-Pacific has collected and now has in its possession, custody or control, so long as Defendants are willing to do the same and are willing to share the cost of such production.

6.     Georgia-Pacific objects to each and every Request to the extent that it calls for the production of documents or information that are not within Georgia-Pacific's possession, custody, or control.

7.     Georgia-Pacific objects to each and every Request to the extent it seeks documents not relevant to the claims or defenses of any party to this action, or is not reasonably calculated to lead to the discovery of admissible evidence.

8.     Georgia-Pacific objects to the Requests to the extent that, individually and as a whole, they are overly broad, unduly burdensome, vague and ambiguous.

9.     Georgia-Pacific objects to the Requests to the extent they seek the production of documents containing confidential, proprietary, trade secret or other

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

commercially sensitive material or information. To the extent the Requests seek such documents, they will only be disclosed pursuant to the terms of the stipulated protective order approved by the Court.

10.    Georgia-Pacific objects to the Requests to the extent they seek information inconsistent with the current or future agreements between the parties.

11.    Georgia-Pacific objects to each Request to the extent it calls for a legal conclusion, including but not limited to a conclusion regarding what constitutes an independent contractor relationship and what constitutes an agency relationship.

12.    Georgia-Pacific objects to the Requests to the extent they seek ESI from custodians other than those custodians whose ESI has already been collected, processed, and produced. Production from additional custodians is unreasonably cumulative or duplicative, the burden or expense of the proposed discovery would outweigh its likely benefit, and it is unduly burdensome and not reasonably calculated to lead to the discovery of new or additional admissible evidence.

## REQUESTS FOR DOCUMENTS

**REQUEST NO. 25:**

For each REQUEST FOR ADMISSION that YOU denied, in whole or in part, produce, separately for each such request, all DOCUMENTS that YOU have relied upon, or otherwise believe would support YOUR response.

**RESPONSE TO REQUEST NO. 25:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Additionally, Georgia-Pacific objects to this Request as unduly burdensome, oppressive, and harassing to the extent that it seeks information that has

6

already been produced by Georgia-Pacific and on the grounds that the City propounded 126 Requests for Admission, 117 of which were denied in whole or in part.

**REQUEST NO. 26:**

All DOCUMENTS, from 1973 to the present, RELATING TO YOUR CODE OF CONDUCT, including the code itself and all editions and amendments thereto.

**RESPONSE TO REQUEST NO. 26:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Additionally, Georgia-Pacific objects to this Request on the grounds that it is not relevant to any party's claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Georgia-Pacific has produced the following documents, which are potentially responsive and/or relevant to this Request: GP00145783-91; GP00145812-57; GP00145858-906; GP00145907-27; GP00145928-48; GP00145949-72; GP00145973-90; GP00145991-60077.

The foregoing specific listing is not intended to, and should not be construed to mean that the listed documents are the only documents which have been produced that are responsive or potentially responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this Request in its custody,

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

7

**RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO**

possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 27:**

All publications, articles, reports, journals, and studies that were in your possession, at some point from 1970 to 2002, regarding any environmental or human health dangers posed by exposure to dioxin.

**RESPONSE TO REQUEST NO. 27:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Georgia-Pacific has produced the following document, which is potentially responsive and/or relevant to this Request: GPLA00123219-20.

The foregoing specific listing is not intended to, and should not be construed to mean that the listed documents are the only documents which have been produced that are responsive or potentially responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this Request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

8

**REQUEST NO. 28:**

All DOCUMENTS regarding any analyses or investigations conducted by YOU prior to 2002 to determine whether any of YOUR operations at the MILL SITE produced dioxin.

**RESPONSE TO REQUEST NO. 28:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation.  Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Georgia-Pacific has produced the following documents, which are potentially responsive and/or relevant to this Request:  GPLA00123508-10; GPLA00123229-30; GPLA00085288-359; GP00147849-92; GPLA00075715-17; GPLA000148541-50; GPLA000148563-71; GPLA000148648-57; GPLA00014680-88; GPLA000148595-609.

The foregoing specific listing is not intended to, and should not be construed to mean that the listed documents are the only documents which have been produced that are responsive or potentially responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this Request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

9

**RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO**

**REQUEST NO. 29:**

All studies YOU conducted, prior to 2002, RELATING TO dioxins.

**RESPONSE TO REQUEST NO. 29:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Georgia-Pacific has produced the following documents, which are potentially responsive and/or relevant to this Request:  GPLA00148541-50; GPLA00123863-926; GP00166565-608; GP00147849-92; GPLA00148472-859; GPLA00148861-9039.

The foregoing specific listing is not intended to, and should not be construed to mean that the listed documents are the only documents which have been produced that are responsive or potentially responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this Request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

10

**RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO**

**REQUEST NO. 30:**

All DOCUMENTS RELATING TO any analyses or investigations conducted by YOU, at some point from 1970 to 2002, RELATING TO the presence of dioxin at any facility that YOU owned or operated at some point from 1970 to 2002.

**RESPONSE TO REQUEST NO. 30:**

Georgia-Pacific objects to this Request on the grounds that, as this request relates to facilities other than facilities at the Mill Site, it is not relevant to any party's claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence. Georgia-Pacific further objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Additionally, Georgia-Pacific objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

**REQUEST NO. 31:**

All DOCUMENTS that REFER TO, RELATE TO or in any way evidence the presence of dioxin at any lumber mill owned and operated by YOU at some point from 1970 to 2002.

**RESPONSE TO REQUEST NO. 31:**

Georgia-Pacific objects to this Request on the grounds that, as this request relates to lumber mills other than the lumber mill located at the Mill Site, it is not relevant to any party's claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence. Georgia-Pacific further objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Additionally, Georgia-Pacific further objects to this Request to the extent it seeks information

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

11

protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

**REQUEST NO. 32:**

All COMMUNICATIONS between YOU and any AGENCY, from 1970 to 2002, regarding environmental or human health dangers posed by any dioxins that came from any of YOUR operations at any lumber, paper, pulp, or other mill site.

**RESPONSE TO REQUEST NO. 32:**

Georgia-Pacific objects to this Request on the grounds that, as this request relates to operations other than operations at the Mill Site, it is not relevant to any party's claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence. Georgia-Pacific further objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Additionally, Georgia-Pacific objects to this Request to the extent it seeks documents that are publicly-available and/or that are already in the possession, custody, or control of Defendant or equally available to Defendant

**REQUEST NO. 33:**

All COMMUNICATIONS between YOU and any AGENCY, from 1970 to 2002, regarding the presence of dioxins on the MILL SITE.

**RESPONSE TO REQUEST NO. 33:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or

RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS
TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO

protection.  Additionally, Georgia-Pacific objects to this Request to the extent it seeks documents that are publicly-available and/or that are already in the possession, custody, or control of Defendant or equally available to Defendant.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Georgia-Pacific has produced the following documents, which are potentially responsive and/or relevant to this Request:  GPLA00085288; GP00147849-92; GPLA00148504-22; GPLA00148541-50; GPLA00085399-404; GPLA00148554-71; GPLA00144576-99; GPLA00148502-03.

The foregoing specific listing is not intended to, and should not be construed to mean that the listed documents are the only documents which have been produced that are responsive or potentially responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this Request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 34:**

All COMMUNICATIONS between YOU and any AGENCY, from 1970 to 2002, that REFER TO, RELATE TO, or in any way evidence that any of YOUR operations at any facility owned or operated by YOU, at some point from 1970 to 2002, produced or created dioxins.

**RESPONSE TO REQUEST NO. 34:**

Georgia-Pacific objects to this Request on the grounds that, as this request relates to operations other than operations at the Mill Site, it is not relevant to any party's claims or defenses and is not reasonably calculated to lead to the discovery of

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

13

admissible evidence. Georgia-Pacific further objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Additionally, Georgia-Pacific objects to this Request to the extent it seeks documents that are publicly-available and/or that are already in the possession, custody, or control of Defendant or equally available to Defendant.

**REQUEST NO. 35:**

All COMMUNICATIONS between YOU and the CITY, from 1970 to 2002, regarding any environmental or human health dangers posed by exposure to dioxin.

**RESPONSE TO REQUEST NO. 35:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Additionally, Georgia-Pacific objects to this Request to the extent it seeks documents that are publicly-available and/or that are already in the possession, custody, or control of Defendant or equally available to Defendant.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

A diligent search of the documents in Georgia-Pacific's possession, custody, and control (including documents already produced) did not identify any documents specifically responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

14

documents that contain information responsive to this request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 36:**

All COMMUNICATIONS between YOU and the CITY, from 1970 to 2002, regarding the presence of dioxins on the MILL SITE.

**RESPONSE TO REQUEST NO. 36:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Additionally, Georgia-Pacific objects to this Request to the extent it seeks documents that are publicly-available and/or that are already in the possession, custody, or control of Defendant or equally available to Defendant.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Georgia-Pacific has produced the following documents, which are potentially responsive and/or relevant to this Request: GPLA00117276-79; GPLA00117280-83.

The foregoing specific listing is not intended to, and should not be construed to mean that the listed documents are the only documents which have been produced that are responsive or potentially responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this Request in its custody, possession, or control that have been or may subsequently be discovered and will

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

15

**RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO**

identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 37:**

All COMMUNICATIONS between YOU and the CITY, from 1970 to 2002, that REFER TO, RELATE TO, or in any way evidence that any of YOUR operations at any facility owned or operated by YOU, at some point from 1970 to 2002, produced or created dioxins.

**RESPONSE TO REQUEST NO. 37:**

Georgia-Pacific objects to this Request on the grounds that, as this request relates to operations other than operations at the Mill Site, it is not relevant to any party's claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence. Georgia-Pacific further objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Additionally, Georgia-Pacific objects to this Request to the extent it seeks documents that are publicly-available and/or that are already in the possession, custody, or control of Defendant or equally available to Defendant.

**REQUEST NO. 38:**

All COMMUNICATIONS, from 1970 to 2002, between YOU and any person or entity that was employed by YOU or that was YOUR agent, RELATING TO the presence of dioxins on the MILL SITE.

**RESPONSE TO REQUEST NO. 38:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

16

the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Georgia-Pacific has produced the following documents, which are potentially responsive and/or relevant to this Request: GP00102382-83; GP00094006-99; GPLA00076756; GPLA000143711-17.

The foregoing specific listing is not intended to, and should not be construed to mean that the listed documents are the only documents which have been produced that are responsive or potentially responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this Request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 39:**

All COMMUNICATIONS, from 1970 to 2002, between YOU and any person or entity with whom YOU had an independent contractor relationship, RELATING TO the actual, suspected or potential presence of dioxins on the MILL SITE.

**RESPONSE TO REQUEST NO. 39:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

17

privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Georgia-Pacific has produced the following documents, which are potentially responsive and/or relevant to this Request: GP00102382-83; GP00094006.

The foregoing specific listing is not intended to, and should not be construed to mean that the listed documents are the only documents which have been produced that are responsive or potentially responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this Request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 40:**

All COMMUNICATIONS, from 1970 to 2002, between YOU and any person or entity that was employed by YOU or that was YOUR agent, regarding any environmental or human health dangers posed by exposure to dioxin.

**RESPONSE TO REQUEST NO. 40:**

Georgia-Pacific objects to this Request on the grounds that, as this request relates to operations other than operations at the Mill Site, it is not relevant to any party's claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence. Georgia-Pacific also objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

18

attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

A diligent search of the documents in Georgia-Pacific's possession, custody, and control (including documents already produced) did not identify any documents specifically responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this Request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 41:**

All COMMUNICATIONS, from 1970 to 2002, between YOU and any person or entity with whom YOU had an independent contractor relationship, regarding any environmental or human health dangers posed by exposure to dioxin.

**RESPONSE TO REQUEST NO. 41:**

Georgia-Pacific objects to this Request on the grounds that, as this request relates to operations other than operations at the Mill Site, it is not relevant to any party's claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence. Georgia-Pacific also objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

19

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

A diligent search of the documents in Georgia-Pacific's possession, custody, and control (including documents already produced) did not identify any documents specifically responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this Request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 42:**

All COMMUNICATIONS, from 1970 to 2002, between YOU and any person or entity that was employed by YOU or that was YOUR agent, that REFERS TO, RELATES TO, or in any way evidences that any of YOUR operations at any lumber mill owned or operated by YOU, at some point from 1970 to 2002, produced or created dioxins.

**RESPONSE TO REQUEST NO. 42:**

Georgia-Pacific objects to this Request on the grounds that, as this request relates to operations other than operations at the Mill Site, it is not relevant to any party's claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence. Georgia-Pacific further objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

20

**RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO**

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

**REQUEST NO. 43:**

All COMMUNICATIONS, from 1970 to 2002, between YOU and any person or entity with whom YOU had an independent contractor relationship, that REFERS TO, RELATES TO, or in any way evidences that any of YOUR operations at any lumber mill owned or operated by YOU, at some point from 1970 to 2002, produced or created dioxins.

**RESPONSE TO REQUEST NO. 43:**

Georgia-Pacific objects to this Request on the grounds that, as this request relates to operations other than operations at the Mill Site, it is not relevant to any party's claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence. Georgia-Pacific further objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

**REQUEST NO. 44:**

All litigation hold letters RELATING TO the above-captioned matter that YOU sent to any custodian of records containing information relevant to the above-captioned matter and/or the COMPLAINT.

**RESPONSE TO REQUEST NO. 44:**

Georgia-Pacific objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Georgia-Pacific further objects to this Request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS
TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis relevant, non-privileged documents that contain information responsive to this request in its custody, possession, or control consistent with its obligations under Federal Rules of Civil Procedure 26(b)(3) and 26(e)(1).

## REQUEST NO. 45:

All DOCUMENTS supporting YOUR contention that City storm water may have been pumped into Ponds 1 through 4.

## RESPONSE TO REQUEST NO. 45:

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Additionally, Georgia-Pacific objects to this Request to the extent it seeks documents that are publicly-available and/or that are already in the possession, custody, or control of Defendant or equally available to Defendant. Georgia-Pacific also objects insofar as this Request calls for premature disclosure in violation of Federal Rule of Civil Procedure, Rule 26(a)(2)(D), of expert reports which, pursuant to the Amended Civil Pretrial Order (Dkt. No. 148), are not due to be submitted until August 27, 2014.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

22

A diligent search of the documents in Georgia-Pacific's possession, custody, and control (including documents already produced) did not identify any documents specifically responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 46:**

All DOCUMENTS regarding YOUR plans for redeveloping the MILL SITE in and after 2002.

**RESPONSE TO REQUEST NO. 46:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Georgia-Pacific has produced the following documents, which are potentially responsive and/or relevant to this Request:  GP00118401-12; GP00025405-08; GP00025330-33; GP00042100-26; GP00042144-64; GP00029724-54; GPLA00076879-87; GP00264619-56.

23

**RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO**

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

The foregoing specific listing is not intended to, and should not be construed to mean that the listed documents are the only documents which have been produced that are responsive or potentially responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this Request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 47:**

All COMMUNICATIONS between YOU and the CITY RELATING TO YOUR plans to redevelop the MILL SITE.

**RESPONSE TO REQUEST NO. 47:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Additionally, Georgia-Pacific objects to this Request to the extent it seeks documents that are publicly-available and/or that are already in the possession, custody, or control of Defendant or equally available to Defendant.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Georgia-Pacific has produced the following documents, which are potentially responsive and/or relevant to this Request:  GP000027208-09; GP00155388-89.

RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS
TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO

The foregoing specific listing is not intended to, and should not be construed to mean that the listed documents are the only documents which have been produced that are responsive or potentially responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this Request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 48:**

All COMMUNICATIONS between YOU and any AGENCY RELATING TO YOUR plans to redevelop the MILL SITE.

**RESPONSE TO REQUEST NO. 48:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Additionally, Georgia-Pacific objects to this Request to the extent it seeks documents that are publicly-available and/or that are already in the possession, custody, or control of Defendant or equally available to Defendant.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Georgia-Pacific has produced the following documents, which are potentially responsive and/or relevant to this Request: GPC00012041; GP00088945-53; GP00089059-67; GP00090303-11; GP00193714-18; GP00252042-44; GP00086825-33; GPLA00113300-08; GPLA00113335-44; GP00164307-11.

25

RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS
TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

The foregoing specific listing is not intended to, and should not be construed to mean that the listed documents are the only documents which have been produced that are responsive or potentially responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this Request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 49:**

All DOCUMENTS RELATING TO any costs for the decommissioning or closing of the MILL SITE.

**RESPONSE TO REQUEST NO. 49:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Georgia-Pacific also objects insofar as this Request calls for premature disclosure in violation of Federal Rule of Civil Procedure, Rule 26(a)(2)(D), of expert reports which, pursuant to the Amended Civil Pretrial Order (Dkt. No. 148), are not due to be submitted until August 27, 2014.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Georgia-Pacific produced invoices documenting past costs associated with the Mill Site on September 12, 2013 (GPTC00001-21949) and November 14, 2013

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

26

(GPTC21950-22418). Those invoices are subject to the Stipulation and Order Regarding Production of Invoices and Non-Waiver of Privilege (Dkt. No. 121).

The foregoing specific listing is not intended to, and should not be construed to mean that the listed documents are the only documents which have been produced that are responsive or potentially responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 50:**

All DOCUMENTS RELATING TO the value or potential sale price for the redeveloped or re-zoned MILL SITE property

**RESPONSE TO REQUEST NO. 50:** .

Georgia-Pacific objects to this Request on the grounds that it is not relevant to any party's claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence. Georgia-Pacific further objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Additionally, Georgia-Pacific objects to this Request to the extent it seeks documents that are publicly-available and/or that are already in the possession, custody, or control of Defendant or equally available to Defendant.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

27

RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS
TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO

A diligent search of the documents in Georgia-Pacific's possession, custody, and control (including documents already produced) did not identify any documents specifically responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 51:**

All DOCUMENTS regarding the real estate value of the MILL SITE property at the time of YOUR purchase of the MILL SITE.

**RESPONSE TO REQUEST NO. 51:**

Georgia-Pacific objects to this Request on the grounds that it is not relevant to any party's claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence. Georgia-Pacific further objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Additionally, Georgia-Pacific objects to this Request to the extent it seeks documents that are publicly-available and/or that are already in the possession, custody, or control of Defendant or equally available to Defendant.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO

Georgia-Pacific has produced the following documents, which are potentially responsive and/or relevant to this Request:  GPGA0014170-71; GPGA0014480-92; GP00001597-625; GP00040420-29.

The foregoing specific listing is not intended to, and should not be construed to mean that the listed documents are the only documents which have been produced that are responsive or potentially responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this Request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 52:**

All DOCUMENTS RELATING TO all operations and activities on the MILL SITE that utilized or incorporated water from the MILL POND

**RESPONSE TO REQUEST NO. 52:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation.  Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.  Additionally, Georgia-Pacific objects to this Request to the extent it seeks documents that are publicly-available and/or that are already in the possession, custody, or control of Defendant or equally available to Defendant.  Georgia-Pacific also objects insofar as this Request calls for premature disclosure in violation of Federal Rule of Civil Procedure, Rule 26(a)(2)(D), of expert reports which, pursuant

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

29

RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS
TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO

to the Amended Civil Pretrial Order (Dkt. No. 148), are not due to be submitted until August 27, 2014.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Georgia-Pacific has produced the following document, which is potentially responsive and/or relevant to this Request: GPLA00079372-483. See page GPLA00079384 in particular. Georgia-Pacific, through ARCADIS, has also produced the following document, which is potentially responsive and/or relevant to this Request: ARC000162189-165402. See pages ARC000162273-74 in particular.

The foregoing specific listing is not intended to, and should not be construed to mean that the listed documents are the only documents which have been produced that are responsive or potentially responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this Request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 53:**

All DOCUMENTS RELATING TO any source from which YOU purchased or collected fresh water, as opposed to sea water, used in or on the MILL SITE.

**RESPONSE TO REQUEST NO. 53:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

30

privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

A diligent search of the documents in Georgia-Pacific's possession, custody, and control (including documents already produced) did not identify any documents specifically responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 54:**

All reports RELATING TO any investigation or analyses RELATING TO the operation of MILL SITE without the use of water from Pond 8

**RESPONSE TO REQUEST NO. 54:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

31

A diligent search of the documents in Georgia-Pacific's possession, custody, and control (including documents already produced) did not identify any documents specifically responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 55:**

All DOCUMENTS regarding any investigation provided to YOU prior to 2002 regarding the source of any cyanide that that was found in any discharge from Pond 8

**RESPONSE TO REQUEST NO. 55:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Georgia-Pacific has produced the following documents, which are potentially responsive and/or relevant to this Request:  GPLA00117817-28; GPLA00117882-91.

The foregoing specific listing is not intended to, and should not be construed to mean that the listed documents are the only documents which have been produced that are responsive or potentially responsive to this Request.

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

32

**RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS
TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO**

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this Request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 56:**

All DOCUMENTS regarding any actions taken by YOU to control the existence or the amount of the cyanide that existed in any of YOUR wastes or water discharges.

**RESPONSE TO REQUEST NO. 56:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Georgia-Pacific has produced the following documents, which are potentially responsive and/or relevant to this Request: GPLA00117817-28; GPLA00079372-483; GPLA00117882-91.

The foregoing specific listing is not intended to, and should not be construed to mean that the listed documents are the only documents which have been produced that are responsive or potentially responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

33

**RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO**

documents that contain information responsive to this Request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 57:**

All DOCUMENTS RELATING TO YOUR use or storage at the MILL SITE of any product or material that contained pentachlorophenol.

**RESPONSE TO REQUEST NO. 57:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Georgia-Pacific has produced the following document, which is potentially responsive and/or relevant to this Request: GPLA00038640-978.

The foregoing specific listing is not intended to, and should not be construed to mean that the listed documents are the only documents which have been produced that are responsive or potentially responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this Request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

34

**RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO**

**REQUEST NO. 58:**

All DOCUMENTS RELATING TO any public relation campaign or program regarding the closing or sale of the MILL SITE.

**RESPONSE TO REQUEST NO. 58:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Georgia-Pacific has produced the following documents, which are potentially responsive and/or relevant to this Request: GP00029358-67; GP00063387-89; GPGA00005019-21; GP00029358-59; GPGA00005576-85; GPLA00139269-95; GPLA00150444-46; GPLA00150530; GPGA00004986; GP00027208-09; GP00045335-54.

The foregoing specific listing is not intended to, and should not be construed to mean that the listed documents are the only documents which have been produced that are responsive or potentially responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this Request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

35

**RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO**

**REQUEST NO. 59:**

All DOCUMENTS RELATING TO YOUR DISPOSAL or placement of any material on the portions of the MILL SITE that YOU refer to as "the glass beaches."

**RESPONSE TO REQUEST NO. 59:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

A diligent search of the documents in Georgia-Pacific's possession, custody, and control (including documents already produced) did not identify any documents specifically responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 60:**

All DOCUMENTS RELATING TO YOUR knowledge of any person or entity's DISPOSAL or placement of material on the portions of the MILL SITE that YOU refer to as "the glass beaches."

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

36

RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO

**RESPONSE TO REQUEST NO. 60:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Additionally, Georgia-Pacific objects to this Request to the extent it seeks documents that are publicly-available and/or that are already in the possession, custody, or control of Defendant or equally available to Defendant.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Georgia-Pacific has produced the following documents, which are potentially responsive and/or relevant to this Request: GPLA000045390; GPLA0045403; GPLA000085700-834; GPLA00118522-633; GPLA00129234-67.

The foregoing specific listing is not intended to, and should not be construed to mean that the listed documents are the only documents which have been produced that are responsive or potentially responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this Request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 61:**

All COMMUNICATIONS between YOU and the CITY RELATING TO any person or entity's DISPOSAL or placement of material on the portions of the MILL SITE that YOU refer to as "the glass beaches."

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

37

**RESPONSE TO REQUEST NO. 61:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Additionally, Georgia-Pacific objects to this Request to the extent it seeks documents that are publicly-available and/or that are already in the possession, custody, or control of Defendant or equally available to Defendant.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

A diligent search of the documents in Georgia-Pacific's possession, custody, and control (including documents already produced) did not identify any documents specifically responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 62:**

All COMMUNICATIONS between YOU and any AGENCY RELATING TO any person or entity's DISPOSAL or placement of material on the portions of the MILL SITE that YOU refer to as "the glass beaches."

**RESPONSE TO REQUEST NO. 62:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

38

already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Additionally, Georgia-Pacific objects to this Request to the extent it seeks documents that are publicly-available and/or that are already in the possession, custody, or control of Defendant or equally available to Defendant.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

A diligent search of the documents in Georgia-Pacific's possession, custody, and control (including documents already produced) did not identify any documents specifically responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 63:**

All COMMUNICATIONS between YOU and the CITY RELATING TO YOUR knowledge of any person or entity's DISPOSAL or placement of material on the portions of the MILL SITE that YOU refer to as "the glass beaches."

**RESPONSE TO REQUEST NO. 63:**

· Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or

**RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO**

protection. Additionally, Georgia-Pacific objects to this Request to the extent it seeks documents that are publicly-available and/or that are already in the possession, custody, or control of Defendant or equally available to Defendant.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

A diligent search of the documents in Georgia-Pacific's possession, custody, and control (including documents already produced) did not identify any documents specifically responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 64:**

All COMMUNICATIONS RELATING TO the July 6, 1999 Memorandum from Richard Benedetti to Ron Holen, attached hereto as Exhibit D.

**RESPONSE TO REQUEST NO. 64:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS
TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO

Georgia-Pacific has produced the following document, which is potentially responsive and/or relevant to this Request:  GP000029358-67.

The foregoing specific listing is not intended to, and should not be construed to mean that the listed documents are the only documents which have been produced that are responsive or potentially responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this Request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 65:**

All DOCUMENTS RELATING TO YOUR "beneficial reuse projects" as it RELATES TO dioxins and as referenced by Roger J. "Chip" Hilarides on pages 395, 416, and 534-538 of his deposition taken on Thursday, March 6, 2014.

**RESPONSE TO REQUEST NO. 65:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation.  Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Georgia-Pacific has produced the following documents, which are potentially responsive and/or relevant to this Request:  GP00041729-59; GP00223213-14; GP00273397-98; GP00101940-41; GP00101943-44; GPLA00146079-109;

41

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

GP00145034-35; GPLA00122857-123085; GPLA00123086-417; GPLA00123418-124004; GPLA00147716-148468; GPLA00148469-149039; GPLA00148541-50; GPLA00123863-926; GPLA00084490-516.

The foregoing specific listing is not intended to, and should not be construed to mean that the listed documents are the only documents which have been produced that are responsive or potentially responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this Request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 66:**

All DOCUMENTS RELATING TO YOUR "beneficial reuse" analysis of the MILL SITE as referenced by Roger J. "Chip" Hilarides on page 395, 416, and 534-538 of his deposition taken on Thursday, March 6, 2014.

**RESPONSE TO REQUEST NO. 66:**

Georgia-Pacific objects to this Request because it is vague and ambiguous as to what is meant by the term "analysis." Georgia-Pacific also objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

42

**RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO**

Georgia-Pacific has produced the following documents, which are potentially responsive and/or relevant to this Request:  GPLA00122857-123085; GPLA00123086-417; GPLA00123418-124004; GPLA00147716-148468; GPLA00148469-149039; GPLA00148541-50; GPLA00123863-926; GPLA00084490-516.

The foregoing specific listing is not intended to, and should not be construed to mean that the listed documents are the only documents which have been produced that are responsive or potentially responsive and/or relevant to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this Request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 67:**

All DOCUMENTS RELATING TO the dioxin concentrations of the FLY ASH that was collected on the MILL SITE and taken to McGuire Ranch for "beneficial reuse," as referenced by Roger J. "Chip" Hilarides on page 416 of his deposition taken on Thursday, March 6, 2014.

**RESPONSE TO REQUEST NO. 67:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation.  Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS
TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

A diligent search of the documents in Georgia-Pacific's possession, custody, and control (including documents already produced) did not identify any documents specifically responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 68:**

All DOCUMENTS RELATING TO any testing or sampling conducted on the MILL SITE, pursuant to the EPA's 104 Mill Study, of any product, byproduct or waste that was produced or generated on the MILL SITE.

**RESPONSE TO REQUEST NO. 68:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Additionally, Georgia-Pacific objects to this Request to the extent it seeks documents that are publicly-available and/or that are already in the possession, custody, or control of Defendant or equally available to Defendant.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

**RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO**

A diligent search of the documents in Georgia-Pacific's possession, custody, and control (including documents already produced) did not identify any documents specifically responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 69:**

All DOCUMENTS RELATING TO the dredging, in and after July 2002, of Ponds 1 through 4.

**RESPONSE TO REQUEST NO. 69:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

A diligent search of the documents in Georgia-Pacific's possession, custody, and control (including documents already produced) did not identify any documents specifically responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this request in its custody,

45

**RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO**

possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 70:**

All DOCUMENTS RELATING TO the dredging, in and after July 2002, of Pond 7.

**RESPONSE TO REQUEST NO. 70:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

A diligent search of the documents in Georgia-Pacific's possession, custody, and control (including documents already produced) did not identify any documents specifically responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

46

**RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO**

**REQUEST NO. 71:**

All ENVIRONMENTAL ALERT(s), from 1990 to 2002, RELATING TO any chemical of concern at the MILL SITE, sent by YOUR environmental department to any of YOUR facilities.

**RESPONSE TO REQUEST NO. 71:**

Georgia-Pacific objects to this request as vague and ambiguous as to what is meant by "chemical of concern." Georgia-Pacific also objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

A diligent search of the documents in Georgia-Pacific's possession, custody, and control (including documents already produced) did not identify any documents specifically responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 72:**

All ENVIRONMENTAL ALERT(s), from 1990 to 2002, that were sent to any person who had and responsibility for any activity at the MILL SITE.

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

47

**RESPONSE TO REQUEST NO. 72:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

A diligent search of the documents in Georgia-Pacific's possession, custody, and control (including documents already produced) did not identify any documents specifically responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 73:**

All DOCUMENTS RELATING TO any ownership interest in PIPE 1 that YOU CONTEND the CITY may have.

**RESPONSE TO REQUEST NO. 73:**

Georgia-Pacific objects to this Request as vague and ambiguous because the terms "ownership" and "interest" are undefined, and because the definition of "PIPE 1" used by the City is either not accurate or is a mischaracterization. Georgia-Pacific also objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in

48

**RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO**

this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Additionally, Georgia-Pacific objects to this Request to the extent it seeks documents that are publicly-available and/or that are already in the possession, custody, or control of Defendant or equally available to Defendant.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

A diligent search of the documents in Georgia-Pacific's possession, custody, and control (including documents already produced) did not identify any documents specifically responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

Georgia-Pacific notes, however, that the City pumped stormwater to the Mill Pond through Pipe 1. See GP00078892-79039, at GP00078948 (Figure 5-8).

**REQUEST NO. 74:**

All DOCUMENTS RELATING TO any ownership interest in PIPE 2 that YOU CONTEND the CITY may have.

**RESPONSE TO REQUEST NO. 74:**

Georgia-Pacific objects to this Request because the terms "ownership" and "interest" are undefined, and because the definition of "PIPE 2" used by the City is either not accurate or is a mischaracterization. Georgia-Pacific also objects to this Request because it is overly broad, cumulative, and burdensome, including, without

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

49

**RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO**

limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Additionally, Georgia-Pacific objects to this Request to the extent it seeks documents that are publicly-available and/or that are already in the possession, custody, or control of Defendant or equally available to Defendant.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

A diligent search of the documents in Georgia-Pacific's possession, custody, and control (including documents already produced) did not identify any documents specifically responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

Georgia-Pacific notes, however, that the City pumped stormwater to the Mill Pond through Pipe 2. See GP00078892-79039, at GP00078943 (Figure 5-6).

**REQUEST NO. 75:**

All DOCUMENTS RELATING TO the construction, placement, and maintenance of all pipes and/or culverts that are located on the MILL SITE and that convey or place CITY stormwater directly into the MILL POND.

**RESPONSE TO REQUEST NO. 75:**

Georgia-Pacific objects to this Request to the extent it seeks documents that are publicly-available and/or that are already in the possession, custody, or control of

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

50

Defendant or equally available to Defendant. Georgia-Pacific further objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Additionally, Georgia-Pacific objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Georgia-Pacific has produced the following document, which is potentially responsive and/or relevant to this Request: GP00078892-79039.

The foregoing specific listing is not intended to, and should not be construed to mean that the listed documents are the only documents which have been produced that are responsive or potentially responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 76:**

All DOCUMENTS supporting YOUR contention that the CITY has any ownership interest in any pipe or other mechanism that is located on the MILL SITE and that conveys CITY stormwater directly into the MILL POND.

**RESPONSE TO REQUEST NO. 76:**

Georgia-Pacific objects to this Request because the terms "ownership," "interest," and "other mechanism" are undefined. Georgia-Pacific also objects to this Request because it is overly broad, cumulative, and burdensome, including, without

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

51

limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Additionally, Georgia-Pacific objects to this Request to the extent it seeks documents that are publicly-available and/or that are already in the possession, custody, or control of Defendant or equally available to Defendant.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

A diligent search of the documents in Georgia-Pacific's possession, custody, and control (including documents already produced) did not identify any documents specifically responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

Georgia-Pacific notes, however, that the City pumped stormwater to the Mill Pond through Pipe 1 and Pipe 2. See GP00078892-79039, at GP00078943 (Figure 5-6) and GP00078948 (Figure 5-8).

**REQUEST NO. 77:**

All DOCUMENTS RELATING TO the "75 foot easements" for PIPE 1 and PIPE 2, as referenced by YOUR real estate appraiser Dean Strupp in the communication attached hereto as Exhibit E.

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

52

**RESPONSE TO REQUEST NO. 77:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Additionally, Georgia-Pacific objects to this Request to the extent it seeks documents that are publicly-available and/or that are already in the possession, custody, or control of Defendant or equally available to Defendant.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

A diligent search of the documents in Georgia-Pacific's possession, custody, and control (including documents already produced) did not identify any documents specifically responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 78:**

All DOCUMENTS RELATING TO any easements that YOU contend the CITY has for the conveyance of water into the MILL POND.

**RESPONSE TO REQUEST NO. 78:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to

RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS
TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Additionally, Georgia-Pacific objects to this Request to the extent it seeks documents that are publicly-available and/or that are already in the possession, custody, or control of Defendant or equally available to Defendant.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

A diligent search of the documents in Georgia-Pacific's possession, custody, and control (including documents already produced) did not identify any documents specifically responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 79:**

All DEPOSITION SUMMARIES reviewed by Michael Davis in preparation of YOUR 30(b)(6) deposition.

**RESPONSE TO REQUEST NO. 79:**

Subject to the foregoing general objections, and as limited thereby, Georgia-Pacific provides the following response:

Georgia-Pacific will produce or make available "DEPOSITION SUMMARIES" responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

54

RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS
TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO

**REQUEST NO. 80:**

All DEPOSITION SUMMARIES reviewed by Roger Hilarides in preparation of YOUR 30(b)(6) deposition.

**RESPONSE TO REQUEST NO. 80:**

Subject to the foregoing general objections, and as limited thereby, Georgia-Pacific provides the following response:

Georgia-Pacific will produce or make available "DEPOSITION SUMMARIES" responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 81:**

All DOCUMENTS RELATING TO YOUR burning of MUNICIPAL WOOD on the MILL SITE.

**RESPONSE TO REQUEST NO. 81:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Georgia-Pacific has produced the following documents, which are potentially responsive and/or relevant to this Request: GPC00040749-56; GPC00039647-60; GPC00039684-94; GPC00039815-17; GPC00040057-80; GPC00040237-44; GPC00040245-66; GPC00040268-75; GPC00040288-89; GPC00040370-82; GPC00040390-92; GPC00040589-96; GPC00040632-39; GPC00040903-10; GPC00041076-82; GPC00041089-93; GPC00022976-80; GP00108927-30;

55

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

GPLA00007131-32; GPLA00007140; GPLA00007153-54; GPLA00007162; GPLA00007163; GPLA00007164; GPLA00085043-148; GP00108939-52; GPLA00007164; GPGA0004980; GPLA00144560-66.

The foregoing specific listing is not intended to, and should not be construed to mean that the listed documents are the only documents which have been produced that are responsive or potentially responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this Request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 82:**

All DOCUMENTS RELATING TO the sources, including but not limited to any landfills or recycling centers, from which YOU obtained MUNICIPAL WOOD that was burned on the MILL SITE.

**RESPONSE TO REQUEST NO. 82:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks documents that are publicly-available and/or that are already in the possession, custody, or control of Defendant or equally available to Defendant.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Georgia-Pacific has produced the following documents, which are potentially responsive and/or relevant to this Request:  GPC00040749-56; GPC00039647-60; GPC00039684-94; GPC00039815-17; GPC00040057-80; GPC00040237-44;

RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO

GPC00040245-66; GPC00040268-75; GPC00040288-89; GPC00040370-82; GPC00040390-92; GPC00040589-96; GPC00040632-39; GPC00040903-10; GPC00041076-82; GPC00041089-93; GPC00022976-80.

The foregoing specific listing is not intended to, and should not be construed to mean that the listed documents are the only documents which have been produced that are responsive or potentially responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this Request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 83:**

All DOCUMENTS RELATING TO all precautionary measures taken by YOU to ensure that any burning of MUNICIPAL WOOD at the MILL SITE would not violate any permits or orders that were issued to YOU by the AQMD or any other governmental regulatory agency.

**RESPONSE TO REQUEST NO. 83:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

57

**RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO**

Georgia-Pacific has produced the following documents, which are potentially responsive and/or relevant to this Request: GPLA00007162; GPLA00007163; GPLA00007164; GPLA00085043-148; GP00108939-52.

The foregoing specific listing is not intended to, and should not be construed to mean that the listed documents are the only documents which have been produced that are responsive or potentially responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

**REQUEST NO. 84:**

All DOCUMENTS RELATING TO the COMMUNICATIONS between Roger Hilarides and Jim Bostic regarding dioxins at the MILL SITE, as referenced in Roger Hilarides's deposition at 12:19-25:25 and 405:16-412:8.

**RESPONSE TO REQUEST NO. 84:**

Georgia-Pacific objects to this Request because it is overly broad, cumulative, and burdensome, including, without limitation, to the extent that it seeks documents already produced in this litigation. Georgia-Pacific further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, and as limited thereby, Georgia-Pacific provides the following response:

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

58

RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS
TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO

A diligent search of the documents in Georgia-Pacific's possession, custody, and control (including documents already produced) did not identify any documents specifically responsive to this Request.

Pursuant to agreement between the parties, Georgia-Pacific will continue to produce or make available on a rolling basis additional relevant, non-privileged documents that contain information responsive to this request in its custody, possession, or control that have been or may subsequently be discovered and will identify such documents as responsive to this request consistent with its obligations under Federal Rules of Civil Procedure 26(e)(1).

DATED:  June 23, 2014                    HUNTON & WILLIAMS LLP

By:  _____
Jeffrey N. Martin
Attorney for Plaintiff/Counter Defendant,
GEORGIA-PACIFIC LLC

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

59

**RESPONSE TO THE CITY OF FORT BRAGG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GEORGIA-PACIFIC, LLC, SET TWO**

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, state of California. I am over the age of 18 years and not a party to this action. My business address is 550 South Hope Street, Suite 2000, Los Angeles, CA. 90071.

On **June 23, 2014**, I served the foregoing document described as **PLAINTIFF/COUNTER-DEFENDANT GEORGIA-PACIFIC, LLC'S COMBINED OBJECTIONS AND RESPONSES TO THE CITY OF FORT BRAGG'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** on the interested parties in this action:

 **By ELECTRONIC MAIL:** by causing a true and correct copy thereof to be transmitted electronically to the attorneys of record at the e-mail addresses listed in the attached **RIDER**.

I declare that I am employed in the office of an attorney admitted to this court for this case, at whose direction the service was made.

Executed on **June 23, 2014**, in Los Angeles, California .

_____

Rita Kim

## R I D E R

| | |
|---|---|
| R. Gaylord Smith<br>bob.smith@lewisbrisbois.com<br>Gordon J. Calhoun<br>gordon.calhoun@lewisbrisbois.com<br>Ernest Slome<br>ernest.slome@lewisbrisbois.com<br>Michael.Johnson@lewisbrisbois.com<br>Joe.Salazar@lewisbrisbois.com<br>Robert.Slaughter@lewisbrisbois.com<br>Timothy.Swickard@lewisbrisbois.com<br>Nan.Garcia@lewisbrisbois.com<br>GeneRitti@officemax.com<br>jeffreyneumeyer@officemax.com<br>dennisradocha@officemax.com<br>melodywhigam@officemax.com<br>LEWIS BRISBOIS BISGAARD &<br>SMITH LLP<br>701 B Street, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619-233-1006<br>Facsimile:  619-233-8627 | *Attorneys for Defendant and Counter-Claimant OFFICEMAX INCORPORATED* |
| Noel Edlin<br>nedlin@behblaw.com<br>Fred M. Blum<br>fblum@behblaw.com<br>Farheena A. Habib<br>fhabib@behblaw.com<br>mtle@behblaw.com<br>BASSI, EDLIN, HUIE & BLUM LLP<br>500 Washington Street, Suite 700<br>San Francisco, CA 94111<br>Telephone: (415) 397-9006<br>Facsimile: (415) 397-1339 | *Attorneys for Defendant and Counter-Claimant CITY OF FORT BRAGG* |

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

2

**CERTIFICATE OF SERVICE**

**Case No. 12-02797 WHO**

| | |
|---|---|
| Tara Sky Woodward<br>swoodward@babc.com<br>Kevin Mattingly<br>kmattingly@babc.com<br>Mary Shisler<br>mshisler@babc.com<br>BRADLEY ARANT BOULT CUMMINGS LLP<br>1615 L Street, N.W., Suite 1350<br>Washington, DC 20036<br>Telephone: 202-719-8214<br>Facsimile: 202-719-8314 | *Attorneys for Defendant and Counter-Claimant LOUISIANA-PACIFIC CORPORATION* |

Hunton & Williams LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

3

**CERTIFICATE OF SERVICE**

**Case No. 12-02797 WHO**

Re:     **Georgia-Pacific, LLC v. OfficeMax Incorporated, Louisiana-Pacific Corporation, And The City Of Fort Bragg**
**United States District Court, Northern District Case No. 3:12-cv-02797-WHO**

### PROOF OF SERVICE – ELECTRONIC TRANSMISSION

STATE OF CALIFORNIA/COUNTY OF San Francisco

I am a citizen of the United States and an employee in the County of San Francisco. I am over the age of eighteen (18) years and not a party to the within action. My business address is BASSI, EDLIN, HUIE & BLUM LLP, 500 Washington Street, Suite 700, San Francisco, California 94111.

On the date executed below, I electronically served the document(s) via ECF Northern District website*s*, described below, on the recipients designated on the Transaction Receipt located on the ECF Northern District website.

**DEFENDANT THE CITY OF FORT BRAGG'S EXHIBITS ISO JOINT LETTER BRIEF RE GEORGIA-PACIFIC'S RESPONSES TO THE CITY'S REQUESTS FOR PRODUCTION, SET TWO**

On the following parties:

PLEASE SEE SERVICE LIST PROVIDED BY ECF NORTHERN DISTRICT WEBSITE

I declare under penalty of perjury that the foregoing is true and correct and that this document is executed on August 21, 2014, at San Francisco, California.

/s/ ALISHA C. PEMBER
_____
ALISHA C. PEMBER

949924

1

PROOF OF SERVICE