UNITED STATES  DISTRICT COURT

Northern District of California

San Francisco Division

GEORGIA-PACIFIC LLC,                              No. C 12-02797 WHO (LB)

              Plaintiff,                    **ORDER REGARDING DISCOVERY DISPUTE AT ECF NO. 222**

      v.

OFFICEMAX INC, et al.,

              Defendants.

_____/

This discovery dispute involves OfficeMax's request to take additional depositions. *See* ECF No. 222.[1]  It asks for up to 20 in its letter brief but identifies 8 deponents. *See id.* at 3.  At the August 21, 2014 hearing, it identified a ninth deponent.  Part of the tension (manifested here in a request for 20 more depositions) is that fact discovery closes in September.  Georgia-Pacific also points out that defendants have a joint defense agreement and there is no need to authorize more depositions beyond the amount that they have collectively. *Id.* at 4.

For the reasons discussed on the record (primarily the complexity of the case), the court authorizes an additional six depositions.  If OfficeMax wants to take more depositions, it must submit a chart that lists all persons deposed so far, summarizes their testimony briefly, lists the persons it wants to depose, and summarizes their anticipated testimony.  This will allow Georgia-

---

[1]  Letters at ECF Nos. 220 and 221 address the same issue.

C 12-02797 WHO (LB)
ORDER

UNITED STATES DISTRICT COURT
For the Northern District of California

Pacific to articulate its opposition more particularly and will help the court determine whether it ought to authorize additional depositions.

As to scheduling, the parties must confer on a reasonable schedule for deposing the witnesses. If some depositions are after the close of fact discovery, then the parties should submit a proposed schedule to the court.

This disposes of ECF Nos. 220, 221, and 222.

**IT IS SO ORDERED.**

Dated: August 25, 2014

_____
LAUREL BEELER
United States Magistrate Judge

C 12-02797 WHO (LB)
ORDER

2