UNITED STATES  DISTRICT COURT

Northern District of California

San Francisco Division

GEORGIA-PACIFIC LLC,

               Plaintiff,

    v.

OFFICEMAX INC, et al.,

               Defendants.

_____/

No. C 12-02797 WHO (LB)

**ORDER REGARDING DISCOVERY DISPUTE AT ECF NOS. 223 AND 231**

This letter brief dispute involves OfficeMax's and the City of Fort Bragg's request to extend discovery by 60 days and challenge to the adequacy of Georgia-Pacific's privilege log. *See* ECF No. 223.  The court held a hearing on August 21, 2014.  The controversy appears to stem from some initial delays and difficulties with discovery (particularly with electronically-stored information ("ESI")), and that affected the timing of discovery review and identification of potential deponents. Moreover, the tightness of the deadlines seems to have created stresses around the orderly generation of privilege logs and defendants' counsel's ability to evaluate and respond to assertions of privileges.  Another issue affecting timing is that OfficeMax and Georgia-Pacific have a mediation scheduled on August 27, 2014. *See* ECF No. 226 at 7.  (The City of Fort Bragg is pursuing settlement talks separately with GP. *See id.*)

At the hearing, and as a case management device, the court noted that there is plenty of time in the schedule to manage any additional depositions, work out the ESI issues, and manage an effective

C 12-02797 WHO (LB)
ORDER

privilege review.  For that reason, the undersigned will not order (or facilitate with the district judge) a blanket extension of the discovery deadlines.  Instead, any requests should be tailored to the task to be accomplished.  For example, the undersigned authorized additional depositions.  *See* ECF No. 240.  If an orderly schedule extends past the close of discovery in September, then counsel should submit the schedule, and the court will address the appropriateness of the schedule given the existing discovery deadlines.   As far as the privilege log is concerned, to the extent that the impending fact discovery cut-off is contributing to the rush to file discovery letter briefs, *see* ECF No. 223 at 3 (suggesting as much), the court prefers an orderly addressing of the issues (privilege review and follow-up discovery) and extends the time frame for this process for 30 days.  If more time is needed, OfficeMax must submit a timeline based on its anticipated work.  As far as the identification of authors of documents that are attachments to emails, the court has no problem with GP's inclusion of the "parent" transmittal emails to identify the genesis of the "child" attached documents. Given the parties' pending mediation and the apparent effect that the fact discovery deadline had on the privilege review issues, the court defers further review of the privilege log issues until after the mediation.  If the parties do not resolve their case, then they must meet and agree on a reasonable time period for OfficeMax to complete its review of the privilege logs, schedule a telephone conference to address their disagreements, and thereafter submit one letter brief with their arguments.  The letter brief may include a half page joint introduction, OfficeMax may have up to four pages to raise its remaining disputes, Georgia-Pacific may have up to four pages to oppose, and OfficeMax may have up to two pages to reply.  The parties must submit a joint exhibit of no more than ten pages (absent further order of the court) that meaningfully presents the privilege log issues. The attachments to the current dispute are too small and not even legible.  The point of this process is to illuminate representative issues.  The court then can issue guidance that the parties can apply to their remaining disputes.

This disposes of ECF Nos. 223 and 231.

**IT IS SO ORDERED.**

Dated: August 25, 2014

_____
LAUREL BEELER
United States Magistrate Judge

C 12-02797 WHO (LB)
ORDER

2

UNITED STATES DISTRICT COURT
For the Northern District of California