UNITED STATES  DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| GEORGIA-PACIFIC LLC, | No. C 12-02797 WHO (LB) |
| Plaintiff, | **ORDER REGARDING DISCOVERY DISPUTE AT ECF NO. 236** |
| v. | |
| OFFICEMAX INC, et al., | |
| Defendants. | |

_____/

The letter brief dispute at ECF No. 236 is between GP and the City of Fort Bragg.  The court held a hearing on September 4, 2014 and rules as follows for the reasons stated below and on the record.

*First*, issue one is the City's contention that GP has not produced all documents and its privilege log.  It points to GP's assertion of a rolling production, the recent production of a document, and the failure to produce additional documents.  GP responded that it had completed its production and privilege log.  At the hearing, it became apparent that the issue really is about the parties' disagreement about the production of information from sites other than the Mill site.  As discussed in the next section, the parties and the court worked out a process to narrow the discovery.

*Second*, as to RFPs 30, 31, 32, 34, 37, 40, 41, 42 and 43, the City wants information about GP's knowledge about the dangers posed by dioxin and thinks that documents from other sites are relevant to prove scienter.  GP resisted the broad requests (an any-and-all request for documents

C 12-02797 WHO (LB)
ORDER

from 1970 to 2002) on the grounds of relevance and burden. As to relevance, certain documents may be relevant to knowledge about issues related to the Mill site. While GP may be right that the evidence sought – if introduced at trial – risks confusion and a series of mini trials on side issues, that analysis is a Rule 403 analysis at trial and not a barrier to discovery. Still, the burden concern is a fair one under Rule 26. At the hearing, the court worked out a process with the City whereby it would narrow its request to three or four sites, a narrower time period (generally around the years surrounding 2002), and key players. Put another way, the approach is designed to link documents to the people at GP who matter for purposes of establishing scienter at trial. GP still may raise any burden issues, but it may do so only after conferring with the City. As set forth in the undersigned's standing order on discovery, the parties must propose their best compromise if GP still thinks there is a burden issue. The point of that process is to allow an iterative approach to discovery to allow insight to the requesting party without undue burden to the producing party.

*Third*, as to RFPs 65, 66, and 67, the issue here is the beneficial reuse program. Mr. Hilarides (a high-level executive at GP) said that the beneficial reuse program that GP had at the time did not apply, and GP thus contended that the discovery sought was not relevant. It also pointed to its response, which said that it conducted a reasonably diligent search and had not identified responsive documents. The court has no idea what GP did that makes its search diligent. The reality is that a standard ESI cull narrowed by word searches and custodian restrictions does not always reveal key documents. The undersigned thus ordered GP to take a modest investigative approach to finding the documents. Mr. Hilarides said that the program existed. GP can start by asking him where documentation of the program during the relevant time period might be found. If he does not know, GP can ask him who would know, and then ask that person (and so forth). Also, in the end, finding where documents are filed and maintained is not necessarily a question best posed to an executive level person. Sometimes compliance clerks, for example, have better insight to how a company maintains and files its policies and practices. The court anticipates that this process will take only a few hours, all in. There is bound to be documentation somewhere. And it is a fair request for the City to have insight into what the program was so that it can evaluate Mr. Hilarides's testimony.

*Fourth*, RFPs 71 and 72 raise a similar issue. Mr. Hilarides testified about memoranda that GP's

UNITED STATES DISTRICT COURT
For the Northern District of California

environmental office would have sent to "appropriate facilities."  GP said that it did a diligent search and did not locate responsive documents.  GP must engage in the process set forth in the previous paragraph.

For the reasons stated in the court's order denying costs and fees for the letter brief at ECF No. 238, the court denies the parties' requests for fees and costs here.

This disposes of ECF No. 236.

**IT IS SO ORDERED.**

Dated: September 5, 2014

_____
LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California

C 12-02797 WHO (LB)
ORDER

3