HUNTON & WILLIAMS LLP
Ann Marie Mortimer (SBN 169077)
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020
E-mail: amortimer@hunton.com

HUNTON & WILLIAMS LLP
Jeffrey N. Martin (Admitted *Pro Hac Vice*)
Harry M. "Pete" Johnson (Admitted *Pro Hac Vice*)
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 955-1552
E-mail: jmartin@hunton.com
           pjohnson@hunton.com

Attorneys for Plaintiff and Counter-Defendant
GEORGIA-PACIFIC LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| GEORGIA-PACIFIC LLC,<br>            Plaintiff,<br>    v.<br>OFFICEMAX INCORPORATED,<br>LOUISIANA-PACIFIC<br>CORPORATION, AND THE CITY OF<br>FORT BRAGG,<br>            Defendants.<br><br>AND RELATED COUNTERCLAIMS<br>AND CROSSCLAIMS | CASE NO.: 12-02797-WHO<br><br>**DECLARATION OF ANN MARIE MORTIMER IN SUPPORT OF JOINT MOTION OF GEORGIA-PACIFIC LLC AND OFFICEMAX INCORPORATED FOR ORDER APPROVING SETTLEMENT AND BARRING CLAIMS AGAINST OFFICEMAX INCORPORATED**<br><br>[*Joint Motion for Order Approving Settlement and Proposed Order filed concurrently herewith*]<br><br>Judge: Hon. William H. Orrick<br>Hearing date: October 15, 2014<br>Hearing time: 2:00 p.m.<br>Courtroom 2, 17th Floor<br><br>**Complaint Filed: May 31, 2012<br>Amd. Comp. Filed: June 4, 2012<br>2nd Amd. Comp. Filed: May 21, 2013<br>3P Comp. Filed: August 30, 2012<br>1st Amd. 3P Comp. Filed: October 31, 2012** |

DECLARATION OF ANN MARIE MORTIMER
CASE NO. 12-02797-WHO

**DECLARATION OF ANN MARIE MORTIMER**

I, Ann Marie Mortimer, declare:

1.     I am an attorney at law, duly licensed to practice law before all of the courts in the State of California and admitted to practice in the Northern District of California. I am a partner with Hunton & Williams LLP, attorneys of record for Plaintiff Georgia-Pacific LLC. I make this declaration based upon my own personal knowledge. If called to testify, I could and would competently testify to each matter set forth herein.

2.     Attached hereto as Exhibit 1 is a true and correct copy of the Settlement Agreement and Mutual Release by and between Georgia-Pacific LLC and OfficeMax Incorporated, dated September 24, 2014.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 29th day of September, 2014 at Los Angeles, California

Ann Marie Mortimer

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1
DECLARATION OF ANN MARIE MORTIMER
CASE NO. 12-02797-WHO

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is 550 South Hope Street, Suite 2000, Los Angeles, California 90071-2627.

On **September 29, 2014**, I served the foregoing document(s) described as **DECLARATION OF ANN MARIE MORTIMER IN SUPPORT OF JOINT MOTION OF GEORGIA-PACIFIC LLC AND OFFICEMAX INCORPORATED FOR ORDER APPROVING SETTLEMENT AND BARRING CLAIMS AGAINST OFFICEMAX INCORPORATED** on the interested parties in this action:

☒     **By ELECTRONIC MAIL:** by causing a true and correct copy thereof to be transmitted electronically to the attorney(s) of record at the e-mail address(es) listed in the attached **RIDER**.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **September 29, 2014**, Los Angeles, California.

*/s/ Rita Kim*
RITA KIM

*Hunton & Williams LLP*
*550 South Hope Steet, Suite 2000*
*Los Angheles, CA 90071*

1
PROOF OF SERVICE

# R I D E R

| | |
|---|---|
| R. Gaylord Smith<br>bob.smith@lewisbrisbois.com<br>Gordon J. Calhoun<br>gordon.calhoun@lewisbrisbois.com<br>Ernest Slome<br>ernest.slome@lewisbrisbois.com<br>Michael.Johnson@lewisbrisbois.com<br>Joe.Salazar@lewisbrisbois.com<br>Robert.Slaughter@lewisbrisbois.com<br>Timothy.Swickard@lewisbrisbois.com<br>Nan.Garcia@lewisbrisbois.com<br>GeneRitti@officemax.com<br>Lewis Brisbois Bisgaard & Smith LLP<br>701 B Street, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619-233-1006<br>Facsimile:   619-233-8627 | *Attorneys for Defendant and Counter-Claimant OFFICEMAX INCORPORATED* |
| Noel Edlin<br>nedlin@behblaw.com<br>Fred M. Blum<br>fblum@behblaw.com<br>Farheena A. Habib<br>fhabib@behblaw.com<br>BASSI, EDLIN, HUIE & BLUM LLP<br>500 Washington Street, Suite 700<br>San Francisco, CA 94111<br>Telephone: (415) 397-9006<br>Facsimile: (415) 397-1339 | *Attorneys for Defendant and Counter-Claimant CITY OF FORT BRAGG* |

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

2

29073.000398 EMF_US 49265146v1

PROOF OF SERVICE

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE (hereinafter "Agreement") is entered into and made effective as of September 24, 2014, by and between Georgia-Pacific LLC ("Georgia-Pacific") and OfficeMax Incorporated.

### I. RECITALS

WHEREAS, Georgia-Pacific filed a Complaint and Amended Complaints in the United States District Court for the Northern District of California styled *Georgia-Pacific LLC v. OfficeMax Incorporated, Louisiana-Pacific Corporation, And City Of Fort Bragg*, Case No. 3:12-cv-02797-WHO (hereinafter the "Civil Action"), seeking to recover, pursuant to sections 107 and 113 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9607 and 9613, as amended by the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499, 100 Stat. 1613 (1986) ("CERCLA"), and pursuant to state law causes of action, certain costs in connection with the investigation and cleanup of the Fort Bragg mill site located in Fort Bragg, California (the "Site");

AND WHEREAS, Georgia-Pacific alleged in the Civil Action that OfficeMax Incorporated is liable as an owner and operator of a facility and as a "generator" and/or "arranger" for disposal at the Site of hazardous substances within the meaning of CERCLA sections 107(a)(1)-(3);

AND WHEREAS, OfficeMax Incorporated has denied the allegations and asserted affirmative defenses in the Civil Action, and asserted counterclaims against Georgia-Pacific in the Civil Action;

AND WHEREAS, Georgia-Pacific and OfficeMax Incorporated desire to settle the disputes between themselves in the Civil Action, and Georgia-Pacific and OfficeMax

Incorporated wish to enter into a complete release of the claims each has asserted against the other in the Civil Action while preserving Georgia-Pacific's claims against the City of Fort Bragg ("the City"), in the Civil Action;

AND WHEREAS, OfficeMax Incorporated desires to obtain contribution protection against any potential third-party claims;

NOW, THEREFORE, Georgia-Pacific and OfficeMax Incorporated, in consideration of the covenants, promises, representations, warranties, release and payment described herein, do hereby agree as follows:

## II. AGREEMENTS

1.    OfficeMax Incorporated and its insurer, the Insurance Company of the State of Pennsylvania, will pay to the order of Georgia-Pacific the combined sum of fourteen million seven hundred and fifty thousand dollars ($14,750,000.00) ("the Settlement Amount"), with $225,000 coming from OfficeMax Incorporated and $14,525,000 coming from the Insurance Company of the State of Pennsylvania and/or American Home Assurance Company. The Settlement Amount shall be paid at the later of 10 business days following entry of the Order described in paragraph 2 or 45 days following execution of this Agreement. Timely payment in full of the $14,750,000 is a condition precedent to this Agreement, and the failure to fully satisfy this condition entitles Georgia-Pacific to declare the Agreement null and void, and the parties agree that the claims that were to have been dismissed shall be reinstated *nunc pro tunc* with all applicable statutes of limitations and repose having been tolled.

2.    It is the intent of Georgia-Pacific and OfficeMax Incorporated that they will file a joint motion, in the form attached hereto as Exhibit A, in the Civil Action requesting that all cross-claims that have been asserted by the City against OfficeMax Incorporated be dismissed with prejudice, together with an agreed order dismissing with prejudice the claims against each

2

other in the Civil Action, in the form attached hereto as Exhibit B. The obligations created by this Agreement shall be effective upon the Court's entry of an order approving and entering the Order attached hereto as Exhibit B, or which the parties agree is equivalent in its scope and effect to that Order. This Agreement shall be null and void if the Court does not enter such an order. In the event of any successful appeal of such an order, Georgia-Pacific shall refund the full Settlement Amount and any accrued interest, if OfficeMax Incorporated elects at its sole discretion to withdraw from the settlement at that time.

3.    OfficeMax Incorporated and Georgia-Pacific agree to withdraw with prejudice all discovery demands that have been made against each other and to withdraw and treat as settled all discovery disputes that have been raised against each other in the Civil Action. OfficeMax Incorporated further agrees (a) to withdraw all subpoenas issued to third parties and all notices of depositions, (b) to provide to Georgia-Pacific, upon reasonable notice all signed witness statements related to the claims asserted in the Civil Action that have not previously been produced in the Civil Action, and (c) to withdraw promptly from any Joint Defense Agreement between OfficeMax Incorporated and the City in connection with the Civil Action.

4.    Each party shall bear its own costs and attorneys' fees in the Civil Action.

### III. RELEASES

5.    Except as noted in paragraph 7 below, for and in consideration of the promises, obligations, representations, and warranties set forth herein, Georgia-Pacific, for itself, its affiliates, and its subsidiaries, and their respective officers, directors, employees, representatives, and agents, do hereby release, remise, forever quit-claim, discharge, and covenant not to sue Union Lumber Company, OfficeMax Incorporated, or any of their parents, affiliates, subsidiaries, predecessors, successors, assigns (as well as their officers, directors, employees, representatives, attorneys, insurers and agents) (herein "OfficeMax") from any and all claims,

3

actions, causes of action, demands, liabilities, and controversies which have been or could have been asserted or litigated in the Civil Action.  Such release further extends to include any and all claims based on new information or currently unknown conditions related to the operations of OfficeMax at the Site that require investigation and remediation and that are outside the scope of (1) the responsive actions authorized or required by Site Investigation and Remediation Order, Docket No. HAS-RAO-06-07-150, issued on February 16, 2007, by the California Environmental Protection Agency, Department of Toxic Substance Control, and (2) the claims that have been asserted or could have been asserted in the Civil Action.

6.    Except as noted in paragraph 7 below, for and in consideration of the promises, obligations, representations, and warranties set forth herein, OfficeMax Incorporated, for itself, its affiliates, its predecessors, and its subsidiaries, and their respective officers, directors, employees, representatives, and agents, does hereby release, remise, forever quit-claim, discharge, and covenant not to sue Georgia-Pacific, its officers, directors, employees, representatives, and agents from any and all claims, actions, causes of action, demands, liabilities, and controversies which have been or could have been asserted or litigated in the Civil Action.

7.    The parties agree that the claims resolved and released in Paragraphs 5 and 6 above herein do not include any claims (brought as contribution claims or otherwise) by third parties (defined as any non-party to the Civil Action who is not otherwise released herein) for natural resource damages, personal injury, or property damage, and further agree to reserve their rights against each other with respect to such third party claims and against any third party that might elect to bring any such claim.  Georgia-Pacific, however, further agrees that, even though it has no present intention to do so, if it should elect to sue another party for costs in connection

4

with past or future response actions or damages in connection with the Site, it will indemnify, hold harmless and assume responsibility for defending OfficeMax if OfficeMax should be joined by that party.

8.   By this Agreement, Georgia-Pacific does not release, and this Agreement is not to be construed as a release of, any rights, claims, causes of action, or rights of action it has against the City of Fort Bragg or any other potential party unrelated to OfficeMax.

## IV.   EFFECT OF SETTLEMENT

9.   The parties hereto agree that the effect of this Agreement, including its effect with respect to non-settling parties, shall be governed by the principles of the Uniform Comparative Fault Act. To that end, it is understood and agreed that this Agreement is intended to discharge OfficeMax and Georgia-Pacific from all liability for the claims released herein; that this Agreement does not discharge or release any other persons liable for claims released herein; and that the claims of Georgia-Pacific against any other liable parties are reduced by the amount of OfficeMax's equitable share of liability for the claims released herein, as determined in accordance with the provisions in section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), and in accordance with California state law. OfficeMax Incorporated agrees not to assert or pursue a contribution claim against any other person or entity related to the Settlement Amount, except for claims against its insurers which are expressly reserved.

## V.   GENERAL PROVISIONS

10.   **Insurance Claims and Rights Preserved.** This Agreement is not intended to prejudice Georgia-Pacific or OfficeMax with respect to their insurers.

11.   **Successors and Assigns.** This Agreement shall be binding upon the successors and assigns of each party. No assignment or delegation of the obligations hereunder will release

5

the assigning party from those obligations unless the party agrees in writing to release the assigning party from such obligations.

12.   **Third-Party Beneficiaries.** This Agreement shall inure to the benefit of the parents, subsidiaries, partners, affiliates, successors, predecessors, successors and indemnitors of the parties. Other than as provided herein, this Agreement is not intended to inure to the benefit of or be binding on any parties not within the above categories of beneficiaries.

13.   **Notices.** All notices, reports, and other communications with a party shall be sent via fax, overnight express delivery, or first class mail to the following:

For Georgia-Pacific:                    For OfficeMax Incorporated:
Christopher R. Graham                   Jeffrey D. Neumeyer
John E. Burgess                         Eugene A. Ritti
Georgia-Pacific LLC                     OfficeMax Incorporated
133 Peachtree Street, NE                1111 W. Jefferson Street, Suite 510
Atlanta, GA  30303                      Boise, ID  83702
fax (404) 584-1461                      fax (630) 647-3864

14.   **Cooperation.** The parties agree to cooperate in good faith to implement the terms and conditions of this Agreement.

15.   **Choice of Law.** The parties consent and agree that this Agreement shall be construed and interpreted in accordance with the substantive laws of the State of California.

16.   **California Civil Code Section 1542.** The Parties acknowledge that they have been advised by their attorneys concerning, and are familiar with, California Civil Code section 1542 and expressly waive any and all rights under California Civil Code section 1542, which provides that:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if

6

known by him or her must have materially affected his or her settlement with the debtor."

The Parties also expressly waive any and all rights under any other federal or state statute or law of similar effect. The Parties expressly assume the risk that facts, omissions, matters, causes, or things may have occurred that they do not know or do not suspect to exist.

17.    **No Admission of Liability.** It is further understood and agreed between the parties that this Agreement is not to be construed as an admission of any issue of fact or law, and is without admission of any liability or fault by Georgia-Pacific or OfficeMax as to any allegation or matter in the Civil Action. The parties, by counsel, have each agreed on a basis for settlement in the making of this Agreement without admission or adjudication of any issue of fact or law.

18.    **Entire Agreement.** Each party acknowledges that this Agreement constitutes the entire understanding of the parties relating to the resolution of its subject matter. This Agreement shall not be modified or amended in any fashion except by a written agreement signed by both parties, nor shall any alleged oral modification of this provision be admissible in evidence.

19.    **Acknowledgements.** This Agreement has been carefully and fully read by the parties and by their respective counsel. The parties are satisfied with the settlement contained in this Agreement; understand the contents hereof; represent and warrant that they are authorized to execute this Agreement on behalf of their respective entities; agree that this Agreement shall be binding on them, their successors and assigns; and have signed this Agreement of their own free act and deed. The parties acknowledge that the warranties and representations in this Agreement constitute specific and material aspects of this Agreement.

7

20.    **Counterparts.** This Agreement may be executed in several counterparts, each of which shall be an original and all of which shall constitute but one and the same instrument.

21.    **Authority to Sign.** Each person signing below represents that they are duly authorized to sign for and to bind the party for which they are executing this Agreement.

WITNESS the following signatures:

| Georgia-Pacific LLC | OfficeMax Incorporated |
|---|---|
| By: | By: |
| Name: Tye G. Darland | Name: Jeffrey D. Neumeyer |
| Title: Senior Vice President - General Counsel and Secretary | Title: VP & Associate General Counsel |
| Date: 9\24\14 | Date: 9/24/2014 |

8

# EXHIBIT A

**DRAFT**

HUNTON & WILLIAMS LLP
Ann Marie Mortimer (SBN 169077)
550 South Hope Street, Suite 2000
Los Angeles, California  90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020
E-mail:  amortimer@hunton.com

HUNTON & WILLIAMS LLP
Jeffrey N. Martin (Admitted *Pro Hac Vice*)
Harry M. "Pete" Johnson (Admitted *Pro Hac Vice*)
2200 Pennsylvania Avenue, N.W.
Washington, D.C.  20037
Telephone: (202) 955-1552
E-mail:  jmartin@hunton.com
          pjohnson@hunton.com

Attorneys for Plaintiff and Counter-Defendant
GEORGIA-PACIFIC LLC

[Counsel Listing Continued on Next Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| GEORGIA-PACIFIC LLC,<br>                    Plaintiff,<br><br>          v.<br><br>OFFICEMAX INCORPORATED,<br>LOUISIANA-PACIFIC<br>CORPORATION, AND THE CITY OF<br>FORT BRAGG,<br>                    Defendants.<br><br>_____<br><br>AND RELATED COUNTERCLAIMS<br>AND CROSSCLAIMS | CASE NO.:  12-02797-WHO<br><br>**JOINT MOTION OF GEORGIA-PACIFIC LLC AND OFFICEMAX INCORPORATED FOR ORDER APPROVING SETTLEMENT AND BARRING CLAIMS AGAINST OFFICEMAX INCORPORATED**<br><br>[*Declaration of Ann Marie Mortimer and Proposed Order filed concurrently herewith*]<br><br>Judge:  Hon. William H. Orrick<br>Hearing date: October 8, 2014<br>Hearing time: 2:00 p.m.<br>Courtroom 2, 17th Floor<br><br>**[ORAL ARGUMENT WAIVED]**<br><br>**Complaint Filed: May 31, 2012**<br>**Amd. Comp. Filed: June 4, 2012**<br>**2nd Amd. Comp. Filed: May 21, 2013**<br>**3P Comp. Filed: August 30, 2012**<br>**1st Amd. 3P Comp. Filed: October 31, 2012** |

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

JOINT MOTION OF GEORGIA-PACIFIC AND OFFICEMAX FOR ORDER APPROVING
SETTLEMENT AND BARRING CLAIMS AGAINST OFFICEMAX
CASE NO. 12-02797-WHO

LEWIS BRISBOIS BISGAARD & SMITH LLP
R. Gaylord Smith (SBN 72726)
Bob.Smith@Lewisbrisbois.com
Ernest Slome (SBN 122419)
ernest.slome@lewisbrisbois.com
701 B Street, Suite 1900,
San Diego, California 92101
Tel: (619) 233-1006 / Fax: (619) 233-8627

LEWIS BRISBOIS BISGAARD & SMITH LLP
Michael K. Johnson (SBN 130193)
Michael.Johnson@Lewisbrisbois.Com
333 Bush Street, Suite 1100,
San Francisco, California 94104
Tel: (415) 362-2580 / Fax: (415) 434-0882

LEWIS BRISBOIS BISGAARD & SMITH LLP
Joseph A. Salazar Jr. (SBN 169551)
Joe.Salazar@Lewisbrisbois.Com
2850 Gateway Oaks Drive, Suite 450
Sacramento, California 95833
Tel: (916) 646-8201/Fax: (916) 564-5444

Attorneys for Defendant, Counter-Claimant, and Third-Party Plaintiff
OFFICEMAX INCORPORATED

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

JOINT MOTION OF GEORGIA-PACIFIC AND OFFICEMAX FOR ORDER APPROVING
SETTLEMENT AND BARRING CLAIMS AGAINST OFFICEMAX
CASE NO. 12-02797-WHO

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Notice is hereby provided that on October 8, 2014 at 2:00 p.m., or as soon thereafter as counsel may be heard, in Courtroom 2 on the 17th Floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, before the Honorable William H. Orrick, Plaintiff Georgia-Pacific LLC ("Georgia-Pacific") and Defendant OfficeMax Incorporated ("OfficeMax") will move for an order (a) approving the settlement between Georgia-Pacific and OfficeMax; (b) barring all claims against OfficeMax, including those for contribution and/or indemnity; and (c) dismissing with prejudice all claims by and against OfficeMax.

This motion is based on the concurrently-filed Memorandum of Points and Authorities, and the entire file in this action. A proposed order is submitted with this motion.

DATED: September 25, 2014

Respectfully submitted,
GEORGIA-PACIFIC LLC

By:   /s/ Ann Marie Mortimer
HUNTON & WILLIAMS LLP
Attorneys for Georgia-Pacific LLC

JOINT MOTION OF GEORGIA-PACIFIC AND OFFICEMAX FOR ORDER APPROVING
SETTLEMENT AND BARRING CLAIMS AGAINST OFFICEMAX
CASE NO. 12-02797-WHO

## **TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................ 1

II.   BACKGROUND .......................................................................................... 1

      A.    The Site Generally ............................................................................ 1

      B.    The Parties' Contentions Regarding Site Contamination ............... 2

      C.    The Litigation Generally ................................................................... 2

      D.    The Settlement Between Georgia-Pacific and OfficeMax ............. 3

III.  Argument .................................................................................................... 4

      A.    The Legal Framework Governing The Settlement .......................... 4

      B.    The Court Should Approve the Agreement Between
            Georgia-Pacific and OfficeMax, Enter a Bar Order, and
            Dismiss All Claims By and Against OfficeMax ............................. 6

IV.   CONCLUSION ........................................................................................... 8

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

i

JOINT MOTION OF GEORGIA-PACIFIC AND OFFICEMAX FOR ORDER APPROVING
SETTLEMENT AND BARRING CLAIMS AGAINST OFFICEMAX
CASE NO. 12-02797-WHO

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Adobe Lumber v. Hellman,*
No. CIV. 05-1510, 2009 WL 256553 (E.D. Cal. Feb. 3, 2009)..........................4

*Ameripride Services Inc. v. Valley Indus. Services, Inc.,*
No. CIV. S–00–113, 2007 WL 1946635 (E.D. Cal. July 2, 2007)................4, 5

*Heim v. Heim,*
No. 5:10–CIV–03816, 2014 WL 1340063(N.D. Cal. Apr. 2, 2014)........ 4, 5, 6

*In re Exxon Valdez,*
229 F.3d 790 (9th Cir. 2000)...............................................................4

**CALIFORNIA CASES**

*Tech-Bilt, Inc. v. Woodward-Clyde & Associates,*
38 Cal.3d 488 (1985)...........................................................................5

**STATUTES**

Cal. Civ. Proc. § 877.6 ................................................................... 4, 5

Comprehensive Environmental Response, Compensation, and Liability
Act, 42 U.S.C. §§ 9601 *et. seq.*..........................................2, 3, 4, 6

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

JOINT MOTION OF GEORGIA-PACIFIC AND OFFICEMAX FOR ORDER APPROVING
SETTLEMENT AND BARRING CLAIMS AGAINST OFFICEMAX
CASE NO. 12-02797-WHO

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

As a result of substantial arms-length negotiations, and following the third mediation before Retired Federal Judge Layn Phillips in New York City on August 27, 2014, Georgia-Pacific and OfficeMax have, in good faith, settled the claims between them.  They now ask the Court, pursuant to well-established authority, to approve their settlement, to bar the remaining claims against OfficeMax, and to dismiss with prejudice all claims in this action asserted by, or against, OfficeMax. Georgia-Pacific and OfficeMax requested the City of Fort Bragg ("the City") to indicate whether or not it would object to the settlement and entry of the proposed order and shared the Settlement Agreement and proposed order with it.  Georgia-Pacific and OfficeMax have been authorized to state that the City will not oppose entry of the Order submitted with this motion.

### II.    BACKGROUND

#### A.    The Site Generally

The Fort Bragg Mill Site (the "Site") was established as a sawmill in 1885 and was owned and operated by predecessors of OfficeMax Incorporated (collectively "OfficeMax").  Operations at the Site expanded over the years, and the original sawmill facility grew to include a plywood and veneer production facility that was operated by OfficeMax.

The City simultaneously grew up around the mill.  The City became an incorporated entity in 1889.  Georgia-Pacific has alleged that from at least that date, and through the present day, the City has discharged contaminated water onto the Site, and also for a period of many years authorized its residents and its departments to dispose of waste, and to burn waste, on the Glass Beach coastal areas of the site.

OfficeMax operated the Site continuously for 88 years, in an era before

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1

comprehensive environmental regulation and before widespread public acknowledgement of the need for environmental protection. Then, in 1973, Georgia-Pacific and Louisiana-Pacific Corporation ("Louisiana-Pacific") each purchased a portion of the Site. Georgia-Pacific purchased the bulk of the Site, including the sawmill operation. Louisiana-Pacific purchased the plywood plant, and operated that plant from 1973 until 1977.

Georgia-Pacific halted production at the mill site in August 2002 and initiated the process of closing the Site. The Site is currently unoccupied and unused except for a small office maintained by Georgia-Pacific and a wastewater treatment plant owned and operated by the City. Georgia-Pacific to date has incurred approximately $38 million in costs to investigate and clean up contamination at the Site. Several areas of the site will be targeted for future cleanup work.

**B.    The Parties' Contentions Regarding Site Contamination**

OfficeMax denies that it is liable to Georgia-Pacific, under CERCLA or otherwise. Georgia-Pacific contends that OfficeMax's 88 year operation of the mill resulted in the release of a range of hazardous substances onto the Site.

**C.    The Litigation Generally**

While the initial procedural history in this matter has been summarized by the Court,[1] there have been several important procedural developments in recent months. First, the Court approved a settlement between Georgia-Pacific and Defendant Louisiana-Pacific. In that settlement, Louisiana-Pacific agreed to pay (and since has paid) Georgia-Pacific the sum of $1.5 million, and all claims by and against Louisiana-Pacific were dismissed with prejudice. Second, OfficeMax and Georgia-Pacific each agreed to dismiss with prejudice all state law claims asserted

---

[1] Order Denying Motion for Summary Judgment ("SJ Order") at 5 (September 18, 2013) (Docket No. 122).

JOINT MOTION OF GEORGIA-PACIFIC AND OFFICEMAX FOR ORDER APPROVING
SETTLEMENT AND BARRING CLAIMS AGAINST OFFICEMAX
CASE NO. 12-02797-WHO

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

against each other and against the City, leaving only CERCLA claims for resolution by the Court. Third, the City expanded its claims in the case to include state law causes of action against Georgia-Pacific for fraud, misrepresentation, and breach of contract, and demanded that all of its non-CERCLA claims be tried to a jury. Fourth, Georgia-Pacific and the City have agreed to settle the claims they have made against each other through mutual dismissals with prejudice.

### D.    The Settlement Between Georgia-Pacific and OfficeMax

On July 29, and 30, 2013, the parties and their counsel engaged in mediation to explore whether it might be possible to settle this case before expending substantial amounts on discovery, motion practice, trial preparation, and trial. The mediation was conducted by the Hon. Layn R. Phillips in San Francisco. Additional meeting sessions were held on December 2, 2013, in San Francisco, and on August 27, 2014, between OfficeMax and Georgia-Pacific in New York City. Following the August 27, 2014, mediation session and some further negotiation by the principals for Georgia-Pacific and OfficeMax, these parties agreed to settle all claims between them. They have finalized a Settlement Agreement and Mutual Release, documenting that settlement. Decl. of Ann Marie Mortimer, at Exh. 1 (the "Agreement").

The Agreement is modeled on the settlement Agreement between Georgia-Pacific and Louisiana-Pacific that was approved by the Court. It provides for dismissal with prejudice of all claims by Georgia-Pacific against OfficeMax, and all claims by OfficeMax against Georgia-Pacific, in exchange for payment from OfficeMax to Georgia-Pacific in the amount of $14,750,000. Agreement at 2. Georgia-Pacific and OfficeMax have agreed that OfficeMax's payment can and should "buy peace" for OfficeMax. Thus, the settlement and payment are conditioned upon this Court dismissing all claims by and against OfficeMax (including cross-claims by the City) with prejudice, and entering a "bar order"

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

JOINT MOTION OF GEORGIA-PACIFIC AND OFFICEMAX FOR ORDER APPROVING
SETTLEMENT AND BARRING CLAIMS AGAINST OFFICEMAX
CASE NO. 12-02797-WHO

protecting OfficeMax. Agreement at 2; *id.* at Exhibit B (Proposed Order). Georgia-Pacific and OfficeMax are entitled to this result under well-established law and the facts of this case.

## III.    ARGUMENT

### A.    The Legal Framework Governing The Settlement

This Court "unequivocally has the authority" to review and approve the settlement between Georgia-Pacific and OfficeMax, and to then enter a "bar order" on current or future federal and state claims against OfficeMax that are related to this action – whether such claims are or would be brought under CERCLA, state common law, or other state or federal statutes. *See Heim v. Heim*, No. 5:10–CIV–03816, 2014 WL 1340063, at *4-7 (N.D. Cal. Apr. 2, 2014) (citations omitted).

The procedure for protecting non-settling parties like the City in this context is straightforward. Although the Ninth Circuit "has never addressed the question of the proper credit method for settlements between private PRPs under CERCLA,"[2] generally "[t]he proportionate share approach is the law in the Ninth Circuit."[3] Thus, federal courts in this Circuit and elsewhere have applied the proportionate share approach of the Uniform Comparative Fault Act ("UCFA") to facilitate the worthy goal of settlement among private parties in CERCLA litigation, while also ensuring that the settlement avoids prejudice to the remaining defendants. *See Heim v. Heim*, 2014 WL 1340063, at *5-6 (citations omitted). Where, as here, there have been related claims under state law, courts within the Ninth Circuit also have simultaneously "borrowed from" Cal. Civ. Proc. § 877.6 to guide their analysis. *Id.* at *3, 5 (citations omitted).

Under this combined federal and state regime, the Court first determines whether the settlement was entered into in good faith and is "procedurally and

---

[2] *Adobe Lumber v. Hellman*, No. CIV. 05-1510, 2009 WL 256553 at *3 (E.D. Cal. Feb. 3, 2009).
[3] *In re Exxon Valdez*, 229 F.3d 790, 796 (9th Cir. 2000).

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

substantively fair." *Ameripride Services Inc. v. Valley Indus. Services, Inc.*, No. CIV. S-00-1132007 WL 1946635 at *3-4 (E.D. Cal. 2007 July 2, 2007); *Heim*, 2014 WL 1340063 at *6. Relevant factors include:

- Whether the settlement results from arms-length negotiations, including whether a neutral mediator was involved;

- Whether the settlement follows substantial litigation and discovery;

- Whether the settlement flows in part from the parties' desire to avoid the expense and uncertainty of litigation;

- Whether the settlement was motivated by a desire for finality;

- Whether the settlement amount is within the reasonable range of the settling tortfeasor's proportional share;

- The recognition that a settling party should pay less in settlement than he would if found liable after trial; and

- Evidence of collusion or fraud.

*Ameripride*, 2007 WL 1946635 at *3; *Heim*, 2014 WL 1340063 at *6; *see also* Cal. Civ. Proc. § 877.6; *Tech–Bilt, Inc. v. Woodward–Clyde & Associates,* 38 Cal.3d 488, 499 (1985). Other parties are entitled to notice of a motion seeking a good-faith determination. If a party seeks to dispute the good faith of a proposed settlement under the § 877.6 principles, the party must demonstrate that the settlement is "so far out of the ballpark" in relation to those factors that it is "inconsistent with the equitable objectives of the statute." *Tech-Bilt*, 38 Cal.3d at 499-500.

If the settlement is approved by the Court, OfficeMax is then entitled to receive a "bar order" giving OfficeMax protection from other parties – including the dismissal with prejudice of state and federal cross-claims brought by the City in this action. *Ameripride,* 2007 WL 1946635 at *5. As noted above, however, the interests of the City are protected. The UCFA regime provides that Georgia-

JOINT MOTION OF GEORGIA-PACIFIC AND OFFICEMAX FOR ORDER APPROVING SETTLEMENT AND BARRING CLAIMS AGAINST OFFICEMAX

CASE NO. 12-02797-WHO

Pacific's recovery against the remaining defendant shall be reduced not by the dollar amount of the settlement, but rather by the amount of OfficeMax's equitable and proportionate share of liability, as will be determined later by the Court in the allocation of recoverable costs and damages incurred by Georgia-Pacific. *Heim*, 2014 WL 1340063 at *6. Put another way, Georgia-Pacific bears the risk of "undersettling" with OfficeMax, since the Court will still assign shares to *each* party (including the absent Louisiana-Pacific and OfficeMax) at trial, and the City can only be held liable for its *own* proportionate shares. *See id.* If, however, another rule controls, and the claims of Georgia-Pacific are found to be reduced only by the amount of the settlement, then that result would be procedurally and substantially fair for at least two additional reasons. First, if the settlement is governed by the *pro tanto* rule, that is fair because the governing law then would be enforced to encourage settlements and reward those, like Georgia-Pacific, that take the initiative to settle their claims rather than continue protracted and costly litigation. Second, even under the *pro tanto* rule in a CERCLA case, the City still will be free to agree that it should be responsible under CERCLA only for its divisible share of the environmental injuries at the site, or the share of costs that may be traceable to its hazardous substances at the site – or even that it has no liability at all (although Georgia-Pacific does not believe the City has a credible defense to liability). Finally, because Georgia-Pacific will also dismiss its claims against the City, the City has no need to seek contribution from OfficeMax for the claims asserted by Georgia-Pacific.

**B.    The Court Should Approve the Agreement Between Georgia-Pacific and OfficeMax, Enter a Bar Order, and Dismiss All Claims By and Against OfficeMax**

The Agreement between Georgia-Pacific and OfficeMax was entered into in good faith, and is procedurally and substantively fair. This conclusion follows

6

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

naturally from consideration of the relevant factors.

First, the Agreement was reached after extensive arms-length negotiation involving outside and in-house counsel, guided initially by the work of a highly respected neutral mediator. By the date of the Agreement, the parties had engaged in litigation for a significant period of time, and had exchanged substantial discovery, including Georgia-Pacific's production of enormous quantities of documents. The fact discovery deadline was less than a month away. Many depositions have been taken by all parties in the case. Both parties wished to avoid the expense and uncertainty of litigation and were motivated by a desire for finality. *See* Agreement at 2.

The amount of the settlement payment is well within the reasonable range – the "ballpark" – of OfficeMax's potential equitable share at trial. The amount is not too low. Georgia-Pacific alleged that the pre-1973 operations at the plant were a significant source of the contaminants released at the Site. Thus, there was ample reason for Georgia-Pacific and OfficeMax to acknowledge, in their settlement amount, a risk that OfficeMax could be found liable and equitably responsible for a significant portion of investigation and cleanup costs at the Site. This is particularly true given the relatively large amount of investigation costs at the site, costs that a court could elect to apportion, in the exercise of its equitable discretion, on a per capita basis.

On the other hand, the settlement amount also is not unreasonably high. The amount represents close to 40 percent of Georgia-Pacific's claim for past costs of approximately $38 million, a figure that does not include Georgia-Pacific's future costs, which cannot be readily estimated given that a final remedy for the center of the site, the home of the mill pond and the center of the major sawmill operations, has yet to be selected.

A settlement will result in a dismissal of the entire case because Georgia-

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

7

JOINT MOTION OF GEORGIA-PACIFIC AND OFFICEMAX FOR ORDER APPROVING
SETTLEMENT AND BARRING CLAIMS AGAINST OFFICEMAX
CASE NO. 12-02797-WHO

Pacific and the City also have agreed to dismiss with prejudice their claims against each other.

## IV.    CONCLUSION

The Agreement contains payment and other terms that informed parties, in light of extensive available information, would consider reasonable.  Accordingly, and for the reasons stated above, Georgia-Pacific and OfficeMax jointly request that the Court enter an order (a) determining the Agreement has been made in good faith, (b) approving the settlement, (c) dismissing all claims by and against OfficeMax in this litigation, and (d) entering a bar order.  A proposed order accompanies this motion.

DATED:  September 25, 2014                Respectfully submitted,

| HUNTON & WILLIAMS LLP | Lewis Brisbois Bisgaard & Smith, LLP |
|---|---|
| By: /s/ Ann Marie Mortimer | By: /s/ R. Gaylord Smith |
| Ann Marie Mortimer (SBN 169077)<br>550 South Hope Street, Suite 2000<br>Los Angeles, California 90071-2627<br>Telephone:  (213) 532-2000<br>Facsimile:  (213) 532-2020<br>E-mail:  amortimer@hunton.com | R. Gaylord Smith (SBN _72726)<br>701 B Street, Suite 1900<br>San Diego, CA  92101<br>Telephone:  (619) 699-4975<br>Facsimile:  (619) 233-8627<br>E-mail:  Bob.Smith@lewisbrisbois.com |
| Jeffrey Martin  (Pro Hac Vice)<br>Harry M. "Pete" Johnson (Pro Hac Vice)<br>2200 Pennsylvania Avenue, NW<br>Washington, DC  20037<br>Telephone:  (202) 955-1552<br>E-mail:  jmartin@hunton.com<br>          pjohnson@hunton.com | Attorney for Defendant and Counter-Plaintiff<br>OFFICEMAX INCORPORATED |
| Attorneys for Plaintiff and<br>Counter-Defendant<br>GEORGIA-PACIFIC LLC | |

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

8

JOINT MOTION OF GEORGIA-PACIFIC AND OFFICEMAX FOR ORDER APPROVING SETTLEMENT AND BARRING CLAIMS AGAINST OFFICEMAX
CASE NO. 12-02797-WHO

# EXHIBIT B

DRAFT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

<table>
<tr><td>GEORGIA-PACIFIC LLC,<br>     Plaintiff,<br><br>     v.<br><br>OFFICEMAX INCORPORATED,<br>LOUISIANA-PACIFIC<br>CORPORATION, AND THE CITY OF<br>FORT BRAGG,<br>     Defendants.<br><br>────────────────────────<br><br>AND RELATED COUNTERCLAIMS<br>AND CROSSCLAIMS</td><td>CASE NO.: 12-02797-WHO<br><br>**[PROPOSED] ORDER APPROVING SETTLEMENT DISMISSING CERTAIN CLAIMS, AND BARRING CERTAIN CLAIMS AGAINST OFFICEMAX INCORPORATED**<br><br>*[Joint Motion for Order Approving Settlement and Declaration of Ann Marie Mortimer filed concurrently herewith]*<br><br>Judge: Hon. William H. Orrick<br>Hearing date: October 8, 2014<br>Hearing time: 2:00 p.m.<br>Courtroom 2, 17th Floor<br><br>**Complaint Filed: May 31, 2012<br>Amd. Comp. Filed: June 4, 2012<br>2nd Amd. Comp. Filed: May 21, 2013<br>3P Comp. Filed: August 30, 2012<br>1st Amd. 3P Comp. Filed: October 31, 2012**</td></tr>
</table>

Hunton & Williams LLP<br>550 South Hope Street, Suite 2000<br>Los Angeles, California 90071-2627

Having reviewed the Joint Motion of Georgia-Pacific LLC ("Georgia-Pacific") and OfficeMax Incorporated ("OfficeMax") for Order Approving Settlement and Barring Claims Against OfficeMax Incorporated (the "Motion"), and the Court having considered the accompanying Memorandum of Points and Authorities, and the response of defendant the City of Fort Bragg (the "City"), the Court makes the following determinations and rulings:

1.     The City has received notice of the Motion and has had an opportunity to oppose the relief sought by Georgia-Pacific and OfficeMax, and has not objected to it.

2.     The Court reserves judgment on the effect of the settlement upon the remaining claims asserted by Georgia-Pacific and the City against each other, although this issue may be moot in light of the settlement between Georgia-Pacific and the City.

3.     The Court further finds that it can and should be guided by the provisions of Cal. Civ. P. § 877.6 in determining the good faith and the effect of the Agreement, including with respect to state law claims asserted in this action.

4.     Pursuant to the foregoing authority, the Court has determined that the Agreement has been reached in good faith, is reasonable, is procedurally and substantively fair, and is consistent with the purposes of CERCLA.

5.     The Court reaches this conclusion because the Court finds that the Agreement (a) results from arms-length negotiations involving three separate mediation sessions with a respected neutral mediator; (b) comes in the wake of substantial litigation and discovery that informed the negotiating parties; (c) flows in part from the parties' desire to avoid the expense and uncertainty of litigation; (d) was motivated by a desire for finality; (e) is within the reasonable range of OfficeMax's proportional share of the liability and exposure at issue; and (f) shows no evidence of collusion or fraud.

6.    Accordingly, Georgia-Pacific's claims against OfficeMax, and OfficeMax's claims against Georgia-Pacific, are hereby dismissed with prejudice, and without costs or fees to any party.

7.    Pursuant to Section 6 of UCFA and Section 877.6 of the California Code of Civil Procedure, and other than claims specifically reserved by Georgia-Pacific in the Agreement against the City, any and all claims against OfficeMax arising out of the facts alleged in the Second Amended Complaint in this Action, or arising out of the facts alleged by the City in connection with its cross-claims, regardless of when such claims are asserted or by whom, are barred. Such claims are barred regardless of whether they are brought pursuant to CERCLA or pursuant to any other federal or state statute or common law.

8.    Any and all claims asserted by or against OfficeMax in this action are hereby dismissed with prejudice, and without costs or fees to any party.

IT IS SO ORDERED.

DATED: _____                    _____
                                         Hon. William H. Orrick
                                         United States District Judge

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

[PROPOSED] ORDER APPROVING SETTLEMENT, DISMISSING CERTAIN CLAIMS, AND BARRING CERTAIN CLAIMS AGAINST OFFICEMAX INCORPORATED
CASE NO. 12-02797-WHO